RECEIVED
AND FILED

2017 JAN 26  PM 12: 01

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Marc J. Randazza, et al., | 2:12-cv-02040-JAD-PAL |
| Plaintiffs | **Order Granting in Part Motion to Refer Case to Bankruptcy Court** |
| v. | [ECF No. 306] |
| Crystal L. Cox, et al., | |
| Defendants | |

Along with his wife and daughter, Marc Randazza is a plaintiff/counter-defendant in this case, he is also the debtor-in-possession in a Chapter 11 bankruptcy case pending before the U.S. Bankruptcy Court for the District of Nevada.[1]  He asks me to refer the entirety of this case to the bankruptcy court and to lift the stay pending his interlocutory Ninth Circuit appeal for the limited purpose of making that referral.[2]

In deciding whether to refer a matter to the bankruptcy court, the district court first determines if the bankruptcy court has subject-matter jurisdiction.  If jurisdiction exists, then the district court decides if good cause exists to refer that matter to the bankruptcy court.  I find that jurisdiction does not bar referral here because Marc has established that his claims and Cox's counterclaims fall under the bankruptcy court's "related to" jurisdiction, and that the bankruptcy court has supplemental jurisdiction over his wife and daughter's claims.  I find that good cause exists to refer Cox's counterclaims to the bankruptcy court, but I do not find that it exists to refer any of the Randazzas' claims to that court.  Accordingly, I grant Marc's motion to refer Cox's counterclaims to the bankruptcy court, temporarily lift the stay pending appeal for the limited purpose of making that referral, and I deny the motion in all other respects.

---

[1] *In re Marc John Randazza*, No. 15-14956 (Bankr. D. Nev., filed Aug. 28, 2015).

[2] ECF No. 306.

| | |
|---|---|
| 1 | **Background** |
| 2 | Marc, Jennifer, and Natalia Randazza allege that they were harassed online and sue |
| 3 | Crystal Cox and Eliot Bernstein[3] for violating cyberpiracy and cybersquatting protections, the |
| 4 | Randazzas' rights to publicity and seclusion, and also for civil conspiracy.[4] The defendants are |
| 5 | temporarily enjoined from registering or trafficking in any domain name containing, operating or |
| 6 | maintaining any website containing, or using in commerce any of the plaintiffs' names or similar |
| 7 | variations of them.[5] Cox filed a counter-complaint; what remains of it are her counterclaims |
| 8 | against Marc for defamation and legal malpractice, which are the subject of a pending Ninth |
| 9 | Circuit appeal.[6] |
| 10 | Discovery in this case is closed and has been for some time.[7] I denied the Randazzas' |
| 11 | motion for summary judgment on their claims against Cox, finding that genuine issues of fact |
| 12 | precluded summary judgment and that their claim for violations of the common-law right of |
| 13 | publicity was untenable.[8] Cox moved for summary judgment on her original counter-complaint, |
| 14 | which I denied as moot because she had filed an amended complaint that superseded her original |
| 15 | pleading.[9] Cox then moved for summary judgment on the Randazzas' claims, which I denied |
| 16 | without prejudice due to the stay pending Marc's appeal.[10] No jury demand has been filed. |
| 17 | |
| 18 | |
| 19 | ——————————— |
| 20 | [3] Bernstein has not appeared or otherwise answered the Randazzas' allegations. |
| 21 | [4] ECF No. 1. |
| 22 | [5] ECF Nos. 14, 41. |
| 23 | [6] *Compare* ECF No. 24 *with* ECF Nos. 208, 213. |
| 24 | |
| 25 | [7] *See* ECF No. 215. |
| 26 | [8] ECF No. 200. |
| 27 | [9] *Id.* |
| 28 | [10] ECF No. 272. |

Marc filed his voluntary petition under Chapter 11 of the Bankruptcy Code on August 28, 2015.[11] Jennifer Randazza is not listed as a co-debtor.[12] One month later, Cox filed a motion objecting to the discharge of Marc's potential debt on Cox's claims in this case.[13] Cox also filed a proof of claim arising from her claims against Marc in this case.[14] A few days after that, Marc commenced an adversary proceeding against Cox in which he objects to her proof of claim, seeks declaratory relief as to dischargeability and Cox's objection to discharge, and asserts claims for abuse of process and civil extortion.[15]

Cox's counterclaims against Marc in this case were automatically stayed under 11 U.S.C. § 362 upon the filing of Marc's voluntary bankruptcy petition. None of the Randazzas' claims against Cox are stayed under § 362.[16] But I did stay the entirety of this case pending Marc's appeal of my denial of his motion to dismiss Cox's counterclaims under Nevada's anti-SLAPP law (NRS 41.660).[17] Marc's appeal is stayed under § 362.[18]

---

[11] *See* ECF No. 295.

[12] *See* ECF No. 306-1 at 2.

[13] ECF No. 306-1 at 16–22.

[14] *Id.* at 24–26.

[15] ECF No. 306-1 at 28–54; *Marc John Randazza v. Crystal L. Cox*, Adv. No. 16-01111, at ECF No. 6 (Bankr. D. Nev., filed Oct. 6, 2016) (first amended complaint).

[16] *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 874–75 (9th Cir. 2011) (citations omitted) (providing that the automatic stay "does not prevent a plaintiff/debtor from continuing to prosecute its own claims" and also "does not protect non-debtor parties or their property").

[17] ECF Nos. 265 (stay order), 276 (order lifting stay), 293 (order reinstating stay), 302 (order lifting stay), 303 (order reinstating stay); *Randazza v. Cox*, No. 15-15610 (9th Cir. March 31, 2015).

[18] *Randazza v. Cox*, No. 15-15610, at ECF No. 19 (9th Cir., filed on Oct. 17, 2016) (confirming that the stay of the appellate proceeding remains in effect under 11 U.S.C. § 362).

3

**Discussion**

In deciding whether to refer a matter to the bankruptcy court, the district court first determines whether the bankruptcy court has subject-matter jurisdiction.  If subject-matter jurisdiction exists, the district court then weighs the factors that are typically considered in deciding whether to withdraw a matter that has been referred to the bankruptcy court.

**A.    Subject-matter jurisdiction**

"The burden of establishing subject[-]matter jurisdiction rests on the party asserting that the court has jurisdiction."[19]  "Like all federal courts, the jurisdiction of bankruptcy courts is created and limited by statute."[20]  "Bankruptcy courts have subject[-]matter jurisdiction over proceedings 'arising under title 11, or arising in or related to cases under title 11.'"[21] "Proceedings 'arising under' title 11 involve causes of action created or determined by a statutory provision of that title.  Similarly, proceedings 'arising in' title 11 are not those created or determined by the bankruptcy code, but which would have no existence outside of a bankruptcy case."[22]  Proceedings "related to" bankruptcy include "(1) causes of action owned by the debtor [that] become the property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties [that] have an effect on the bankruptcy estate."[23]

In the pre-confirmation context, "[a] bankruptcy court's 'related to' jurisdiction is very broad, including nearly every matter directly or indirectly related to the bankruptcy."[24]  In

---

[19] *In re Wilshire Courtyard*, 729 F.3d 1279, 1284 (9th Cir. 2013) (citing *McNutt v. GM Acceptance Corp.*, 298 U.S. 178, 182–83 (1936)).

[20] *Id.* at 1284–85 (citations omitted).

[21] *Id.* at 1285 (quoting 28 U.S.C. § 1334(b)).

[22] *Id.* (internal citations omitted).

[23] *Celotex Corp. v. Edwards*, 514 U.S. 300, 307–08 n.5 (1995).

[24] *In re Wilshire Courtyard*, 729 F.3d at 1297 (quoting *Sasson v. Sokoloff*, 424 F.3d 864, 868 (9th Cir. 2005) (internal quotation marks omitted)).

4

1  deciding whether a civil proceeding is "related to bankruptcy," the Ninth Circuit applies the test
2  articulated by the Third Circuit:

> The usual articulation of the test for determining whether a civil
> proceeding is related to bankruptcy is whether *the outcome of the
> proceeding could conceivably have any effect on the estate being
> administered in bankruptcy.* Thus, the proceeding need not
> necessarily be against the debtor or against the debtor's property.
> An action is related to bankruptcy if the outcome could alter the
> debtor's rights, liabilities, options, or freedom of action (either
> positively or negatively) and which in any way impacts upon the
> handling and administration of the bankruptcy estate.[25]

8       Congress authorized district courts to refer proceedings arising under title 11 or arising in
9  or related to a case under title 11 to the bankruptcy courts.[26]  Bankruptcy courts may hear those
10  types of proceedings, "and if the particular action involves a 'core proceeding' as defined in 28
11  U.S.C. § 157(b)(2), it may enter 'appropriate orders and judgments subject to [appellate] review
12  under section 158 of [title 11].'"[27]  It is for the bankruptcy court to decide whether a proceeding
13  is core or non-core.[28]

14       Marc argues that the bankruptcy court has related-to jurisdiction over his claims and
15  Cox's counterclaims.[29]  Marc's pre-petition claims against Cox are property of his bankruptcy
16  estate under 11 U.S.C. § 541[30] and, thus, fall under the bankruptcy court's related-to

---

[25] *In re Feitz*, 852 F.2d 455, 457 (9th Cir. 1988) (emphasis in original) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), *overruled in part on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995)).

[26] 28 U.S.C. § 157(a).

[27] *In re Deitz*, 760 F.3d 1038, 1043 (9th Cir. 2014) (quoting 28 U.S.C. § 157(b)(1)).

[28] *Executive Benefits Ins. Agency v. Arkison*, — U.S. —, 134 S.Ct. 2165, 2171 (2014) (citing 28 U.S.C. § 157(b)(3); FED. R. BANKR. PROC. 7012).

[29] *See* ECF No. 306 at 10–11.

[30] *See Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001) (citing *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 708 (9th Cir. 1986)).

5

jurisdiction.[31]  Cox's counterclaims also fall under the bankruptcy court's related-to jurisdiction because their outcome could conceivably alter Marc's liabilities and impact the handling and administration of his bankruptcy estate.[32]  The bankruptcy court thus has related-to jurisdiction over Marc's claims and Cox's counterclaims.

Marc argues that, because the bankruptcy court has related-to jurisdiction over his claims against Cox, it has supplemental jurisdiction under 28 U.S.C. § 1367 over the same claims that Jennifer and Natalia Randazzas have alleged against Cox.[33]  Under 28 U.S.C. § 1367, "district courts have 'supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'"[34]  The Ninth Circuit has "applied § 1367 to bankruptcy claims, even when the subject[-]matter jurisdiction is based on 'related to' bankruptcy jurisdiction."[35]

Subject-matter jurisdiction here is based on the bankruptcy court's related-to jurisdiction over Marc's claims and Cox's counterclaims.  I find that Jennifer and Natalia's claims are so intertwined with Marc's claims that, in the usual course, they would be resolved in a single proceeding; they are, in fact, identical and arise from the same set of facts.  Because Jennifer and Natalia's claims form part of the same case or controversy under Article III as Marc's claims, the bankruptcy court can "properly exercise supplemental jurisdiction over [Jennifer and Natalia's] claims."[36]  Accordingly, I find that Marc has met his burden of establishing that the bankruptcy court has jurisdiction to hear all of the claims and counterclaims in this case.

---

[31] *Celotex Corp.*, 514 U.S. at 307–08 n.5.

[32] *See In re Feitz*, 852 F.2d at 457.

[33] ECF No. 306 at 11.

[34] *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005) (quoting 28 U.S.C. § 1367).

[35] *Id.*

[36] *See id.* at 1194–95.

**B.      Cause for referral to the bankruptcy court**

In determining whether cause exists to withdraw a matter that has been referred to the bankruptcy court, "a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."[37]  I find that these factors are also applicable when a district court is asked to refer a matter that is pending before it to the bankruptcy court.

Marc argues that referring Cox's counterclaims against him to the bankruptcy court is judicially efficient because it would allow the bankruptcy court to make a "unified determination" as to liability and damages on those counterclaims, and also as to the dischargeability of Marc's potential debt on those claims.  "[T]here are two distinct issues" that bankruptcy courts consider in making a determination regarding the dischargeability of a debt: (1) "the establishment of the debt itself" and (2) "a determination of the nature of that debt"—whether it is dischargeable or not.[38]  The establishment of the debt itself necessarily entails deciding issues of liability and damages.[39]

Marc's logic appears sound: in determining the dischargeability of Marc's debt on Cox's counterclaims against him for attorney malpractice and defamation, the bankruptcy court will have to resolve questions of liability and might also have to resolve questions of damages.  As a result, referring Cox's counterclaims to the bankruptcy court will allow the issues of liability, damages, and dischargeability to be resolved in a single proceeding.  Referral, therefore, should result in judicial efficiency, less delay and costs to the parties, and promote the uniformity of

---

[37] *Sec. Farms v. Int'l Broth. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)).

[38] *Banks v. Gill Dist. Centers, Inc.*, 263 F.3d 862, 868 (9th Cir. 2001) (citing *In re McKendry*, 40 F.3d 331, 337 (10th Cir. 1994)).

[39] *In re Valle*, 469 B.R. 35 (Bankr. D. Idaho 2012); *see In re Kennedy*, 108 F.3d 1015, 1017–18 (9th Cir. 1997) (holding that bankruptcy courts have jurisdiction to enter monetary judgments against debtors in connection with "finding that the debt was non-dischargeable").

7

bankruptcy administration.[40] I thus find that cause exists to refer Cox's counterclaims against Marc to the bankruptcy court.

A more difficult question is whether cause exists to refer the Randazzas' claims to the bankruptcy court. It appears those claims might have questions of fact and evidence in common with the civil extortion claim that Marc filed in his adversary proceeding. So, having a single court decide all of the matters between this case and the adversary proceeding could result in judicial efficiency and less delay and costs to the parties. But unlike Cox's counterclaims, I have already ruled on a summary judgment motion as to the Randazzas' claims and, thus, I am more familiar with those claims. I am not convinced that referring the Randazzas' claims to the bankruptcy court is an efficient allocation of judicial resources at this stage. Nor do I see any potential cost- or delay-saving benefit that the parties will gain by referral at this time: all that remains of the Randazzas' claims are currently stayed pending Marc's appeal, which, in turn, is stayed by operation of § 362. Finally, the Randazzas' claims do not touch on bankruptcy law, so referring them to the bankruptcy court will not promote uniformity of bankruptcy administration. Thus, I do not find that cause exists to refer the Randazzas' claims to the bankruptcy court.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that **Marc Randazza's motion to lift the stay pending appeal and refer claims to the bankruptcy court [ECF No. 306] is GRANTED in part**: Crystal Cox's counterclaims against Marc for defamation and legal malpractice are **REFERRED** to the bankruptcy court and the stay pending appeal is temporarily **LIFTED** for the limited purpose of making that referral. Marc's motion is **DENIED** in all other respects.

DATED: December 2, 2016

Jennifer A. Dorsey
United States District Judge

---

[40] I find no evidence that forum shopping is a motive here.

8