1  LARSON ZIRZOW & KAPLAN, LLC
   ZACHARIAH LARSON, ESQ.
2  Nevada Bar No. 7787
   Email: zlarson@lzklegal.com
3  MATTHEW C. ZIRZOW, ESQ.
   Nevada Bar No. 7222
4  Email: mzirzow@lzklegal.com
   850 E. Bonneville Ave.
5  Las Vegas, Nevada 89101
   Tel:  (702) 382-1170
6  Fax:  (702) 382-1169
7
8  Attorneys for Plaintiff
9
10          UNITED STATES BANKRUPTCY COURT
            FOR THE DISTRICT OF NEVADA
11
12  In re:                          | Case No.: BK-S-15-14956-abl
                                     | Chapter 11
    MARC JOHN RANDAZZA,
13
                Debtor.
14
15  ─────────────────────────────
    MARC JOHN RANDAZZA, an individual,    | Adv. No. 17-1005-abl
16
                Plaintiff,               | **STATEMENT OF UNDISPUTED FACTS
17                                        AND REQUEST FOR JUDICIAL
    v.                                    NOTICE IN SUPPORT OF MOTION
18                                        FOR SUMMARY JUDGMENT**
    CRYSTAL L. COX, an individual,
19
                Defendant.              | Date:  April 24, 2018
20                                       | Time:  1:30 p.m.
21
         Plaintiff,[1] Marc John Randazza, as debtor and debtor in possession ("Mr. Randazza"),

22  hereby submits his Statement of Undisputed Facts pursuant to Local Rule 7056(a) in support of

23  his *Motion for Summary Judgment* (the "Motion") against Defendant, Crystal L. Cox ("Ms. Cox").

24  The undisputed facts in the chart below are taken verbatim from the Statement of Facts section of

25  the Motion, and the evidence cited in support of those facts are all citations to the relevant court

26

27  ────────────────

28  [1] Although Mr. Randazza is referred to as "Plaintiff" on the docket, the referred matter was the District Court
    counterclaim by Ms. Cox, as plaintiff-in-counterclaim.

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

dockets. Judicial notice is governed by Fed. R. Evid. 201, which concerns judicial notice of only adjudicative facts. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Documents that are part of the public record may be judicially noticed to show, for example, that a judicial proceeding occurred or that a document was filed in another court case. See Rosales-Martinez v. Palmer, 753 F.3d 890, 894 (9th Cir. 2014); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746, n.6 (9th Cir. 2006).

References to "ECF" are to the docket in Case No. 2:12-cv-2040-JAD-PAL (the "2040 Case") in the United States District Court for the District of Nevada (the "District Court"), references to "BK ECF" are to the docket in Mr. Randazza's Chapter 11 Case, references to "Adv. 16-1111 ECF" are to the docket in Adversary 16-1111, and references to "Adv. ECF" are to the docket in this Adversary Proceeding.

| NO. | UNDISPUTED FACTS | EVIDENCE |
|-----|------------------|----------|
| 1. | On November 28, 2012, Mr. Randazza, as well as his wife at the time, on behalf of themselves and their minor daughter (collectively, the "Randazzas"), filed a *Complaint* (the "2040 Complaint") (ECF 1) against Ms. Cox in the District Court, thereby commencing the 2040 Case. (RJN, Ex. 1, docket sheet). The 2040 Complaint arose out of Ms. Cox's registration and use of certain infringing internet domain names involving the Randazzas (the "Infringing Domain Names"). The Randazzas' 2040 Complaint alleged the following claims for relief: (a) violation of individual cyberpiracy protections - 15 U.S.C. § 8131; (b) cybersquatting - 15 U.S.C. § 1125(d); (c) right of publicity - NRS 597.810; (d) common law right of publicity; (e) common law right of intrusion upon seclusion; and (f) civil conspiracy. (Randazza Decl. ¶ 2). | (ECF 1)<br><br>(RJN, Ex. 1, docket sheet)<br><br><br><br><br><br><br><br><br><br><br>(Randazza Decl. ¶ 2) |

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

| NO. | UNDISPUTED FACTS | EVIDENCE |
|-----|------------------|----------|
| 2. | On January 3, 2013, Ms. Cox filed a counterclaim against almost seventy (70) parties, including against not only Mr. Randazza, but also Apple, National Public Radio, and Judge Navarro, among many others (ECF 24).   The Randazzas filed a motion to strike or, alternatively, to dismiss (ECF 48), and Ms. Cox responded (ECF 57 and 61) (Randazza Decl. ¶ 3). | (ECF 24) (ECF 48) (ECF 57 and 61) (Randazza Decl. ¶ 3) |
| 3. | Thereafter, Ms. Cox filed a 166-page purported amended counterclaim similar to her original one, thereby rendering her original counterclaim and the Randazzas' motion moot. (ECF 62).  The Randazzas again moved to strike (ECF 63) Ms. Cox's amended counterclaim, which was also briefed by the parties (ECF 66 and 68) (Randazza Decl. ¶ 4). | (ECF 62) (ECF 63) (ECF 66 and 68) (Randazza Decl. ¶ 4) |
| 4. | While these motions were pending, Ms. Cox moved for summary judgment on her amended counterclaim. (ECF 79).  Ms. Cox's motion became moot, however, when on February 22, 2013, Judge Navarro granted the Randazzas' motion to strike the amended counterclaim for violation of Rules 8(a)(2) and 14(a).  (ECF 89).  In spite of the foregoing, however, the District Court did allow Ms. Cox to refile her allegations as a separate complaint in another case as hereinafter set forth. (Randazza Decl. ¶ 5). | (ECF 79) (ECF 89) (Randazza Decl. ¶ 5) |
| 5. | On April 25, 2013, Ms. Cox also filed a non-specific motion for reconsideration of the striking of her counterclaim in the 2040 Case. (ECF 116).  The parties thereafter briefed this matter (ECF 123 and 124) (Randazza Decl. ¶ 6). | (ECF 116) (ECF 123 and 124) (Randazza Decl. ¶ 6) |
| 6. | On February 14, 2014, after reassignment of the 2040 Case to the Hon. Jennifer A. Dorsey, the District Court granted in part Ms. Cox's motion for reconsideration, thereby permitting Ms. Cox to file a proper counterclaim against Mr. Randazza.   (ECF 162) (Randazza Decl. ¶ 7). | (ECF 162) (Randazza Decl. ¶ 7) |
| 7. | On February 24, 2014, Ms. Cox filed a new counterclaim against Mr. Randazza (RJN, Ex. 2; ECF 164; Randazza Decl. ¶ 8). | (RJN, Ex. 2; ECF 164; Randazza Decl. ¶ 8) |

3

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

| NO. | UNDISPUTED FACTS | EVIDENCE |
|---|---|---|
| 8. | On March 12, 2014, Mr. Randazza moved to dismiss and to strike Ms. Cox's new counterclaim, which matter the parties briefed.  (ECF 179, 180, 185, 186, 191 and 192) (Randazza Decl. ¶ 9). | (ECF 179, 180, 185, 186, 191 and 192) (Randazza Decl. ¶ 9) |
| 9. | On May 21, 2014, Judge Dorsey denied the Randazzas' motion to strike and only granted their motion to dismiss Ms. Cox's counterclaims in part.  (RJN, Ex. 3; ECF 208).  The District Court also granted leave for Ms. Cox to again attempt amendment of her counterclaims against Mr. Randazza.  (Id.) (Randazza Decl. ¶ 10). | (RJN, Ex. 3; ECF 208)  (Randazza Decl. ¶ 10). |
| 10. | On June 2, 2014, Ms. Cox again sought leave to amend her counterclaim, which the parties briefed (ECF 209-212).  On July 8, 2014, the District Court denied Ms. Cox's motion for leave and dismissed her abuse of process counterclaim, but permitted her claims for defamation and legal malpractice against Mr. Randazza to proceed.  (RJN, Ex. 4; ECF 213) (Randazza Decl. ¶ 11) | (ECF 209-212)  (RJN, Ex. 4; ECF 213) (Randazza Decl. ¶ 11) |
| 11. | As a result of the foregoing, Ms. Cox's only counterclaims remaining in the 2040 Case against Mr. Randazza were for legal malpractice as plead in her February 21, 2014 counterclaim and for defamation (ECF 164), but as modified and edited by the Court's May 21, 2014 Order.  (ECF 208).  Ms. Cox's remaining counterclaims are referred to herein as the "2040 Counterclaims."  (Randazza Decl. ¶ 12). | (ECF 164) (ECF 208)  (Randazza Decl. ¶ 12) |
| 12. | On September 30, 2015, Ms. Cox, acting *pro se*, filed what she called an *Objection to Discharge of Debt* (the "Discharge Objection") (BK ECF 29) in Mr. Randazza's Chapter 11 Case; however, she did not file it as a complaint and thus it did not commence a separate adversary proceeding, nor did she seek, obtain, or serve a summons upon Mr. Randazza.  Instead, Ms. Cox's Discharge Objection was a fugitive, improper filing that she has never properly noticed or served on Mr. Randazza.  Ms. Cox's Discharge Objection made the same allegations as referenced in her 2040 Counterclaims pled in the 2040 Case. | (BK ECF 29) |

4

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

| NO. | UNDISPUTED FACTS | EVIDENCE |
|---|---|---|
| 13. | Also on September 9, 2015, Ms. Cox filed a *Proof of Claim* (the "Proof of Claim"), being claim No. 4-1, in Mr. Randazza's Chapter 11 Case in the amount of $10,000,000.00; however, she did not attach any supporting documentation to her Proof of Claim or any calculation as to how she arrived at her claim figure. Instead, the only indication of the alleged basis for her claim(s) was a general reference to the 2040 Case, and thus obviously to her 2040 Counterclaims. | Proof of Claim Register, Claim No. 4-1 |
| 14. | On October 5, 2016, Mr. Randazza instituted Adversary 16-1111 by filing his *Complaint* (Adv. 16-1111, ECF 1), which he thereafter amended as of right on October 16, 2016 by his *First Amended Complaint* (the "FAC") (Adv. 16-1111, ECF 6).   The FAC included claims in the form of an objection to Ms. Cox's Proof of Claim, a claim for declaratory relief dismissing her Discharge Objection, and claims against Ms. Cox for abuse of process and civil extortion.   As and for its requested relief, the FAC requested that Ms. Cox's Proof of Claim be disallowed in its entirety, that her Discharge Objection be dismissed with prejudice, that Mr. Randazza be awarded his fees and costs as an award of compensatory damages for Ms. Cox's abuse of process, and such other and further relief as the Court deems just and proper. | (Adv. 16-1111, ECF 1)<br><br>(Adv. 16-1111, ECF 6) |
| 15. | Ms. Cox failed to answer or otherwise plead to the FAC in the 16-1111 Adversary, nor did she ever appeared at any of the various hearings set by the Court.  (Adv. 16-1111, docket generally). | (Adv. 16-1111, docket generally). |
| 16. | On October 19, 2016, Mr. Randazza filed a motion to refer the entire 2040 Case to this Court (ECF 306), which the District Court, Judge Dorsey, granted in part on December 2, 2016, by referring only Ms. Cox's 2040 Counterclaims to this Court, not the entire 2040 Case, thus leaving Mr. Randazza's claims against Mr. Cox still pending before the District Court. (ECF 307; Adv. ECF No. 1).  The referred 2040 Counterclaim was thereafter docketed in this Court as the instant Adversary Proceeding (No. 17-1005), and thus as a separate adversary proceeding from Adversary 16-1111. | (ECF 306)<br><br>(ECF 307; Adv. ECF No. 1) |

| NO. | UNDISPUTED FACTS | EVIDENCE |
|---|---|---|
| 17. | On June 13, 2017, the Clerk made an *Entry of Default* against Ms. Cox in Adversary 16-1111 (Adv. 16-1111, ECF 20), and Mr. Randazza gave *Notice of Entry of Default* to Ms. Cox that same day (Adv. 16-1111, ECF 21). | (Adv. 16-1111, ECF 20)<br><br>(Adv. 16-1111, ECF 21) |
| 18. | On December 6, 2017, the Court entered an order granting Mr. Randazza's motion for entry of a default judgment in Adversary 16-1111 (the "Default Order") (Adv. 16-1111, ECF 44) and a *Judgment by Default* (the "Default Judgment") (Adv. 16-1111, ECF 45), which held, among other matters, as follows: (a) as to the First Claim for Relief in the FAC, Ms. Cox' Proof of Claim, being Claim No. 4-1, filed in Mr. Randazza's Chapter 11 Case was disallowed in full; (b) as to the Second Claim for Relief in the FAC, Ms. Cox's Discharge Objection against Mr. Randazza is dismissed with prejudice; and (c) to the Third Claim for Relief in the FAC for abuse of process, Mr. Randazza is awarded against Ms. Cox compensatory damages in the amount of $411,582.59 and punitive damages in the amount of $41,158.00, for a total judgment in the amount of $452,740.59. | (Adv. 16-1111, ECF 44)<br>(Adv. 16-1111, ECF 45) |
| 19. | Ms. Cox thereafter filed a motion for reconsideration of the Default Order and/or the Default Judgment in Adversary 16-1111, a request to set aside the default, and an appeal that is currently pending before the Bankruptcy Appellate Panel (Adv. 16-1111, ECF 47, 51-57, 63, 65 and 68), however, she has never set any of those matters filed before this Court for hearing. There is also no stay entered as to the Default Order and the Default Judgment, and thus those decisions are fully effective and enforceable as a final order and final judgment. | (Adv. 16-1111, ECF 47, 51-57, 63, 65 and 68) |

Dated: February 23, 2018.

By:    /s/ Matthew C. Zirzow
    LARSON ZIRZOW & KAPLAN, LLC
    ZACHARIAH LARSON, ESQ.
    Nevada Bar No. 7787
    MATTHEW C. ZIRZOW, ESQ.
    Nevada Bar No. 7222
    850 E. Bonneville Ave.
    Las Vegas, Nevada 89101

    Attorneys for Plaintiff

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

# EXHIBIT 1

# United States District Court
## District of Nevada (Las Vegas)
## CIVIL DOCKET FOR CASE #: 2:12-cv-02040-JAD-PAL

Randazza et al v. Cox et al

Assigned to: Judge Jennifer A. Dorsey

Referred to: Magistrate Judge Peggy A. Leen

  Case: 2:13-cv-00297-MMD-VCF

Case in other court: Ninth, 15-15610

Cause: 15:1125 Trademark Infringement (Lanham Act)

Date Filed: 11/28/2012

Jury Demand: None

Nature of Suit: 840 Trademark

Jurisdiction: Federal Question

**Plaintiff**

**Marc J Randazza**
                                  represented by    **F. Christopher Austin**
Weide & Miller, Ltd.
10655 Park Run Drive
Suite 100
Las Vegas, NV 89144
702-382-4804
Fax: 702-382-4805
Email: caustin@weidemiller.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter C Brown**
Bremer Whyte Brown & Omeara
1160 N Town Center Drive
Suite 250
Las Vegas, NV 89144
702-258-6665
Fax: 702-258-6662
Email: pbrown@bremerandwhyte.com
*TERMINATED: 05/22/2015*

**Theresa M Haar**
3625 S. Town Center Dr., Ste, 150
Las VEgas, NV 89135
702-420-2001
Email: tmh@randazza.com
*TERMINATED: 05/22/2015*

**Ronald D Green , Jr**
Randazza Legal Group, PLLC
4035 S. El Capitan Way
Las Vegas, NV 89147

(702) 420-2001
Fax: (305) 437-7662
Email: rdg@randazza.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jennifer Randazza**                    represented by    **F. Christopher Austin**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Peter C Brown**
                                                           (See above for address)
                                                           *TERMINATED: 05/22/2015*

                                                           **Theresa M Haar**
                                                           (See above for address)
                                                           *TERMINATED: 05/22/2015*

                                                           **Ronald D Green , Jr**
                                                           (See above for address)
                                                           *PRO HAC VICE*
                                                           *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Natalia Randazza**                     represented by    **F. Christopher Austin**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Theresa M Haar**
                                                           (See above for address)
                                                           *TERMINATED: 05/22/2015*

                                                           **Ronald D Green , Jr**
                                                           (See above for address)
                                                           *PRO HAC VICE*
                                                           *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Crystal L. Cox**                       represented by    **Crystal L. Cox**
*Crystal@crystalcox.com or*                                2753 NW 34th St.
*SavvyBroker@yahoo.com*                                    Boca Raton, FL 33434
                                                           PRO SE

**Defendant**

**Eliot Bernstein**

**Counter Claimant**

**Crystal L. Cox**                                  represented by  **Crystal L. Cox**
*Crystal@crystalcox.com or*                                        PO Box 2027
*SavvyBroker@yahoo.com*                                            Port Townsend, WA 98368
*TERMINATED: 02/22/2013*                                          PRO SE


V.

**Counter Defendant**

**Ronald Green**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Kenneth P. White**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Randazza Legal Group**                            represented by  **F. Christopher Austin**
*TERMINATED: 02/22/2013*                                           (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Brown, White and Newhouse Law Firm**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Kashmir Hill**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**GoDaddy, Inc.**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Bob Parsons**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Tomkon Torp Law Firm**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**David S. Aman**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Michael Morgan**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Steven Wilker**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Proskauer Rose Law Firm**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Kenneth Rubenstein**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Allen Fagin**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Gregg Mashberg**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Jenifer DeWolf Paine**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Joseph Lecesse**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Obsidian Finance Group**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**David W. Brown**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Kevin D. Padrick**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**WIPO**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Francis Gurry**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Erik Wilbers**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Peter L. Michaelson**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**New York Times**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**David Carr**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Philly Law Blog**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Jordan Rushie**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Leo M. Mulvihill, Jr.**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Mulvihill & Rushie, LLC**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Greenberg Traurig Law Firm**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**SaltyDroid**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Jason Jones**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Janine Robben**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Liberty Media Holdings LLC**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**John C. Malone**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Corbin Fisher**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**NPR**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Bob Garfield**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**New York Public Radio, New York**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Tracy L. Coenen**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Mark Bennett**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**blog.bennettandbennett.com**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Bennett and Bennett**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Scott H. Greenfield**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Carlos Miller**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**John Calkins Sony**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Eric Turkewitz**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Turkewitz Law Firm**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**NewYorkPersonalInjuryAttorneyBlog.com**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**blog.simplejustice.us**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**PhotographyisNotaCrime.com**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Roxanne Grinage**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**HireLyrics**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Sean Boushie**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**University of Montana**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Royce Egnstrom**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Taylor Kai Groenke**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Martin Cain**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Dylan Energy**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Apple**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Steve Dowling**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Bruce Sewell**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Doug Chey**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Douglas D. Chey**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Tim Vawter**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Protection Group Video**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Gloria M. Navarro**
*personally and professionally*
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Simple Justice**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Jessica Griffin**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Bernie Cassidy**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Eliot Bernstein**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Forbes, Inc.**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Tonkon Torp Law Firm**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Oregon State Bar Bulletin**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**XBIZ**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Manwin Business Corporation**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**SequenceInc.com**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Matthew M. Triggs**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Royce Engstrom**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Daniel Staton**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Marshall Ross**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Multnomah County Sheriff's Office**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Intel Corp.**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Steven Rodgers**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Mark Vena**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**David Wang**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Synaptics**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Bret Sewell**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Edward Kwakwa**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**P. Stephen Lamont**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Ari Bass**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Sean Tompkins**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Free Speech Coalition**
*TERMINATED: 02/22/2013*

**Counter Defendant**

**Diana Duke**
*TERMINATED: 02/22/2013*

**Counter Defendant**

| | | |
|---|---|---|
| **Jennifer Randazza**<br>*TERMINATED: 02/22/2013* | represented by | **F. Christopher Austin**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Ronald D Green , Jr**<br>(See above for address)<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

**Counter Defendant**

| | | |
|---|---|---|
| **Marc J Randazza**<br>*TERMINATED: 02/22/2013* | represented by | **F. Christopher Austin**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Ronald D Green , Jr**<br>(See above for address)<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

**Counter Defendant**

| | | |
|---|---|---|
| **Natalia Randazza**<br>*TERMINATED: 02/22/2013* | represented by | **F. Christopher Austin**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Ronald D Green , Jr**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Crystal L. Cox**
*Crystal@crystalcox.com or*
*SavvyBroker@yahoo.com*

V.

**Counter Defendant**

**Randazza Legal Group**        represented by   **F. Christopher Austin**
*TERMINATED: 05/21/2014*                       (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Marc J Randazza**                 represented by   **F. Christopher Austin**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Anthony T. Garasi**
                                                     Bremer Whyte Brown & O'Meara, LLP
                                                     1160 N Town Center Drive
                                                     Suite 250
                                                     Las Vegas, NV 89144
                                                     702-258-6665
                                                     Fax: 702-258-6662
                                                     Email: agarasi@bremerandwhyte.com
                                                     *TERMINATED: 10/07/2014*

                                                     **Jared G Christensen**
                                                     Bremer Whyte Brown & Omeara
                                                     1160 N Town Center Dr., Ste. 250
                                                     Las Vegas, NV 89144
                                                     702-258-6665
                                                     Fax: 702-258-6665
                                                     Email: jchristensen@bremerwhyte.com
                                                     *TERMINATED: 12/30/2014*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Peter C Brown**
                                                     (See above for address)
                                                     *TERMINATED: 05/22/2015*

Ronald D Green , Jr
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/28/2012 | 1 | COMPLAINT against Eliot Bernstein, Crystal L Cox (Filing fee $ 350 receipt number 0978-2617170), filed by Marc J Randazza, Natalia Randazza, Jennifer Randazza. Certificate of Interested Parties due by 12/8/2012. Proof of service due by 3/28/2013. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Civil Cover Sheet, # 11 Summons for Crystal L. Cox, # 12 Summons for Eliot Bernstein) (Green, Ronald) (Entered: 11/28/2012) |
| 11/28/2012 | 2 | EX PARTE MOTION for Temporary Restraining Order and MOTION for Preliminary Injunction by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Motion ripe 11/28/2012. (Attachments: # 1 Declaration of Marc J. Randazza, # 2 Declaration of Laura Tucker, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Proposed Order)(Green, Ronald) (Entered: 11/28/2012) |
| 11/29/2012 | | Case assigned to Judge Gloria M. Navarro and Magistrate Judge Peggy A. Leen. (ASB) (Entered: 11/29/2012) |
| 11/29/2012 | 3 | NOTICE PURSUANT TO LOCAL RULE IB 2-2: In accordance with 28 USC § 636(c) and FRCP 73, the parties in this action are provided with a link to the "AO 85 Notice of Availability, Consent, and Order of Reference - Exercise of Jurisdiction by a U.S. Magistrate Judge" form on the Court's website - www.nvd.uscourts.gov. **Consent forms should NOT be electronically filed.** Upon consent of all parties, counsel are advised to manually file the form with the Clerk's Office. A copy of form AO 85 has been mailed to parties not receiving electronic service. **(no image attached)** (ASB) (Entered: 11/29/2012) |
| 11/29/2012 | 4 | Summons Issued as to Eliot Bernstein, Crystal L Cox. (ASB) (Entered: 11/29/2012) |
| 11/29/2012 | 5 | AO 120 - REPORT on the filing or determination of an action regarding a patent or trademark. E-mailed to the US Patent and Trademark Office. (Attachments: # 1 Complaint) (ASB) (Entered: 11/29/2012) |
| 11/30/2012 | 6 | **SUPPLEMENT** re: 2 EX PARTE MOTION for Temporary Restraining Order filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Attachments: # 1 Exhibit A)(Green, Ronald) Event modified, wrong event selected by attorney. (RFJ) (Entered: 11/30/2012) |
| 12/10/2012 | 7 | CERTIFICATE of Interested Parties filed by Jennifer Randazza, Marc J Randazza, Natalia Randazza. There are no known interested parties other than those participating in the case. (Green, Ronald) (Entered: 12/10/2012) |

| 12/10/2012 | 8 | RESPONSE to 6 SUPPLEMENT re: 2 EX PARTE MOTION for Temporary Restraining Order. (Attachments: # 1 Cover Letter)(SLD) (Entered: 12/10/2012) |
|---|---|---|
| 12/10/2012 | 9 | MOTION to File Electronically by Defendant Crystal L Cox. Responses due by 12/27/2012. (SLD) (Entered: 12/10/2012) |
| 12/11/2012 | | **Notice of Docket Correction** to 6 Supplemental EX PARTE MOTION: ERROR: Wrong event selected by attorney **Ronald D Green, Jr**. *Counsel advised in the future please file documents in accordance with Special Order 109 filing procedures, to properly set or terminate schedule deadlines and to prevent delay in the timely filing of documents.*<br><br>CORRECTION: Court modified event as 6 SUPPLEMENT re: 2 EX PARTE MOTION for Temporary Restraining Order.<br><br>(**no image attached**)(RFJ) (Entered: 12/11/2012) |
| 12/11/2012 | 10 | SUMMONS Returned Executed by Marc J Randazza, Natalia Randazza, Jennifer Randazza re 4 Summons Issued, 1 Complaint,,. Crystal L Cox served on 12/11/2012, answer due 1/1/2013. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Certificate of Service)(Green, Ronald) (Entered: 12/11/2012) |
| 12/12/2012 | 11 | ORDER Granting 9 Motion for CM/ECF Access. Ms. Cox must provide certification that she has completed the CM/ECF Tutorial on or before 1/11/13. Signed by Magistrate Judge Peggy A. Leen on 12/11/12. (Copies have been distributed pursuant to the NEF - EDS) (Entered: 12/12/2012) |
| 12/12/2012 | 12 | REPLY to Response to 2 MOTION for Temporary Restraining Order, 6 Supplement filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Green, Ronald) (Entered: 12/12/2012) |
| 12/13/2012 | 13 | NOTICE of Manual Filing by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza re 12 Reply to Response to Motion,. CD with Video Clip 1 Exh D for ECF #12: CD copy of Defendant Cox's video referenced in reply filed with the Clerk's Office. (Green, Ronald) (Entered: 12/13/2012) |
| 12/14/2012 | 14 | ORDER Granting 2 Motion for Temporary Restraining Order. Motion Hearing set for 1/7/2013 03:00 PM in LV Courtroom 7D before Judge Gloria M. Navarro re 2 Motion for Preliminary Injunction. Responses due by 12/28/2012. Replies due by 1/4/2013. Signed by Judge Gloria M. Navarro on 12/14/2012. (Copies have been distributed pursuant to the NEF - SLR) (Entered: 12/17/2012) |
| 12/17/2012 | 15 | CERTIFICATE of Cash Deposit on behalf of Plaintiffs: $ 3,200.00, receipt number NVLAS015885 (SLD) (Entered: 12/17/2012) |
| 12/21/2012 | 16 | MOTION to Strike *Exhibit* by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Responses due by 1/7/2013. (Green, Ronald) (Entered: 12/21/2012) |
| 01/03/2013 | 17 | SUMMONS Returned Executed by Marc J Randazza, Natalia Randazza, Jennifer Randazza re 1 Complaint,,. Eliot Bernstein served on 12/15/2012, answer due |

|            |     | 1/5/2013. (Green, Ronald) (Entered: 01/03/2013) |
|------------|-----|--------------------------------------------------|
| 01/03/2013 | 18 | CERTIFICATION of completion of cm/ecf tutorial by Crystal L Cox re 11 Order. (MMM) (Entered: 01/03/2013) |
| 01/03/2013 | 19 | MOTION for Judges and Clerks to Sign a Conflict of Interest Disclosure by Defendant Crystal L Cox. Responses due by 1/20/2013. (MMM) (Entered: 01/03/2013) |
| 01/03/2013 | 20 | MOTION Requesting the Recusal, Removal of District Judge Gloria M. Navarro by Defendant Crystal L Cox. Motion ripe 1/3/2013. (MMM) (Entered: 01/03/2013) |
| 01/03/2013 | 21 | MOTION Requesting Preservation of Evidence by Defendant Crystal L Cox. Responses due by 1/20/2013. (MMM) (Entered: 01/03/2013) |
| 01/03/2013 | 22 | MOTION to Request This Court Investigate Plaintiff Marc Randazza by Defendant Crystal L Cox. Responses due by 1/20/2013. (MMM) (Entered: 01/03/2013) |
| 01/03/2013 | 23 | **STRICKEN PER 89 ORDER (EDS)** ~~ANSWER to 1 Complaint, filed by Crystal L Cox. Certificate of Interested Parties due by 1/13/2013. Discovery Plan/Scheduling Order due by 2/17/2013.~~(MMM) (Entered: 01/04/2013) |
| 01/03/2013 | 24 | COUNTERCLAIM against Ronald Green, Kenneth P. White, Randazza Legal Group, White, White and Newhouse, Kashmir Hill, GoDaddy, Inc., Bob Parsons, Jessica Griffin Godaddy, Tomkon Torp Law Firm, David S. Aman, Michael Morgan, Steven Wilker, Proskauer Rose Law Firm, Kenneth Rubenstein, Allen Fagin, Gregg Mashberg, Jenifer DeWolf Paine, Joseph Lecesse, Obsidian Finance Group, David W. Brown, Kevin D. Padrick, WIPO, Francis Gurry, Erik Wilbers, Peter L. Michaelson, New York Times, David Carr, Philly Law Blog, Jordan Rushie, Leo M. Mulvihill, Jr, Mulvihill & Rushie, LLC, Greenberg Traurig Law Firm, SaltyDroid, Jason Jones, Janine Robben Oregon State Bar Bulletin, Liberty Media Holdings LLC, John C. Malone, Corbin Fisher, Manwin, NPR, Bob Garfield, New York Public Radio, New York, Tracy L. Coenen, Mark Bennett, blog.bennettandbennett.com, Bennett and Bennett, Scott H. Greenfield, Carlos Miller, John Calkins Sony, Eric Turkewitz, Turkewitz Law Firm, NewYorkPersonalInjuryAttorneyBlog.com, blog.simplejustice.us, PhotographyisNotaCrime.com, Roxanne Grinage, HireLyrics, Sean Boushie, University of Montana, Royce Egnstrom, Bernie Cassidy, Taylor Kai Groenke, Martin Cain, Dylan Energy, Apple, Steve Dowling, Bruce Sewell, Doug Chey, Douglas D. Chey, Tim Vawter, Protection Group Video, Gloria M. Navarro, Simple Justice, filed by Crystal L Cox. (MMM) (Entered: 01/04/2013) |
| 01/03/2013 | 25 | EXHIBIT LIST to 23 Answer to Complaint, 24 Counterclaim; filed by Defendant/Counter Claimant Crystal L Cox. (MMM) (Entered: 01/04/2013) |
| 01/03/2013 | 26 | MOTION to Extend Time to File Exhibit (First Request) re 23 Answer to Complaint, 24 Counterclaim, by Defendant/Counter Claimant Crystal L Cox. Motion ripe 1/3/2013. (MMM) (Entered: 01/04/2013) |
| 01/04/2013 | 27 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Gloria M. Navarro, on 1/4/2013. denying 22 Motion to Request This Court Investigate Plaintiff Marc Randazza. (Copies have been distributed pursuant to the NEF - SLR) (Entered: 01/04/2013) |

| 01/04/2013 | 28 | REPLY to Response to 2 MOTION for Temporary Restraining Order and MOTION for Preliminary Injunction filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Green, Ronald) (Entered: 01/04/2013) |
|---|---|---|
| 01/04/2013 | 29 | RESPONSE to 2 MOTION for Temporary Restraining Order and MOTION for Preliminary Injunction, 16 MOTION to Strike *Exhibit*, filed by Defendant Crystal L Cox. *Reply to Document 12* Replies due by 1/14/2013. (Attachments: # 1 Supplement Memorandum to Objection to TRO Relief, # 2 Supplement Conflict of Interest Declaration Request, # 3 Exhibit Exhibit D - Deposition Question Exhibit, # 4 Exhibit Exhibit TRO A - Marc Randazza asks for Money, # 5 Exhibit Exhibit TRO A - Marc Randazza Representation of Client Crystal Cox, # 6 Exhibit Exhibit TRO A - Regarding Marc Randazza representation of Crystal Cox, # 7 Exhibit Exhibit TRO A - eMail Randazza Claims as Cox Extorting Him, # 8 Exhibit Exhibit TRO B - Google as Publisher, Free Speech Rights, # 9 Exhibit Letter from Ron Green Regarding TRO)(Cox, Crystal) (Entered: 01/04/2013) |
| 01/05/2013 | 30 | REPLY to Response to 2 MOTION for Temporary Restraining Order and MOTION for Preliminary Injunction filed by Defendant Crystal L Cox. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 Exhibit, # 25 Exhibit, # 26 Exhibit, # 27 Exhibit, # 28 Exhibit, # 29 Exhibit, # 30 Exhibit, # 31 Exhibit, # 32 Exhibit, # 33 Exhibit, # 34 Exhibit, # 35 Exhibit, # 36 Exhibit, # 37 Exhibit, # 38 Exhibit, # 39 Exhibit, # 40 Exhibit, # 41 Exhibit, # 42 Exhibit, # 43 Exhibit, # 44 Exhibit, # 45 Exhibit, # 46 Exhibit, # 47 Exhibit, # 48 Exhibit, # 49 Exhibit, # 50 Exhibit, # 51 Exhibit, # 52 Exhibit, # 53 Exhibit, # 54 Exhibit, # 55 Exhibit, # 56 Exhibit, # 57 Exhibit, # 58 Exhibit, # 59 Exhibit, # 60 Exhibit, # 61 Exhibit, # 62 Exhibit, # 63 Exhibit, # 64 Exhibit, # 65 Exhibit, # 66 Exhibit, # 67 Exhibit, # 68 Exhibit, # 69 Exhibit , # 70 Exhibit, # 71 Exhibit, # 72 Exhibit, # 73 Exhibit, # 74 Exhibit, # 75 Exhibi, # 76 Exhibit, # 77 Exhibit, # 78 Exhibit, # 79 Exhibit, # 80 Exhibit, # 81 Exhibit, # 82 Exhibit, # 83 Exhibit, # 84 Exhibit, # 85 Exhibit, # 86 Exhibit, # 87 Exhibit, # 88 Exhibit, # 89 Exhibit, # 90 Exhibit, # 91 Exhibit, # 92 Exhibit, # 93 Exhibit)(Cox, Crystal) (Entered: 01/05/2013) |
| 01/06/2013 | 31 | MOTION to Strike 30 Reply to Response to Motion,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Responses due by 1/23/2013. (Green, Ronald) (Entered: 01/06/2013) |
| 01/06/2013 | 32 | RESPONSE to 31 MOTION to Strike 30 Reply to Response to Motion,,,,,,,,,,,,,,,,,,,,,,,,,,,,, 2 MOTION for Temporary Restraining Order and MOTION for Preliminary Injunction, 16 MOTION to Strike *Exhibit*, filed by Defendant Crystal L Cox. *Objection to Motion to Strike Defendant Crystal Cox's OBJECTION to Preliminary Injunction* Replies due by 1/16/2013. (Attachments: # 1 Supplement Addendum to Objection to Motion to Strike Defendant Crystal Cox's Objection to Preliminary Injunction, # 2 Exhibit Acknowledgement of Attempt To File Defendant Crystal Cox's Objection to Preliminary Injunction, # 3 Exhibit Plaintiff Served Defendant Crystal Cox's Objection to Preliminary Injunction, # 4 Exhibit |

| | | |
|---|---|---|
| | | Acknowledgement of Attempt To File Defendant Crystal Cox's Objection to Preliminary Injunction)(Cox, Crystal) (Entered: 01/06/2013) |
| 01/06/2013 | 33 | REPLY to Response to 31 MOTION to Strike 30 Reply to Response to Motion,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Green, Ronald) (Entered: 01/06/2013) |
| 01/06/2013 | 34 | REPLY to Response to 31 MOTION to Strike 30 Reply to Response to Motion,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, 2 MOTION for Temporary Restraining Order and MOTION for Preliminary Injunction filed by Defendant Crystal L Cox. *Objection to Motion to Strike, Objection to Preliminary Injunction and Objection in Reply to Defendant's Objection to Motion to Strike. Defendant Objection to Motion to Strike* (Attachments: # 1 Supplement Memorandum to Objection to Document 33 in Reply to Defendant's Objection to Motion to Strike. Defendant Objection to Motion to Strike, # 2 Exhibit PDF File of System Error in Loading Exhibits to attach to Complaint Answer)(Cox, Crystal) (Entered: 01/06/2013) |
| 01/07/2013 | 35 | MINUTES OF PROCEEDINGS - Motion Hearing held on 1/7/2013 before Judge Gloria M. Navarro. Crtrm Administrator: *Michael Zadina*; Pla Counsel: *Ronald Green*; Def Counsel: *None present*; Court Reporter/FTR #: *Araceli Bareng*; Time of Hearing: *3:49-4:09 a.m.*; Courtroom: *7D*;<br><br>The Court makes preliminary remarks and hears representations from Mr. Green regarding the 2 Motion for Preliminary Injunction. IT IS ORDERED that 19 Motion for Judges and Clerks to Sign a Conflict of Interest Disclosure is DENIED; 20 Motion Requesting the Recusal, Removal of District Judge is DENIED; 31 Motion to Strike Defendant Cox's Reply to Response is DENIED; and 2 Motion for Preliminary Injunction is GRANTED. Mr. Green shall file a proposed order consistent with the Court's ruling.<br><br>(Copies have been distributed pursuant to the NEF - MJZ) (Entered: 01/08/2013) |
| 01/08/2013 | 36 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Gloria M. Navarro, on 1/8/2013. By Deputy Clerk: Michael Zadina.<br><br>This case has been assigned to the Honorable Gloria M. Navarro. Judge Navarro's Chambers Practices, which are posted on the U.S. District Court, District of Nevada public website, may also be accessed directly via this hyperlink: www.nvd.uscourts.gov<br><br>**(no image attached)** (Copies have been distributed pursuant to the NEF - MJZ) (Entered: 01/08/2013) |
| 01/08/2013 | 37 | MOTION for Entry of Clerks Default *against Defendant Eliot Bernstein* by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Motion ripe 1/8/2013. (Attachments: # 1 Declaration in Support of Request for Clerk's Default, # 2 Default) (Green, Ronald) (Entered: 01/08/2013) |
| 01/09/2013 | 38 | Submission of PROPOSED ORDER on 31 MOTION to Strike 30 Reply to Response to Motion,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, 2 MOTION for Temporary Restraining Order and MOTION for Preliminary Injunction, 19 MOTION for Judges and Clerks to Sign a Conflict of Interest Disclosure, 20 MOTION for Recusal of District Judge ; filed by |

| | | Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Green, Ronald) (Entered: 01/09/2013) |
|---|---|---|
| 01/09/2013 | 39 | Clerk's ENTRY OF DEFAULT as to Eliot Bernstein re 37 MOTION for Entry of Clerks Default. (MMM) (Entered: 01/09/2013) |
| 01/11/2013 | 40 | ORDER that 16 Plaintiffs' Motion to Strike is DENIED WITHOUT PREJUDICE. Signed by Magistrate Judge Peggy A. Leen on 1/9/13. (Copies have been distributed pursuant to the NEF - MMM) (Entered: 01/11/2013) |
| 01/11/2013 | 41 | ORDER that 2 MOTION for Preliminary Injunction is GRANTED. *(See Order for details).* FURTHER ORDERED that Plaintiffs shall receive a $600 refund from the Court for the six domain names that were transferred pursuant to the WIPO arbitration decision. The Court shall keep the nominal bond of one hundred dollars ($100) for each of the other twenty-six domain names at issue because the evidence indicates that Defendant will suffer only minimal, if any, damage by the issuance of this preliminary injunction. FURTHER ORDERED that 19 MOTION for Judges and Clerks to Sign a Conflict of Interest Disclosure is DENIED. FURTHER ORDERED that 20 MOTION for Judge Gloria Navarro to Recuse Herself is DENIED. FURTHER ORDERED that 31 Plaintiffs Motion to Strike Defendant Crystal Coxs Fugitive Surreply to Motion for Preliminary Injunction is DENIED. Signed by Judge Gloria M. Navarro on 1/11/13. (Copies have been distributed pursuant to the NEF: cc Finance - MMM) (Entered: 01/11/2013) |
| 01/12/2013 | 42 | MOTION to Allow Exhibits Attached to Complaint Answer filed by Crystal L Cox. (Attachments: # 1 Exhibit A, # 2 Exhibit A, # 3 Exhibit A, # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C, # 7 Exhibit C, # 8 Exhibit D, # 9 Exhibit D, # 10 Exhibit D, # 11 Exhibit D, # 12 Errata D, # 13 Exhibit D, # 14 Exhibit D, # 15 Exhibit D, # 16 Exhibit D, # 17 Exhibit D, # 18 Exhibit D, # 19 Exhibit D, # 20 Exhibit D, # 21 Exhibit D, # 22 Exhibit D, # 23 Exhibit D, # 24 Exhibit D, # 25 Exhibit D, # 26 Exhibit D, # 27 Exhibit D, # 28 Exhibit D, # 29 Exhibit D, # 30 Exhibit D, # 31 Exhibit D, # 32 Exhibit D, # 33 Exhibit D, # 34 Exhibit D, # 35 Exhibit D, # 36 Exhibit D, # 37 Exhibit D, # 38 Exhibit D, # 39 Exhibit D, # 40 Supplement D, # 41 Exhibit D, # 42 Exhibit D, # 43 Exhibit D, # 44 Exhibit D, # 45 Exhibit D, # 46 Exhibit D, # 47 Exhibit D, # 48 Exhibit D, # 49 Exhibit D, # 50 Exhibit D, # 51 Exhibit D, # 52 Exhibit D, # 53 Exhibit D, # 54 Exhibit D, # 55 Exhibit D, # 56 Exhibit D, # 57 Exhibit D, # 58 Exhibit D, # 59 Exhibit D, # 60 Exhibit D, # 61 Exhibit D, # 62 Exhibit D, # 63 Exhibit D, # 64 Exhibit D, # 65 Exhibit D, # 66 Exhibit D, # 67 Exhibit D, # 68 Exhibit D, # 69 Exhibit D, # 70 Exhibit D, # 71 Exhibit D, # 72 Exhibit D, # 73 Exhibit D, # 74 Exhibit D, # 75 Exhibit D, # 76 Exhibit D, # 77 Exhibit E, # 78 Exhibit E, # 79 Exhibit E, # 80 Exhibit E, # 81 Errata E, # 82 Exhibit E, # 83 Exhibit E, # 84 Exhibit D, # 85 Exhibit B, # 86 Exhibit F , # 87 Exhibit F, # 88 Exhibit F)(Cox, Crystal) (Entered: 01/12/2013) |
| 01/12/2013 | 43 | ADDENDUM to 42 MOTION to Allow Exhibits Attached to Complaint Answer filed by Crystal L. Cox. (Cox, Crystal) (Entered: 01/12/2013) |
| 01/12/2013 | 44 | MOTION for Recusal of District Judge Gloria Navarro by Defendant Crystal L Cox. Motion ripe 1/12/2013. (Attachments: # 1 Supplement, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 |

| | | Exhibit, # 18 Exhibit)(Cox, Crystal) (Entered: 01/12/2013) |
|---|---|---|
| 01/12/2013 | 45 | ADDENDUM to 42 MOTION to Allow Exhibits Attached to Complaint Answer by Counter Defendant Crystal L Cox, Defendant Crystal L Cox. (Attachments: # 1 Exhibit J, # 2 Exhibit J, # 3 Exhibit J, # 4 Exhibit K, # 5 Exhibit K, # 6 Exhibit K, # 7 Exhibit K, # 8 Exhibit K, # 9 Exhibit K, # 10 Exhibit K, # 11 Exhibit K, # 12 Exhibit K, # 13 Exhibit K, # 14 Exhibit K, # 15 Exhibit K, # 16 Exhibit K, # 17 Exhibit K)(Cox, Crystal) (Entered: 01/13/2013) |
| 01/13/2013 | 46 | ADDENDUM to 24 Counterclaim by Counter Defendant Crystal L Cox, Defendant Crystal L Cox. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 2, # 4 Exhibit 2, # 5 Exhibit 2, # 6 Exhibit 2 , # 7 Exhibit 2, # 8 Exhibit 2, # 9 Exhibit 2, # 10 Exhibit 3, # 11 Exhibit 3, # 12 Exhibit 3)(Cox, Crystal) (Entered: 01/13/2013) |
| 01/17/2013 | 47 | MOTION for Protective Order by Counter Defendant Crystal L Cox, Counter Claimant Crystal L Cox, Defendant Crystal L Cox. Motion ripe 1/17/2013. (Attachments: # 1 Supplement, # 2 Supplement, # 3 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit)(Cox, Crystal) (Entered: 01/17/2013) |
| 01/17/2013 | 48 | MOTION to Strike 23 Answer to Complaint, 24 Counterclaim,,,,, by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza, Counter Defendants Jennifer Randazza, Marc J Randazza, Natalia Randazza. Responses due by 2/3/2013. (Green, Ronald) (Entered: 01/17/2013) |
| 01/17/2013 | 49 | RESPONSE to 44 MOTION for Recusal of District Judge Gloria Navarro, filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Replies due by 1/27/2013. (Green, Ronald) (Entered: 01/17/2013) |
| 01/17/2013 | 50 | RESPONSE to 21 MOTION Requesting Preservation of Evidence, filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Replies due by 1/27/2013. (Green, Ronald) (Entered: 01/17/2013) |
| 01/17/2013 | 51 | RESPONSE to 47 MOTION for Protective Order filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Replies due by 1/27/2013. (Attachments: # 1 Exhibit A)(Green, Ronald) (Entered: 01/17/2013) |
| 01/18/2013 | 52 | REPLY to Response to 44 MOTION for Recusal filed by Counter Claimant Crystal L Cox, Counter Defendant Crystal L Cox, Defendant Crystal L Cox. (Attachments: # 1 Exhibit G, # 2 Exhibit A - Deposition Questions for Plaintiff Marc J. Randazza, # 3 Exhibit A - Marc Randazza admits to Negotiations on Behalf of his Client Crystal Cox, # 4 Exhibit A - Marc Randazza Represents Defendant Crystal Cox, # 5 Exhibit G - Judge Navarro Favors Plaintiff Marc Randazza, # 6 Exhibit G, # 7 Exhibit G, # 8 Exhibit G - Judge Navarro Favors Plaintiff Marc Randazza, # 9 Exhibit G, # 10 Exhibit G)(Cox, Crystal) Modified on 1/28/2013 (RFJ). (Entered: 01/18/2013) |
| 01/20/2013 | 53 | MOTION Motion Requesting Plaintiff Inform Insurance Providers of Liability, Seek Outside Counsel, and Disclosing Malpractice Issues, regarding Plaintiff Randazzas Ex-Client Defendant Crystal Cox, and case related issues re 48 MOTION to Strike 23 Answer to Complaint, 24 Counterclaim, MOTION to Strike 23 Answer to Complaint, 24 Counterclaim, 41 Order, 23 Answer to Complaint, 24 Counterclaim, 42 MOTION to |

| | | Allow Exhibits Attached to Complaint Answer by Counter Claimant Crystal L Cox, Counter Defendant Crystal L Cox, Defendant Crystal L Cox. Responses due by 2/6/2013. (Cox, Crystal) (Entered: 01/20/2013) |
|---|---|---|
| 01/21/2013 | 54 | REPLY to Response to 47 MOTION for Protective Order filed by Counter Claimant Crystal L Cox, Counter Defendant Crystal L Cox, Defendant Crystal L Cox. (Cox, Crystal) (Entered: 01/21/2013) |
| 01/21/2013 | 55 | ADDENDUM to REPLY to Response to 47 MOTION for Protective Order filed by Counter Claimant Crystal L Cox, Counter Defendant Crystal L Cox, Defendant Crystal L Cox. (Attachments: # 1 Exhibit LV CS - Marc Randazza Files for Protective Order Against Crystal Cox for Registering a Domain Name)(Cox, Crystal) (Entered: 01/21/2013) |
| 01/22/2013 | 56 | RESPONSE to 53 MOTION Requesting Plaintiff Inform Insurance Providers of Liability, Seek Outside Counsel, and Disclosing Malpractice Issues, regarding Plaintiff Randazzas Ex-Client Defendant Crystal Cox, and case related issues re 48 MOTION to Strike 23 Answer to Complaint filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Replies due by 2/1/2013. (Green, Ronald) (Entered: 01/22/2013) |
| 01/23/2013 | 57 | RESPONSE to 48 MOTION to Strike 23 Answer to Complaint, 24 Counterclaim,filed by Counter Defendant Crystal L Cox, Defendant Crystal L Cox. Replies due by 2/2/2013. (Cox, Crystal) (Entered: 01/23/2013) |
| 01/23/2013 | 58 | REPLY to Response to 53 MOTION Motion Requesting Plaintiff Inform Insurance Providers of Liability, Seek Outside Counsel, and Disclosing Malpractice Issues, regarding Plaintiff Randazzas Ex-Client Defendant Crystal Cox, and case related issues re 48 MOTION to Strike 23 filed by Counter Defendant Crystal L Cox, Defendant Crystal L Cox. (Cox, Crystal) (Entered: 01/23/2013) |
| 01/25/2013 | 59 | NOTICE re 48 MOTION to Strike; filed by Crystal L Cox (Attachments: # 1 Supplement Request Court Notify Special Investigators, Dept. of Justice, FBI, and ALL Proper Authorities. Court Liability Notice Attachment)(Cox, Crystal) (Entered: 01/25/2013) |
| 01/25/2013 | 60 | First MOTION Requesting Court Notify Investigators/Authorities Regarding Suspected Criminal Actions/Activities of Plaintiff Marc Randazza and Counter-Defendants/Co-Conspirators by Counter Defendant Crystal L Cox, Defendant Crystal L Cox. Responses due by 2/11/2013. (Cox, Crystal) (Entered: 01/25/2013) |
| 01/27/2013 | 61 | ADDENDUM to 57 Response to 48 MOTION to Strike 23 Answer to Complaint, 24 Counterclaim by Counter Defendant Crystal L Cox, Defendant Crystal L Cox. (Attachments: # 1 Exhibit)(Cox, Crystal) (Entered: 01/27/2013) |
| 01/27/2013 | 62 | **STRICKEN PER 89 ORDER (EDS)** ~~AMENDED COUNTERCLAIM with Jury Demand against David S. Aman, Apple, Mark Bennett, Bennett and Bennett, Eliot Bernstein, Sean Boushie, David W. Brown, Martin Cain, David Carr, Bernie Cassidy, Doug Chey, Douglas D. Chey, Tracy L. Coenen, Corbin Fisher, Manwin, Crystal L Cox, Steve Dowling, Dylan Energy, Royce Egnstrom, Allen Fagin, Bob Garfield, GoDaddy, Inc., Jessica Griffin Godaddy, Ronald Green, Greenberg Traurig Law Firm, Scott H. Greenfield, Roxanne Grinage, Taylor Kai Groenke, Francis Gurry, Kashmir~~ |

| | | |
|---|---|---|
| | | ~~Hill, HireLyrics, Janine Robben Oregon State Bar Bulletin, Jason Jones, Joseph Lecesse, Liberty Media Holdings LLC, John C. Malone, Gregg Mashberg, Peter L. Michaelson, Carlos Miller, Michael Morgan, Leo M. Mulvihill, Jr, Mulvihill & Rushie, LLC, NPR, Gloria M. Navarro(personally and professionally), New York Public Radio, New York, New York Times, NewYorkPersonalInjuryAttorneyBlog.com, Obsidian Finance Group, Kevin D. Padrick, Jenifer DeWolf Paine, Bob Parsons, Philly Law Blog, PhotographyisNotaCrime.com, Proskauer Rose Law Firm, Protection Group Video, Jennifer Randazza, Marc J Randazza, Natalia Randazza, Randazza Legal Group, Kenneth Rubenstein, Jordan Rushie, SaltyDroid, Bruce Sewell, Simple Justice, John Calkins Sony, Tomkon Torp Law Firm, Eric Turkewitz, Turkewitz Law Firm, University of Montana, Tim Vawter, WIPO, Kenneth P. White, White, White and Newhouse, Erik Wilbers, Steven Wilker, blog.bennettandbennett.com, blog.simplejustice.us, filed by Crystal L Cox. Adds new parties. Proof of service due by 5/27/2013. (Cox, Crystal)~~ (Entered: 01/27/2013) |
| 01/29/2013 | 63 | MOTION to Strike 62 Amended Complaint,,,,,, by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Responses due by 2/15/2013. (Green, Ronald) (Entered: 01/29/2013) |
| 01/29/2013 | 64 | REPLY to Response to 48 MOTION to Strike 23 Answer to Complaint, 24 Counterclaim,,,,, MOTION to Strike 23 Answer to Complaint, 24 Counterclaim,,,, filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Green, Ronald) (Entered: 01/29/2013) |
| 01/29/2013 | 65 | MOTION for Default Judgment *against Defendant Eliot Bernstein* by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Motion ripe 1/29/2013. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit 1, # 14 Proposed Order)(Green, Ronald) (Entered: 01/29/2013) |
| 01/30/2013 | 66 | RESPONSE to 63 MOTION to Strike 62 Amended Complaint, 48 MOTION to Strike 23 Answer to Complaint, 24 Counterclaim, filed by Counter Claimant/Defendant Crystal L Cox. Replies due by 2/9/2013. (Attachments: # 1 Exhibit)(Cox, Crystal) (Entered: 01/30/2013) |
| 02/01/2013 | 67 | NOTICE filed by Crystal L Cox (Attachments: # 1 Exhibit A-1 Ari Bass aKa Michael Whiteacre and Sean Tompkins Beat and Threaten Industry Insider, # 2 Exhibit A-2 Ari Bass aKa Michael Whiteacre and Sean Tompkins Beat and Threaten Industry Insider, # 3 Exhibit A-3 Ari Bass aKa Michael Whiteacre and Sean Tompkins Beat and Threaten Industry Insider, # 4 Exhibit C TRPWL Sean Tompkins Identity, # 5 Exhibit C TRPWL Threatens Crystal Cox, Monica Foster, Shelley Lubben, # 6 Exhibit B - Threats of Violence, # 7 Exhibit B, # 8 Exhibit B, # 9 Exhibit B, # 10 Exhibit B, # 11 Exhibit B, # 12 Exhibit B)(Cox, Crystal) (Entered: 02/01/2013) |
| 02/01/2013 | 68 | REPLY to Response to 63 MOTION to Strike 62 Amended Complaint,,,,,, filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Green, Ronald) (Entered: 02/01/2013) |

| 02/04/2013 | 69 | MOTION to Revoke Defendant Crystal Cox's CM/ECF Privileges by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Responses due by 2/21/2013. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Green, Ronald) (Entered: 02/04/2013) |
|---|---|---|
| 02/06/2013 | 70 | MOTION/APPLICATION for Leave to Proceed in forma pauperis by Crystal L Cox. (Cox, Crystal) Modified event type on 2/8/2013. (Entered: 02/06/2013) |
| 02/07/2013 | 71 | RESPONSE to 70 MOTION to Proceed In Forma Pauperis filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Replies due by 2/17/2013. (Green, Ronald) (Entered: 02/07/2013) |
| 02/07/2013 | 72 | REPLY to 71 Response to 70 MOTION to Proceed in Forma Pauperis filed by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit E, # 8 Exhibit E, # 9 Exhibit E, # 10 Exhibit E, # 11 Exhibit E, # 12 Exhibit E, # 13 Exhibit E, # 14 Exhibit E, # 15 Exhibit E, # 16 Exhibit E, # 17 Exhibit E, # 18 Exhibit E, # 19 Exhibit F, # 20 Exhibit F)(Cox, Crystal) (Entered: 02/07/2013) |
| 02/08/2013 | 73 | RESPONSE to 60 First MOTION Requesting Court Notify Investigators/Authorities Regarding Suspected Criminal Actions/Activities of Plaintiff Marc Randazza and Counter-Defendants/Co-Conspirators, filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Replies due by 2/18/2013. (Green, Ronald) (Entered: 02/08/2013) |
| 02/10/2013 | 74 | REPLY to Response to 60 First MOTION Requesting Court Notify Investigators/Authorities Regarding Suspected Criminal Actions/Activities of Plaintiff Marc Randazza and Counter-Defendants/Co-Conspirators filed by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. (Cox, Crystal) (Entered: 02/10/2013) |
| 02/12/2013 | 75 | MOTION for Summary Judgment by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Responses due by 3/8/2013. (Attachments: # 1 Declaration of Marc J. Randazza, # 2 Declaration of Jennifer Randazza, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Exhibit J, # 13 Exhibit K, # 14 Exhibit L, # 15 Exhibit M, # 16 Exhibit N, # 17 Exhibit O, # 18 Exhibit P, # 19 Exhibit Q, # 20 Exhibit R, # 21 Exhibit S, # 22 Exhibit T)(Green, Ronald) (Entered: 02/12/2013) |
| 02/12/2013 | 76 | MINUTE ORDER IN CHAMBERS Regarding the Requirements of *Klingele v. Eikenberry* and *Rand v. Rowland* as to 75 MOTION for Summary Judgment: Opposition due twenty-one (21) days from the date of this Minute Order, and reply due fourteen (14) days after the filing of the opposition. Signed by Judge Gloria M. Navarro. (Copies have been distributed pursuant to the NEF - MAJ) (Entered: 02/12/2013) |
| 02/12/2013 | 77 | First MOTION to Sanction Marc J. Randazza, Randazza Legal Group and Ronald D. Green by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. Responses due by 3/1/2013. (Attachments: # 1 SD - Attorney Marc Randazza, # 2 SD - Information Claimed as False, # 3 SD, # 4 SD - Marc Randazza eMails, # 5 SD - Intimidating, Deceiving Potential Witness, # 6 SD - Marc Randazza Letter, # 7 Threats, # 8 Threats and Proof, # 9 Threats and Proof, # 10 Threats and Proof, # 11 Threats and Proof, # 12 |

| | | |
|---|---|---|
| | | Donny Long Possible Murder, # 13 Marc Randazza Threatens Monica Foster, # 14 Sean Tompkins, J. Malcom DeVoy Threaten Crystal Cox, # 15 Sean Tompkins Threats)(Cox, Crystal) (Entered: 02/12/2013) |
| 02/13/2013 | 78 | **STRICKEN per 138 Order. (SLD)**~~First MOTION Request for Admissions,Answers Requested from Marc J. Randazza to Defendant Crystal Coxs Questions by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. Responses due by 3/2/2013. (Cox, Crystal)~~ (Entered: 02/13/2013) |
| 02/16/2013 | 79 | First MOTION for Summary Judgment by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. Responses due by 3/12/2013. (Attachments: # 1 Supplement Memorandum to Counter Plaintiff's Motion for Summary Judgement)(Cox, Crystal) (Entered: 02/16/2013) |
| 02/17/2013 | 80 | RESPONSE to 75 MOTION for Summary Judgment, filed by Defendant Crystal L Cox. Replies due by 3/6/2013. (Attachments: # 1 Memorandum)(Cox, Crystal) (Entered: 02/17/2013) |
| 02/18/2013 | 81 | MOTION to Disqualify Judge Gloria M. Navarro; filed by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. Motion ripe 2/18/2013. (Attachments: # 1 Exhibit Judicial Disqualification, # 2 Exhibit Nevada Law Chapter 282)(Cox, Crystal) (Entered: 02/18/2013) |
| 02/19/2013 | 82 | NOTICE re: Discovery; filed by Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Green, Ronald) (Entered: 02/19/2013) |
| 02/19/2013 | 83 | MINUTE ORDER IN CHAMBERS Regarding the Requirements of *Klingele v. Eikenberry* and *Rand v. Rowland* as to 79 First MOTION for Summary Judgment Opposition due twenty-one (21) days from the date of this Minute Order, and reply due fourteen (14) days after the filing of the opposition. Signed by Judge Gloria M. Navarro. (Copies have been distributed pursuant to the NEF - MAJ) (Entered: 02/19/2013) |
| 02/19/2013 | 84 | RESPONSE to 77 First MOTION for Sanctions re Discovery *Motion To Sanction Marc J. Randazza, Randazza Legal Group and Ronald D. Green*, filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Replies due by 3/1/2013. (Attachments: # 1 Exhibit A)(Green, Ronald) (Entered: 02/19/2013) |
| 02/20/2013 | 85 | RESPONSE to 78 First MOTION Request for Admissions,Answers Requested from Marc J. Randazza to Defendant Crystal Coxs Questions, filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Replies due by 3/2/2013. (Attachments: # 1 Exhibit A)(Green, Ronald) (Entered: 02/20/2013) |
| 02/21/2013 | 86 | ORDER Denying 44 Defendant's Motion for Recusal of District Judge Gloria Navarro and Denying 81 Motion to Disqualify Judge Gloria M. Navarro. Signed by Judge Gloria M. Navarro on 2/21/2013. (Copies have been distributed pursuant to the NEF - SLD) (Entered: 02/21/2013) |
| 02/21/2013 | 87 | REPLY to Response to 77 First MOTION for Sanctions re Discovery filed by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, (4) Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit. (Cox, Crystal) (Entered: 02/21/2013) |

| 02/22/2013 | 88 | NOTICE of Non-Opposition re 69 MOTION to Revoke Defendant Crystal Cox's CM/ECF Privileges; filed by Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Green, Ronald) (Entered: 02/22/2013) |
| 02/22/2013 | 89 | ORDER Granting 48 Plaintiff' Motion to Strike Defendant Crystal Cox's Answer. Defendant must file her Amended Answer no later than 3/11/13, to prevent a default judgment. IT IS FURTHER ORDERED that 48 Plaintiffs' original Motion to Strike or Dismiss the Initial Counter Complaint is MOOT. IT IS FURTHER ORDERED that 63 Plaintiffs' Motion to Strike Defendant Crystal Cox's Amended Counter Complaint is GRANTED. Defendant's Counter Complaint is STRICKEN. Defendant may only file her Counter Complaint as a separate lawsuit. Signed by Judge Gloria M. Navarro on 2/22/13. (Copies have been distributed pursuant to the NEF - mailed order to Defendant Crystal Cox - EDS) (Entered: 02/22/2013) |
| 02/23/2013 | 90 | AMENDED ANSWER to Complaint filed by Crystal L Cox.(Cox, Crystal) (Entered: 02/23/2013) |
| 02/24/2013 | 91 | MOTION/APPLICATION for Leave to Proceed in forma pauperis filed by Counter Claimant Crystal L Cox. Motion ripe 2/24/2013. (Attachments: # 1 Civil Cover Sheet Civil Cover Shee, # 2 Supplement, # 3 Supplement, # 4 Affidavit, # 5 Supplement, # 6 Supplement, # 7 Supplement)(Cox, Crystal) (Entered: 02/24/2013) |
| 02/25/2013 | 92 | RESPONSE to 91 MOTION for Application to Proceed in Forma Pauperis filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Replies due by 3/7/2013. (Green, Ronald) (Entered: 02/25/2013) |
| 02/25/2013 | 93 | REPLY to 91 Response to filed by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. (Cox, Crystal) (Entered: 02/25/2013) |
| 02/26/2013 | 94 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Gloria M. Navarro, on 2/26/2013. By Deputy Clerk: AMW.<br><br>Pursuant to the Court's Order (ECF No. 89 ) Striking Defendant Crystal Cox's Amended Counter Complaint and for good cause appearing, the Court hereby finds that Defendant's Motion/Application for Leave to Proceed in forma pauperis (ECF No. 91 ) should be construed as a request to commence a separate civil action. Thus, the Court hereby directs the Clerk's Office to use Defendant's filing, ECF No. 91 , to open a new civil action.<br><br>For these reasons, Defendant's Motion/Application for Leave to Proceed in forma pauperis (ECF No. 91 ) is **DENIED as MOOT**.<br><br>**(no image attached)** (Copies have been distributed pursuant to the NEF - AMW) (Entered: 02/26/2013) |
| 02/27/2013 | 95 | NOTICE OF RELATED CASES 2:13-cv-00297-JCM-NJK by Defendant Crystal L Cox. (Cox, Crystal) (Entered: 02/27/2013) |
| 02/27/2013 | 96 | NOTICE re 94 Minute Order; 95 Notice of Related Cases, 89 Order on Motion to Strike filed by Crystal L Cox. (Cox, Crystal) (Entered: 02/27/2013) |

| 02/28/2013 | 97 | Fourth MOTION for Recusal of District Judge filed by Defendant Crystal L Cox. Motion ripe 2/28/2013. (Attachments: # 1 Supplement, # 2 Supplement, # 3 Supplement)(Cox, Crystal) (Entered: 02/28/2013) |
|---|---|---|
| 02/28/2013 | | **NOTICE of Docket Correction.**<br><br>Clerk's Office has modified the following docket entries for the following documents in order to keep the naming of exhibits succinct and to maintain the integrity of the public docket. The name and number or letter of the exhibit is sufficient for naming attachments. The documents which have had exhibit names modified are:<br><br>29 Response to Motion, 72 Reply to Response to Motion, 45 Memorandum, 44 MOTION for Recusal of District Judge Gloria Navarro, 30 Reply to Response to Motion, 42 MOTION to Allow Exhibits Attached to Complaint Answer, 47 MOTION for Protective Order, 46 Addendum, 87 Reply to Response to Motion, and 66 Response to Motion.<br><br>Any questions regarding docket corrections should be directed to the Clerk's Office Help Desk at (702) 464-5555.<br><br>**(no image attached)**(ASB) (Entered: 02/28/2013) |
| 03/01/2013 | 98 | REPLY to Response to 75 MOTION for Summary Judgment filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Green, Ronald) (Entered: 03/01/2013) |
| 03/04/2013 | 99 | AMENDED ANSWER to Complaint filed by Crystal L Cox.(Cox, Crystal) (Entered: 03/04/2013) |
| 03/08/2013 | 100 | RESPONSE to 97 Fourth MOTION for Recusal of District Judge, filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Replies due by 3/18/2013. (Green, Ronald) (Entered: 03/08/2013) |
| 03/11/2013 | 101 | MOTION to Strike 99 Answer to Complaint by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Responses due by 3/28/2013. (Green, Ronald) (Entered: 03/11/2013) |
| 03/25/2013 | 102 | **STRICKEN per 109 Order. SLD** ~~First MOTION for Appointment of Counsel by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. Motion ripe 3/25/2013. (Cox, Crystal)~~ (Entered: 03/25/2013) |
| 03/25/2013 | 103 | **STRICKEN PER 109 Order. (SLD)** ~~Second MOTION/APPLICATION for Leave to Proceed in forma pauperis by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. Motion ripe 3/25/2013. (Cox, Crystal)~~ (Entered: 03/25/2013) |
| 03/25/2013 | 104 | **STRICKEN per 109 Order. (SLD)** ~~MOTION Requesting Legal Reasons, Documented Facts Regarding Why Judge Nancy J. Koppe Reclused re 95 Notice of Related Cases, 91 MOTION/APPLICATION for Leave to Proceed in forma pauperis by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. Responses due by 4/11/2013. (Cox, Crystal)~~ (Entered: 03/25/2013) |
| 03/25/2013 | 105 | **STRICKEN per 109 Order. (SLD)** ~~NOTICE OF RELATED CASES Supreme Court of the State of New York, County of New York Case Number 105573-2011 (Rakofsky~~ |

| | | |
|---|---|---|
| | | v. The Internet) by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. ( *Plaintiff Joseph Rakofsky v... * ) (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Cox, Crystal) (Entered: 03/25/2013) |
| 03/25/2013 | 106 | **STRICKEN per 109 Order. (SLD)** NOTICE OF RELATED CASES U.S. District Court Southern District of New York, Civil Case Number 1:07-cv-09599-SAS. (Anderson v. The State of New York et al) by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit)(Cox, Crystal) (Entered: 03/25/2013) |
| 03/25/2013 | 107 | **STRICKEN per 109 Order. (SLD)** NOTICE OF RELATED CASES U.S. District Court, Southern District of New York (Foley Square), CIVIL DOCKET FOR CASE #: 1:07-cv-11196-SAS by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. (Attachments: # 1 Exhibit, # 2 Exhibit)(Cox, Crystal) (Entered: 03/25/2013) |
| 03/25/2013 | 108 | **STRICKEN per 109 Order. (SLD)** First MOTION Motion to Enjoin the U.S Attorney General into this CASE. re 53 MOTION Motion Requesting Plaintiff Inform Insurance Providers of Liability, Seek Outside Counsel, and Disclosing Malpractice Issues, regarding Plaintiff Randazzas Ex-Client Defendant Crystal Cox, and case related issues re 48 MOTION to Strike 23 A, 48 MOTION to Strike 23 Answer to Complaint, 24 Counterclaim,,,,,, 77 First MOTION for Sanctions re Discovery *Motion To Sanction Marc J. Randazza, Randazza Legal Group and Ronald D. Green* , 41 Order,,, 63 MOTION to Strike 62 Amended Complaint,,,,,,, 22 MOTION to Request This Court Investigate Plaintiff Marc Randazza, 21 MOTION Requesting Preservation of Evidence, 2 MOTION for Temporary Restraining Order and MOTION for Preliminary Injunction, 97 Fourth MOTION for Recusal of District Judge, 81 MOTION to Disqualify, 23 Answer to Complaint, 24 Counterclaim,,,,, 19 MOTION for Judges and Clerks to Sign a Conflict of Interest Disclosure, 67 Notice (Other),, 44 MOTION for Recusal of District Judge Gloria Navarro, 14 Order,, Set/Reset Motion and R&R Deadlines/Hearings, 20 MOTION for Recusal of District Judge, 62 Amended Complaint,,,,,, 47 MOTION for Protective Order, 1 Complaint,, 73 Response to Motion, *Request to Notify Attorney General, to Enjoin Attorney General into 2:12-cv-02040-GMN-PAL Randazza et al v. Cox et al* by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. Responses due by 4/11/2013. (Cox, Crystal) (Entered: 03/25/2013) |
| 03/26/2013 | 109 | ORDER that Cox's 102 Motion to Appoint Counsel is STRICKEN. Cox's 103 Motion/Application for Leave to Proceed in forma pauperis is STRICKEN. Cox's 104 Motion Requesting Reason for Recusal is STRICKEN. Cox's 105 Motion to Legally Relate is STRICKEN. Cox's 106 Motion to Legally Relate is STRICKEN. Cox's 107 Notice of Related Cases is STRICKEN. Cox's 108 Motion to Enjoin Attorney General is STRICKEN.<br><br>Unless and until Cox receives permission to electronically file documents in 2:13-cv-00297-JCM-VCF, Cox must manually file documents in that case. She may not electronically file documents related to that case in this case. Signed by Magistrate Judge Peggy A. Leen on 3/26/2013. (Copies have been distributed pursuant to the NEF - SLD) (Entered: 03/26/2013) |

| 03/26/2013 | 110 | NOTICE OF RELATED CASES U.S. District Court Southern District of New York, Civil Case Number 1:07-cv-09599-SAS. (Anderson v. The State of New York et al) by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. *(Christine C. Anderson Whistleblower Case New York)* (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit)(Cox, Crystal) (Entered: 03/26/2013) |
| --- | --- | --- |
| 03/26/2013 | 111 | NOTICE OF RELATED CASES U.S. District Court Southern District of New York (Foley Square), CIVIL CASE #: 1:07-cv-11196-SAS. ( Bernstein et al v. Appellate Division ) by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. *(Eliot Bernstein v. "Defendant(s)", iViewit RICO Lawsuit, New York Courts)* (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Cox, Crystal) (Entered: 03/26/2013) |
| 03/26/2013 | 112 | NOTICE OF RELATED CASES Supreme Court of the State of New York, County of New York Case Number 105573-2011 (Rakofsky v. The Internet) by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. *(Joseph Rakofsky V. Eric Turkewitz, Simple Justice NY LLC, Scott Greenfield, Mark Bennett, Seddiq Law, and more.)* (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Cox, Crystal) (Entered: 03/26/2013) |
| 03/26/2013 | 113 | First MOTION to Enjoin the Attorney General by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. Responses due by 4/12/2013. (Cox, Crystal) (Entered: 03/26/2013) |
| 04/01/2013 | 114 | NOTICE *of Non-Opposition to ECF 101* by Jennifer Randazza, Marc J Randazza, Natalia Randazza re 101 MOTION to Strike 99 Answer to Complaint . (Green, Ronald) (Entered: 04/01/2013) |
| 04/22/2013 | 115 | MOTION Request For Plaintiff to Provide Insurance Company Documentation by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. Responses due by 5/9/2013. (Cox, Crystal) (Entered: 04/22/2013) |
| 04/25/2013 | 116 | MOTION Reconsider Dismissal of Counter Plaintiff Cox's Claims AGAINST Counter Defendant Randazza re 24 Counterclaim,,,,, 14 Order,, Set/Reset Motion and R&R Deadlines/Hearings, 62 Amended Complaint,,,,,, 1 Complaint,, by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. Responses due by 5/12/2013. (Cox, Crystal) (Entered: 04/25/2013) |
| 04/26/2013 | 117 | RESPONSE to 115 MOTION Request For Plaintiff to Provide Insurance Company Documentation , filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Replies due by 5/6/2013. (Green, Ronald) (Entered: 04/26/2013) |
| 04/26/2013 | 118 | MOTION for Case Management Conference by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Responses due by 5/13/2013. (Green, Ronald) (Entered: 04/26/2013) |
| 04/26/2013 | 119 | REPLY to Response to 115 MOTION For Plaintiff to Provide Insurance Company Documentation filed by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. (Cox, Crystal) (Entered: 04/26/2013) |
| 04/26/2013 | 120 | RESPONSE to 118 MOTION for Case Management Conference , filed by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. *Opposition to Motion for Case* |

| | | |
|---|---|---|
| | | *Management Conference* Replies due by 5/6/2013. (Cox, Crystal) (Entered: 04/26/2013) |
| 04/28/2013 | 121 | MOTION Court Clarification re 53 MOTION Requesting Plaintiff Inform Insurance Providers of Liability, Seek Outside Counsel, and Disclosing Malpractice Issues, regarding Plaintiff Randazzas Ex-Client Defendant Crystal Cox, and case related issues re 48 MOTION to Strike 23 A, 113 First MOTION to Enjoin the Attorney General , 22 MOTION to Request This Court Investigate Plaintiff Marc Randazza, 21 MOTION Requesting Preservation of Evidence, 78 First MOTION Request for Admissions,Answers Requested from Marc J. Randazza to Defendant Crystal Coxs Questions, 23 Answer to Complaint, 74 Reply to Response to Motion, 29 Response to Motion,,, 34 Reply to Response to Motion,, 67 Notice (Other),, 59 Notice (Other), 14 Order,, Set/Reset Motion and R&R Deadlines/Hearings, 86 Order on Motion for Recusal of District Judge,, Order on Motion to Disqualify, 62 Amended Complaint,,,,,, 47 MOTION for Protective Order, 1 Complaint,, 77 First MOTION for Sanctions re Discovery *Motion To Sanction Marc J. Randazza, Randazza Legal Group and Ronald D. Green*, 41 Order,,, 2 MOTION for Temporary Restraining Order and MOTION for Preliminary Injunction, 81 MOTION to Disqualify, 35 Order on Motion for TRO,,,, Order on Motion to Strike,,,,,,, Order on Motion for Recusal of District Judge,,,, Motion Hearing,,, 32 Response to Motion,,, 54 Reply to Response to Motion, 58 Reply to Response to Motion, 27 Order on Motion, Minute Order, 57 Response to Motion, 89 Order on Motion to Strike, Set/Reset Deadlines,, 30 Reply to Response to Motion,,,,,, 79 First MOTION for Summary Judgment, 115 MOTION Request For Plaintiff to Provide Insurance Company Documentation , 87 Reply to Response to Motion, 66 Response to Motion by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. Responses due by 5/15/2013. (Cox, Crystal) (Entered: 04/28/2013) |
| 04/30/2013 | 122 | MOTION Clarification of Order and Disqualification of Judge Navarro based on Constitutional Rights of Defendant Cox re 36 Minute Order,, 22 MOTION to Request This Court Investigate Plaintiff Marc Randazza, 21 MOTION Requesting Preservation of Evidence, 78 First MOTION Request for Admissions,Answers Requested from Marc J. Randazza to Defendant Crystal Coxs Questions, 67 Notice (Other),, 59 Notice (Other), 14 Order,, Set/Reset Motion and R&R Deadlines/Hearings, 20 MOTION for Recusal of District Judge, 86 Order on Motion for Recusal of District Judge,, Order on Motion to Disqualify, 62 Amended Complaint,,,,,, 47 MOTION for Protective Order, 77 First MOTION for Sanctions re Discovery *Motion To Sanction Marc J. Randazza, Randazza Legal Group and Ronald D. Green*, 41 Order,,, 97 Fourth MOTION for Recusal of District Judge, 81 MOTION to Disqualify, 35 Order on Motion for TRO,,,, Order on Motion to Strike,,,,,,, Order on Motion for Recusal of District Judge,,,, Motion Hearing,,, 116 MOTION Reconsider Dismissal of Counter Plaintiff Cox's Claims AGAINST Counter Defendant Randazza re 24 Counterclaim,,,,, 14 Order,, Set/Reset Motion and R&R Deadlines/Hearings, 62 Amended Complaint,,,,,, 1 Complaint,, , 19 MOTION for Judges and Clerks to Sign a Conflict of Interest Disclosure, 89 Order on Motion to Strike,,,,,,,,, Set/Reset Deadlines,, 79 First MOTION for Summary Judgment, 60 First MOTION Requesting Court Notify Investigators/Authorities Regarding Suspected Criminal Actions/Activities of Plaintiff Marc Randazza and Counter-Defendants/Co-Conspirators by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. Responses due by 5/17/2013. (Attachments: # 1 |

| | | Exhibit A4, # 2 Exhibit A5, # 3 Exhibit A3, # 4 Exhibit A2)(Cox, Crystal) (Entered: 04/30/2013) |
|---|---|---|
| 05/01/2013 | 123 | RESPONSE to 116 MOTION Reconsider Dismissal of Counter Plaintiff Cox's Claims AGAINST Counter Defendant Randazza filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Replies due by 5/11/2013. (Green, Ronald) Modified link from 121 to 116 on 5/1/2013 at request of Attorney Green.(MAJ) (Entered: 05/01/2013) |
| 05/05/2013 | 124 | REPLY to Response to 116 MOTION Reconsider Dismissal of Counter Plaintiff Cox's Claims AGAINST Counter Defendant Randazza re 24 Counterclaim,,,,, 14 Order,, Set/Reset Motion and R&R Deadlines/Hearings, 62 Amended Complaint,,,,,, 1 Complaint,, filed by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. (Cox, Crystal) (Entered: 05/05/2013) |
| 05/05/2013 | 125 | Second MOTION for Appointment of Counsel *Motion, Request to Proceed in Forma Pauperis AND APPLICATION FOR PRO BONO COUNSEL 28 U.S.C. § 1915(e)(1)* by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. Motion ripe 5/5/2013. (Cox, Crystal) (Entered: 05/05/2013) |
| 05/05/2013 | 126 | NOTICE *Regarding Behavior of Plaintiff Non-Cooperation, Pro Se Discrimination, Plaintiff acting as his own Counsel* by Crystal L Cox re 77 First MOTION for Sanctions re Discovery *Motion To Sanction Marc J. Randazza, Randazza Legal Group and Ronald D. Green*, 113 First MOTION to Enjoin the Attorney General , 78 First MOTION Request for Admissions,Answers Requested from Marc J. Randazza to Defendant Crystal Coxs Questions, 10 Summons Returned Executed,. (Attachments: # 1 Exhibit Plaintiff is in Charge of Case)(Cox, Crystal) (Entered: 05/05/2013) |
| 05/13/2013 | 127 | RESPONSE to 122 MOTION Clarification of Order and Disqualification of Judge Navarro based on Constitutional Rights of Defendant Cox re 36 Minute Order,, 22 MOTION to Request This Court Investigate Plaintiff Marc Randazza, 21 MOTION Requesting Preserva, 125 Second MOTION for Appointment of Counsel *Motion, Request to Proceed in Forma Pauperis AND APPLICATION FOR PRO BONO COUNSEL 28 U.S.C. § 1915(e)(1)*, 121 MOTION Court Clarification of Defendant's Media Status under U.S Code, Nevada Law and Constitutional Law re 53 MOTION Motion Requesting Plaintiff Inform Insurance Providers of Liability, Seek Outside Counsel, and Disclosing Malpractice Is, filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Replies due by 5/23/2013. (Green, Ronald) (Entered: 05/13/2013) |
| 05/18/2013 | 128 | REPLY to Response to 121 MOTION Court Clarification of Defendant's Media Status under U.S Code, Nevada Law and Constitutional Law re 53 MOTION Motion Requesting Plaintiff Inform Insurance Providers of Liability, Seek Outside Counsel, and Disclosing Malpractice Is, 122 MOTION Clarification of Order and Disqualification of Judge Navarro based on Constitutional Rights of Defendant Cox re 36 Minute Order,, 22 MOTION to Request This Court Investigate Plaintiff Marc Randazza, 21 MOTION Requesting Preserva filed by Defendant Crystal L Cox. (Cox, Crystal) (Entered: 05/18/2013) |

| 06/03/2013 | 129 | MOTION to Declare Defendant Crystal Cox a Vexatious Litigant by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Responses due by 6/20/2013. (Attachments: # 1 Exhibit A-1, # 2 Exhibit A-2, # 3 Exhibit A-3, # 4 Exhibit A-4, # 5 Exhibit B-1, # 6 Exhibit B-2, # 7 Exhibit B-3, # 8 Exhibit C-1, # 9 Exhibit C-2, # 10 Exhibit C-3, # 11 Exhibit C-4, # 12 Exhibit D-1, # 13 Exhibit D-2, # 14 Exhibit D-3, # 15 Exhibit D-4, # 16 Exhibit E-1, # 17 Exhibit E-2, # 18 Exhibit E-3, # 19 Exhibit E-4, # 20 Exhibit F-1, # 21 Exhibit F-2, # 22 Exhibit F-3, # 23 Exhibit F-4, # 24 Exhibit F-5, # 25 Exhibit G-1, # 26 Exhibit G-2, # 27 Exhibit G-3, # 28 Exhibit G-4, # 29 Exhibit G-5, # 30 Exhibit G-6, # 31 Exhibit H, # 32 Exhibit I, # 33 Exhibit J)(Green, Ronald) (Entered: 06/03/2013) |
| 06/03/2013 | 130 | **STRICKEN per 155 Order. (SLD)** RESPONSE to 121 MOTION Court Clarification, 129 MOTION to Declare Defendant Crystal Cox a Vexatious Litigant , 125 Second MOTION for Appointment of Counsel *Motion, Request to Proceed in Forma Pauperis AND APPLICATION FOR PRO BONO COUNSEL 28 U.S.C. § 1915(e)(1)*, filed by Counter Claimant Crystal L Cox, Defendant Crystal L Cox. *Objection to Randazza Legal Group's Harassing Motion.* Replies due by 6/20/2013. (Attachments: # 1 Exhibit Oregon Attorney General, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit)(Cox, Crystal) (Entered: 06/03/2013) |
| 06/04/2013 | 131 | **STRICKEN per 155 Order. (SLD)** SUPPLEMENT to 129 MOTION to Declare Defendant Crystal Cox a Vexatious Litigant ; by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Green, Ronald) (Entered: 06/04/2013) |
| 06/12/2013 | 132 | REPLY to Response to 129 MOTION to Declare Defendant Crystal Cox a Vexatious Litigant filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Green, Ronald) (Entered: 06/12/2013) |
| 06/13/2013 | 133 | ORDER Denying 21 Motion for Preservation of Evidence. Signed by Magistrate Judge Peggy A. Leen on 6/11/2013. (Copies have been distributed pursuant to the NEF - SLD) (Entered: 06/13/2013) |
| 06/13/2013 | 134 | ORDER Denying 47 Motion for Protective Order. Signed by Magistrate Judge Peggy A. Leen on 6/11/2013. (Copies have been distributed pursuant to the NEF - SLD) (Main Document 134 replaced on 6/13/2013) (MAJ). (Entered: 06/13/2013) |
| 06/13/2013 | 135 | ORDER Denying 53 Motion Regarding Insurance. Signed by Magistrate Judge Peggy A. Leen on 6/11/2013. (Copies have been distributed pursuant to the NEF - SLD) (Main Document 135 replaced on 6/13/2013) (MAJ). (Entered: 06/13/2013) |
| 06/13/2013 | 136 | ORDER Denying 60 Motion for Investigation. Signed by Magistrate Judge Peggy A. Leen on 6/11/2013. (Copies have been distributed pursuant to the NEF - SLD) (Entered: 06/13/2013) |
| 06/13/2013 | 137 | ORDER Denying 77 Motion for Sanctions. Signed by Magistrate Judge Peggy A. Leen on 6/11/2013. (Copies have been distributed pursuant to the NEF - SLD) (Main Document 137 replaced on 6/13/2013) (MAJ). (Entered: 06/13/2013) |

| 06/13/2013 | 138 | ORDER Striking 78 Motion for Admissions pursuant to LR 26-8. Signed by Magistrate Judge Peggy A. Leen on 6/11/2013. (Copies have been distributed pursuant to the NEF - SLD) (Entered: 06/13/2013) |
| --- | --- | --- |
| 06/13/2013 | 139 | ORDER Denying 113 Motion to Enjoin. Signed by Magistrate Judge Peggy A. Leen on 6/11/2013. (Copies have been distributed pursuant to the NEF - SLD) (Entered: 06/13/2013) |
| 06/13/2013 | 140 | SCHEDULING ORDER re 118 MOTION for Case Management Conference. Discovery due by 12/10/2013. Motions due by 1/10/2014. Proposed Joint Pretrial Order due by 2/10/2014. Signed by Magistrate Judge Peggy A. Leen on 6/11/2013. (Copies have been distributed pursuant to the NEF - SLD) (Entered: 06/13/2013) |
| 06/13/2013 | 141 | ORDER Denying 121 Motion for Clarification on Defendant's Media Status. Signed by Magistrate Judge Peggy A. Leen on 6/11/2013. (Copies have been distributed pursuant to the NEF - SLD) (Entered: 06/13/2013) |
| 06/13/2013 | 142 | ORDER Denying 125 Motion to Proceed In Forma Pauperis and to Appoint Counsel. Signed by Magistrate Judge Peggy A. Leen on 6/11/2013. (Copies have been distributed pursuant to the NEF - SLD) (Main Document 142 replaced on 6/13/2013) (MAJ). (Entered: 06/13/2013) |
| 06/13/2013 | 143 | ORDER Denying 115 Motion for Insurance Information. Signed by Magistrate Judge Peggy A. Leen on 6/11/2013. (Copies have been distributed pursuant to the NEF - SLD) (Main Document 143 replaced on 6/13/2013) (MAJ). (Entered: 06/13/2013) |
| 06/13/2013 | 144 | ORDER Granting 69 Plaintiffs' Motion to Revoke Crystal Cox's CM/ECF Filing Privileges. The Clerk of Court is directed to immediately revoke Cox's CM/ECF account and password. Cox's continued failure to comply with the Federal Rules of Civil Procedure and Local Rules of Civil Practice in filing documents with the court may result in the imposition of sanctions up to and including case-dispositive sanctions. Signed by Magistrate Judge Peggy A. Leen on 6/11/2013. (Copies have been distributed pursuant to the NEF - SLD) (Entered: 06/13/2013) |
| 06/20/2013 | 145 | MOTION to Vacate *Order for Case Management Conference* by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Motion ripe 6/20/2013. (Green, Ronald) (Entered: 06/20/2013) |
| 06/21/2013 | 146 | NOTICE of Corrected Certificate of Service re 145 Motion to Vacate Order by Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Green, Ronald) Modified to add link to motion on 6/21/2013. (MAJ) (Entered: 06/21/2013) |
| 06/26/2013 | 147 | **STRICKEN per 155 Order.(SLD)** SUPPLEMENT to 129 MOTION to Declare Defendant Crystal Cox a Vexatious Litigant ; by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Green, Ronald) (Entered: 06/26/2013) |
| 07/09/2013 | 148 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Gloria M. Navarro, on 7/9/2013. By Deputy Clerk: AMW.<br><br>Defendant Crystal Cox's Motion/Application for Leave to Proceed in forma pauperis (ECF No. 70 ) requests that the Court "provide 'Service' to all named Counter |

| | | |
|---|---|---|
| | | Defendants on [Defendant's] Behalf." Pursuant to the Court's February 22, 2013 Order (ECF No. 89 ), Defendant's Third-Party Complaint was stricken and a new case was opened (2:13-cv-00297-MMD-VCF). Accordingly, the Court hereby DENIES Defendant's Motion as MOOT.<br><br>(Copies have been distributed pursuant to the NEF - AMW) (Entered: 07/09/2013) |
| 07/12/2013 | 149 | ORDER Denying as Moot 26 Defendant's Motion to Extend Time to File Exhibits in Complaint Answer and Counter Complaint. IT IS FURTHER ORDERED that 42 Defendant's Motion to Allow Exhibits Attached to Complaint Answer is Denied as Moot. Signed by Judge Gloria M. Navarro on 7/12/2013. (Copies have been distributed pursuant to the NEF - SLD) (Entered: 07/12/2013) |
| 07/22/2013 | 150 | ORDER Denying 145 Plaintiffs' Motion to Vacate. Signed by Magistrate Judge Peggy A. Leen on 7/18/2013. (Copies have been distributed pursuant to the NEF - SLD) (Entered: 07/22/2013) |
| 08/20/2013 | 151 | MOTION for Order to Show Cause by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Motion ripe 8/20/2013. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28)(Green, Ronald) (Entered: 08/20/2013) |
| 09/05/2013 | 152 | MINUTE ORDER IN CHAMBERS of the Honorable Chief Judge Robert C. Jones, on 9/5/2013. By Deputy Clerk: Amber Freeman. IT IS ORDERED that this case is reassigned to Judge Jennifer A. Dorsey for all further proceedings. Judge Gloria M. Navarro no longer assigned to case. All further documents must bear the correct case number **2:12-cv-2040-JAD-PAL**. **(no image attached)** (Copies have been distributed pursuant to the NEF - AF) (Entered: 09/05/2013) |
| 09/12/2013 | 153 | NOTICE of Change of Address by Ronald D Green, Jr. (Green, Ronald) (Entered: 09/12/2013) |
| 09/26/2013 | 154 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Jennifer A. Dorsey, on 9/26/2013. By Judicial Assistant: Cathy Stuchell. RE: 97 Fourth MOTION for Recusal of District Judge is DENIED as moot. Case has been reassigned to the Honorable Judge Jennifer A. Dorsey.**(no image attached)** (Copies have been distributed pursuant to the NEF - CS) (Entered: 09/26/2013) |
| 10/08/2013 | 155 | ORDER Denying 129 Plaintiffs' Motion to Declare Defendant Crystal Cox as a Vexatious Litigant. The Clerk of Court shall strike Cox's 130 Response and Plaintiffs' 131 and 147 Supplements. Signed by Magistrate Judge Peggy A. Leen on 10/7/2013. (Copies have been distributed pursuant to the NEF - SLD) (Entered: 10/08/2013) |
| 10/10/2013 | 156 | Interim STATUS REPORT by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Green, Ronald) (Entered: 10/10/2013) |

| 11/12/2013 | 157 | MOTION for Entry of Clerks Default by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Motion ripe 11/12/2013. (Attachments: # 1 Declaration of Ronald D. Green in Support of Request for Entry of Default, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Proposed Order)(Green, Ronald) (Entered: 11/12/2013) |
| 11/19/2013 | 158 | SUPPLEMENT to 157 MOTION for Entry of Clerks Default ; by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Attachments: # 1 Exhibit A)(Green, Ronald) (Entered: 11/19/2013) |
| 12/30/2013 | 159 | SUPPLEMENT to 75 MOTION for Summary Judgment ; by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Attachments: # 1 Exhibit A)(Green, Ronald) (Entered: 12/30/2013) |
| 02/10/2014 | 160 | NOTICE *Regarding Joint Pretrial Order* by Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Green, Ronald) (Entered: 02/10/2014) |
| 02/14/2014 | 161 | ORDER Granting 151 Plaintiffs' Motion for Order to Show Cause. Defendant Crystal Cox shall show cause in writing, no later than 2/28/14. The Clerk of Court is hereby directed to update the docket to reflect Cox's physical and email addresses as noted in this ORDER. The Clerk of Court is further directed to send a copy of this order to Cox's physical address and both email addresses noted in this Order. Signed by Judge Jennifer A. Dorsey on 2/14/2014. (Copies have been distributed pursuant to the NEF - copy of order mailed to Crystal Cox via USPS and electronic mail - EDS) (Entered: 02/14/2014) |
| 02/14/2014 | 162 | ORDER Granting in part and denying in part 116 Defendant Crystal Cox's Motion for Reconsideration. Defendant shall be permitted to file a proper counterclaim against Plaintiff Marc Randazza. The motion is DENIED in all other respects. Defendant Cox must file any proper counterclaim no later than 2/28/14. Signed by Judge Jennifer A. Dorsey on 2/14/14. (Copies have been distributed pursuant to the NEF - cc: Crystal Cox via USPS and electronic mail - EDS) (Entered: 02/14/2014) |
| 02/20/2014 | 163 | Emergency OBJECTIONS re LR IB 3-1 or MOTION for District Judge to Reconsider Order re 162 Order on Motion,,,, Set/Reset Deadlines, *Emergency Motion for Reconsideration* by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Responses due by 3/9/2014. (Green, Ronald) (Entered: 02/20/2014) |
| 02/24/2014 | 164 | COUNTER COMPLAINT against Marc J Randazza and Randazza Legal Group, filed by Crystal L. Cox. (EDS) (Entered: 02/25/2014) |
| 02/25/2014 | 165 | First MOTION to Extend Time regarding dispositive matter (First Request) *And Request for Case Management Conference* re 164 Counterclaim by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza, Counter Defendant Marc J Randazza. Motion ripe 2/25/2014. (Green, Ronald) (Entered: 02/25/2014) |
| 02/27/2014 | 166 | ORDER Denying 163 Plaintiffs' Emergency Motion for Reconsideration. Signed by Judge Jennifer A. Dorsey on 2/27/2014. (Copies have been distributed pursuant to the NEF - EDS) (Entered: 02/27/2014) |
| 03/03/2014 | 167 | ORDER Granting in part and Denying in part 165 Plaintiffs' Motion to Extend Time to Respond to 164 Counterclaim. Plaintiffs' request for a case management conference is |

| | | |
|---|---|---|
| | | GRANTED. A case management conference is scheduled for 4/1/2014 09:00 AM in LV Courtroom 3B before Magistrate Judge Peggy A. Leen. Signed by Magistrate Judge Peggy A. Leen on 2/28/2014. (Copies have been distributed pursuant to the NEF - EDS) (Entered: 03/03/2014) |
| 03/03/2014 | 169 | RESPONSE TO 161 ORDER TO SHOW CAUSE filed by Defendant Crystal L. Cox. (AC) (Entered: 03/05/2014) |
| 03/03/2014 | 170 | OBJECTION to 163 Emergency OBJECTIONS re LR IB 3-1 or MOTION for District Judge to Reconsider Order re 162 Order on Motion filed by Defendant Crystal L. Cox. (EDS) (Entered: 03/05/2014) |
| 03/03/2014 | 171 | MOTION for Appointment of Counsel by Defendant Crystal L. Cox. Motion ripe 3/3/2014. (EDS) (Entered: 03/05/2014) |
| 03/04/2014 | 168 | SECOND ORDER TO SHOW CAUSE. Defendant Cox is again directed to SHOW CAUSE IN WRITING, by filing a document in this action no later than 4 p.m. on March 14, 2014. The Clerk of the Court is hereby directed to send a copy of this Order to Coxs physical address and both email addresses: Crystal@crystalcox.com and SavvyBroker@Yahoo.com. Signed by Judge Jennifer A. Dorsey on 3/4/14. (Copies have been distributed pursuant to the NEF - cc: Crystal Cox as ordered - EDS) (Entered: 03/04/2014) |
| 03/05/2014 | 172 | ORDER Denying without prejudice 65 Plaintiffs' Motion for Default Judgment. Signed by Judge Jennifer A. Dorsey on 3/5/14. (Copies have been distributed pursuant to the NEF - EDS) (Entered: 03/06/2014) |
| 03/07/2014 | 173 | ORDER Denying 157 Motion for Entry of Clerks Default. Signed by Judge Jennifer A. Dorsey on 3/7/2014. (Copies have been distributed pursuant to the NEF - SLR) (Entered: 03/07/2014) |
| 03/10/2014 | 174 | RESPONSE TO 168 SECOND ORDER TO SHOW CAUSE filed by Defendant Crystal L. Cox. (Attachments: # 1 Cover Letter) (AC) (Entered: 03/11/2014) |
| 03/10/2014 | 175 | OBJECTION to 163 Emergency Objections re LR IB 3-1 or MOTION for District Judge to Reconsider Order re 162 Order on Motion filed by Defendant Crystal L. Cox. (AC) (Entered: 03/11/2014) |
| 03/10/2014 | 176 | MOTION for Appointment of Counsel filed by Defendant Crystal L. Cox. Motion ripe 3/10/2014. (AC) (Entered: 03/11/2014) |
| 03/10/2014 | 177 | RESPONSE TO ORDER TO SHOW CAUSE filed by Defendant Crystal L. Cox. (AC) (Entered: 03/11/2014) |
| 03/10/2014 | 178 | SECOND MOTION for Appointment of Counsel filed by Defendant Crystal L. Cox. Motion ripe 3/10/2014. (AC) (Entered: 03/11/2014) |
| 03/12/2014 | 179 | MOTION to Dismiss *Counterclaim* by Counter Defendant Marc J Randazza. Responses due by 3/29/2014. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Green, Ronald) (Entered: 03/12/2014) |
| 03/12/2014 | 180 | MOTION to Strike 164 Counterclaim by Counter Defendant Marc J Randazza. Responses due by 3/29/2014. (Attachments: # 1 Exhibit A)(Green, Ronald) (Entered: |

| | | 03/12/2014) |
|---|---|---|
| 03/12/2014 | 181 | REPLY BRIEF re 169 Response to Order to Show Cause by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Attachments: # 1 Declaration of Marc J. Randazza, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G)(Green, Ronald) (Entered: 03/12/2014) |
| 03/12/2014 | 183 | OBJECTION to 165 First MOTION to Extend Time to Respond to 164 Counterclaim ; filed by Defendant Crystal L. Cox. (EDS) (Entered: 03/13/2014) |
| 03/12/2014 | 184 | MOTION for Sanctions and Notice to Court by Defendant Crystal L. Cox. Responses due by 3/29/2014. (EDS) (Entered: 03/13/2014) |
| 03/13/2014 | 182 | MINUTE ORDER IN CHAMBERS Regarding the Requirements of *Klingele v. Eikenberry* and *Rand v. Rowland* as to 179 MOTION to Dismiss *Counterclaim* : Opposition due fourteen (14) days from the date of this Minute Order, and reply due seven (7) days after the filing of the opposition. Signed by Judge Jennifer A. Dorsey on 3/13/14. (Copies have been distributed pursuant to the NEF - ASB) (Entered: 03/13/2014) |
| 03/17/2014 | 185 | RESPONSE to 180 MOTION to Strike 164 Counterclaim , filed by Defendant Crystal L. Cox. Replies due by 3/27/2014. (EDS) (Entered: 03/18/2014) |
| 03/17/2014 | 186 | RESPONSE to 179 MOTION to Dismiss *Counterclaim*, filed by Counter Claimant Crystal L. Cox. Replies due by 3/17/2014. (EDS) (Entered: 03/18/2014) |
| 03/20/2014 | 187 | REPLY to 174 Response to Order to Show Cause ; filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Attachments: # 1 Exhibit A, # 2 Declaration of Marc Randazza)(Green, Ronald) (Entered: 03/20/2014) |
| 03/20/2014 | 188 | RESPONSE to 184 MOTION for Sanctions, filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Replies due by 3/30/2014. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Declaration of Marc Randazza)(Green, Ronald) (Entered: 03/20/2014) |
| 03/20/2014 | 189 | ORDER Denying 122 Defendant's Motion for Clarification in its entirety. Signed by Judge Jennifer A. Dorsey on 3/20/14. (Copies have been distributed pursuant to the NEF - EDS) (Entered: 03/20/2014) |
| 03/20/2014 | 190 | ORDER Denying 171 , 176 , and 178 Defendant's Motions to Appoint Counsel. Signed by Judge Jennifer A. Dorsey on 3/20/14. (Copies have been distributed pursuant to the NEF - EDS) (Entered: 03/21/2014) |
| 03/26/2014 | 191 | REPLY to Response to 180 MOTION to Strike 164 Counterclaim filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Green, Ronald) (Entered: 03/26/2014) |
| 03/26/2014 | 192 | REPLY to Response to 179 MOTION to Dismiss *Counterclaim* filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Green, Ronald) (Entered: 03/26/2014) |
| 03/26/2014 | 193 | REPLY to Response to 184 MOTION for Sanctions filed by Defendant Crystal L. Cox. (EDS) (Entered: 03/27/2014) |

| 04/01/2014 | 194 | MINUTES OF PROCEEDINGS - Hearing re Case Management Conference held on 4/1/2014 before Magistrate Judge Peggy A. Leen. Crtrm Administrator: *Jeff Miller*; Pla Counsel: *Ronald Green, Esq.*; Def Counsel: *none appearing*; Court Reporter/FTR #: *9:06:53 - 9:11:38*; Time of Hearing: *9:00am*; Courtroom: *3B*; Plaintiff Mark Randazza, Esq. is also present. The Court notes that Defendant has been receiving Court Orders and that the Courtroom Administrator has left voicemails at two separate numbers in an attempt to reach the Defendant and connect her to these proceedings. As the Defendant did not return the Court's phonecalls, the hearing will proceed. The Court further notes that while dispositive motions are still pending, discovery deadlines have expired and non-dispositive motions have been resolved. Plaintiff's Counsel represents that he and the Plaintiff are discussing amending the Complaint. The Court will not enter any further Case Management Order at this time, but states that if the posture of the case changes as a result of rulings on the dispositive motions the Court would entertain any request for adjustment of the schedule as necessary. The Court further reminds Plaintiff's Counsel that the deadline to amend pleadings has expired and they would need to make the appropriate request for relief before any request for amendment would be entertained. **(no image attached)** (Copies have been distributed pursuant to the NEF, and service has been made upon Defendant based on mailing address as listed on the docket - JAM) (Entered: 04/01/2014) |
| 04/03/2014 | 195 | MOTION to Relate Case to County of Clark Eighth Judicial District A-14-69 8267-C by Defendant Crystal L. Cox. Responses due by 4/20/2014. (Attachments: # 1 part 2)(EDS) (Entered: 04/04/2014) |
| 04/03/2014 | 196 | NOTICE to Court and Reply to Randazza Legal Group by Crystal L. Cox. (Attachments: # 1 part 2)(EDS) (Entered: 04/04/2014) |
| 04/03/2014 | 197 | MOTION to Allow Cox to Counter Sue Jennifer Randazza and x by Defendant Crystal L. Cox. Responses due by 4/20/2014. (Attachments: # 1 part 2)(EDS) (Entered: 04/04/2014) |
| 04/07/2014 | 198 | RESPONSE to 197 MOTION, filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Replies due by 4/17/2014. (Green, Ronald) (Entered: 04/07/2014) |
| 04/07/2014 | 199 | RESPONSE to 195 MOTION, filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Replies due by 4/17/2014. (Green, Ronald) (Entered: 04/07/2014) |
| 04/10/2014 | 200 | ORDER Denying 75 Motion for Summary Judgment; Denying as moot 79 Motion for Summary Judgment; Denying 184 Motion for Sanctions; Denying 195 Motion to Relate Case; and Denying 197 Motion to Countersue Jennifer Randazza and x. Signed by Judge Jennifer A. Dorsey on 4/10/14. (Copies have been distributed pursuant to the NEF - EDS) (Entered: 04/10/2014) |
| 04/11/2014 | 201 | MOTION to File an FBI Investigation and/or an Attorney General Investigation and/or a Department of Justice and/or Police Investigation by Defendant Crystal L. Cox. Responses due by 4/28/2014. (EDS) (Entered: 04/14/2014) |
| 04/14/2014 | 202 | MOTION to Dismiss Based on Fraud on the Courts by Defendant Crystal L. Cox. Responses due by 5/1/2014. (EDS) (Entered: 04/15/2014) |

| 04/15/2014 | 203 | MINUTE ORDER IN CHAMBERS Regarding the Requirements of *Klingele v. Eikenberry* and *Rand v. Rowland* as to 202 MOTION to Dismiss : Opposition due fourteen (14) days from the date of this Minute Order, and reply due seven (7) days after the filing of the opposition. Signed by Judge Jennifer A. Dorsey on 4/15/2014. (Copies have been distributed pursuant to the NEF - EDS) (Entered: 04/15/2014) |
| --- | --- | --- |
| 04/15/2014 | 204 | ORDER Granting in part and denying in part 101 Plaintiff's Motion to Strike 99 Amended Answer to Complaint. The Court STRIKES portions of Defendant Cox's amended Answer 99 pursuant to FRCP 12(f) as reflected in Exhibit A. The motion is DENIED in all other respects. The Clerk of Court is directed to file the document attached as Exhibit A to hereinafter serve as the superseding amended Answer (and the operative answer) in this case. Signed by Judge Jennifer A. Dorsey on 4/14/2014. (Attachments: # 1 Exhibit A) (Copies have been distributed pursuant to the NEF - EDS) (Entered: 04/15/2014) |
| 04/15/2014 | 205 | SUPERSEDING AMENDED ANSWER to Complaint filed by Crystal L. Cox.(EDS) (Entered: 04/15/2014) |
| 04/15/2014 | 206 | ORDER Denying 202 Defendant's Motion to Dismiss. Signed by Judge Jennifer A. Dorsey on 4/15/2014. (Copies have been distributed pursuant to the NEF - EDS) (Entered: 04/16/2014) |
| 04/17/2014 | 207 | ORDER Denying 201 Cox's Motion for Investigation. Signed by Magistrate Judge Peggy A. Leen on 4/15/2014. (Copies have been distributed pursuant to the NEF - EDS) (Entered: 04/17/2014) |
| 05/21/2014 | 208 | ORDER Granting in part and Denying in part 179 Plaintiff's Motion to Dismiss 164 Counterclaim and Denying 180 Plaintiff's Motion to Strike. IT IS FURTHER ORDERED that all claims against the Randazza Legal Group are DISMISSED. Defendant has 14 days to file a motion for leave to amend her counterclaim. Signed by Judge Jennifer A. Dorsey on 05/21/2014. (Copies have been distributed pursuant to the NEF - AC) (Entered: 05/21/2014) |
| 06/02/2014 | 209 | MOTION to Amend/Correct Complaint re 164 Counterclaim. by Counter Claimant Crystal L. Cox. Responses due by 6/19/2014. (Attachments: # 1 part 2, # 2 part 3)(EDS) (Entered: 06/03/2014) |
| 06/13/2014 | 210 | RESPONSE to 209 MOTION to Amend/Correct Complaint re 164 Counterclaim., filed by Counter Defendant Marc J Randazza, Plaintiff Marc J Randazza. *Opposition* Replies due by 6/23/2014. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H, # 9 Exhibit Exhibit I)(Green, Ronald) (Entered: 06/13/2014) |
| 06/17/2014 | 211 | EXHIBIT(s) *Errata to 210-2* to 210 Response to Motion, ; filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Green, Ronald) (Entered: 06/17/2014) |
| 06/27/2014 | 212 | REPLY to Response to 209 MOTION to Amend/Correct Complaint re 164 Counterclaim. filed by Defendant Crystal L. Cox. (DKJ) (Entered: 06/30/2014) |
| 07/08/2014 | 213 | ORDER denying 209 Defendant's Motion to Amend/Correct Complaint. Coxs counterclaim for abuse of process is dismissed with prejudice; Cox is left with two |

|            |     | counterclaims: (1) legal malpractice as pled in her Counter Complaint 164 , and (2) defamation as pled in her Counter Complaint and limited by the Courts May 21, 2014,Order 208 . Signed by Judge Jennifer A. Dorsey on 7/8/2014. (Copies have been distributed pursuant to the NEF - DKJ) (Entered: 07/08/2014) |
|------------|-----|---|
| 07/08/2014 | 214 | NOTICE of Appearance by attorney Theresa M Haar on behalf of Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Haar, Theresa) (Entered: 07/08/2014) |
| 07/15/2014 | 215 | SCHEDULING ORDER. Discovery due by 10/6/2014. Motions due by 11/6/2014. Proposed Joint Pretrial Order due by 12/8/2014. Signed by Magistrate Judge Peggy A. Leen on 7/15/2014. (Copies have been distributed pursuant to the NEF - SLR) (Entered: 07/15/2014) |
| 07/28/2014 | 216 | MOTION to Compel Counter Defendant Regarding First Set of Interrogatories and First Request for Document Production Counter Plaintiff's to Counter Defendant by Crystal L. Cox. Responses due by 8/14/2014. (EDS) (Entered: 07/29/2014) |
| 07/29/2014 | 217 | RESPONSE to 216 MOTION to Compel, filed by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. *Opposition to Motion to Compel* Replies due by 8/8/2014. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F)(Green, Ronald) (Entered: 07/29/2014) |
| 08/08/2014 | 218 | REPLY to Response to 216 MOTION to Compel filed by Defendant Crystal L. Cox. (EDS) (Entered: 08/11/2014) |
| 08/14/2014 | 219 | NOTICE of Appearance by attorney Jared G Christensen on behalf of Counter Defendant Marc J Randazza. (Christensen, Jared) (Entered: 08/14/2014) |
| 08/14/2014 | 220 | ANSWER to 164 Counterclaim *and Demand for Jury Trial* filed by Marc J Randazza. (Christensen, Jared) (Entered: 08/14/2014) |
| 08/14/2014 | 221 | MOTION Reopen Discovery on Limited Basis by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Responses due by 8/31/2014. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H, # 9 Exhibit Exhibit I)(Green, Ronald) (Entered: 08/14/2014) |
| 08/15/2014 | 222 | CERTIFICATE OF SERVICE by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Green, Ronald) (Entered: 08/15/2014) |
| 08/15/2014 | 223 | AMENDED ANSWER to 164 Counterclaim filed by Marc J Randazza.(Christensen, Jared) Modified entry to add link on 8/18/2014. (MAJ) (Entered: 08/15/2014) |
| 08/15/2014 | 224 | MOTION to Dismiss *Special Motion To Dismiss Counterclaimant Crystal Coxs Counterclaim* by Counter Defendant Marc J Randazza. Responses due by 9/1/2014. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 Exhibit, # 25 Exhibit)(Christensen, Jared) (Entered: 08/15/2014) |

| 08/18/2014 | 225 | MINUTE ORDER IN CHAMBERS Regarding the Requirements of *Klingele v. Eikenberry* and *Rand v. Rowland* as to 224 MOTION to Dismiss 164 Counterclaim: Opposition due fourteen (14) days from the date of this Minute Order, and reply due seven (7) days after the filing of the opposition. Signed by Judge Jennifer A. Dorsey. (Copies have been distributed pursuant to the NEF - MAJ) (Entered: 08/18/2014) |
|---|---|---|
| 08/18/2014 | 226 | REPLY to 220 Answer filed by Crystal L. Cox. (DKJ) Filed using the wrong event by the clerk's office. Docket event type modified. NEF Regenerated. (ASB) (Entered: 08/19/2014) |
| 08/18/2014 | 227 | MOTION for Default Judgment by Defendant Crystal L. Cox. Motion ripe 8/18/2014. (EDS) (Entered: 08/19/2014) |
| 09/02/2014 | 228 | RESPONSE to 227 MOTION for Default Judgment, filed by Counter Defendant Marc J Randazza. Replies due by 9/12/2014. (Austin, F.) (Entered: 09/02/2014) |
| 09/02/2014 | 229 | RESPONSE to 224 MOTION to Dismiss Counter Claimant Crystal Cox's Counterclaim, filed by Counter Claimant Crystal L. Cox. Replies due by 9/12/2014. (DKJ) (Entered: 09/03/2014) |
| 09/15/2014 | 230 | REPLY to Response to 224 MOTION to Dismiss *Special Motion To Dismiss Counterclaimant Crystal Coxs Counterclaim* filed by Counter Defendant Marc J Randazza. (Attachments: # 1 Exhibit A)(Austin, F.) (Entered: 09/15/2014) |
| 09/15/2014 | 231 | REPLY to Response to 227 MOTION for Default Judgment filed by Defendant Crystal L. Cox. (EDS) (Entered: 09/16/2014) |
| 09/16/2014 | 232 | MINUTE ORDER IN CHAMBERS of the Honorable Magistrate Judge Peggy A. Leen, on 9/16/2014 re: Letter from non-party Alexandra Mayers. MOTIONS: A document requesting a Court order must be styled as a motion, not a letter (see F.R.C.P. 7). Letters to a judge will be disregarded. (Attachments: # 1 letter) (Copies have been distributed pursuant to the NEF - EDS) (Entered: 09/16/2014) |
| 09/16/2014 | 233 | NOTICE of Appearance by attorney F. Christopher Austin on behalf of Counter Defendant Marc J Randazza. (Austin, F.) (Entered: 09/16/2014) |
| 10/02/2014 | 234 | ORDER Denying 227 Cox's Motion for Default Judgment. Signed by Judge Jennifer A. Dorsey on 10/2/2014. (Copies have been distributed pursuant to the NEF - EDS) (Entered: 10/02/2014) |
| 10/03/2014 | 235 | **MOTION to Substitute Attorney</b>: filed by Marc J Randazza. (Brown, Peter) Event modified on 10/3/2014 (RFJ). (Entered: 10/03/2014)** |
| 10/07/2014 | 236 | ORDER Granting 235 Motion to Substitute Attorney F. Christopher Austin in place of Attorney Anthony T. Garasi as to Marc J. Randazza. Signed by Magistrate Judge Peggy A. Leen on 10/6/2014. (Copies have been distributed pursuant to the NEF - EDS) (Entered: 10/08/2014) |
| 11/06/2014 | 237 | MOTION to Strike 99 Answer to Complaint by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. Responses due by 11/23/2014. (Green, Ronald) (Entered: 11/06/2014) |

| 11/25/2014 | 238 | NOTICE *of Non-Opposition* by Jennifer Randazza, Marc J Randazza, Natalia Randazza re 237 MOTION to Strike 99 Answer to Complaint . (Green, Ronald) (Entered: 11/25/2014) |
|---|---|---|
| 12/30/2014 | 239 | ORDER that 216 Motion to Compel is DENIED and 221 Motion to Reopen Discovery is DENIED. Signed by Magistrate Judge Peggy A. Leen on 12/29/14. (Copies have been distributed pursuant to the NEF - TR) (Main Document 239 replaced on 12/30/2014) (TR). (Entered: 12/30/2014) |
| 03/03/2015 | 240 | SUPPLEMENT to 224 MOTION to Dismiss *Special Motion To Dismiss Counterclaimant Crystal Coxs Counterclaim* ; by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza, Counter Defendants Jennifer Randazza, Marc J Randazza, Marc J Randazza, Natalia Randazza, Randazza Legal Group, Randazza Legal Group. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Austin, F.) (Entered: 03/03/2015) |
| 03/23/2015 | 241 | ORDER Denying 224 Motion to Dismiss. It is FURTHER ORDERED that 237 Motion to Strike is DENIED. However, Cox is cautioned that if she continues to disregard this courts orders or rules, the court may impose claim-ending sanctions that may include but are not limited to the striking of her claims and/or answer and the entry of default and a default judgment against her. Proposed Joint Pretrial Order due by 4/22/2015. Signed by Judge Jennifer A. Dorsey on 3/23/15. (Copies have been distributed pursuant to the NEF - TR) (Entered: 03/23/2015) |
| 03/30/2015 | 242 | NOTICE OF APPEAL as to 241 Order on Motion to Dismiss,,,, Order on Motion to Strike,,,,,, Set/Reset Deadlines,, by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza, Counter Defendants Jennifer Randazza, Marc J Randazza, Marc J Randazza, Natalia Randazza, Randazza Legal Group, Randazza Legal Group. Filing fee $ 505, receipt number 0978-3610546. E-mail notice (NEF) sent to the US Court of Appeals, Ninth Circuit. (Austin, F.) (Entered: 03/30/2015) |
| 03/31/2015 | 243 | ORDER for Time Schedule as to 242 Notice of Appeal, filed by Marc J Randazza, Jennifer Randazza, Randazza Legal Group, Natalia Randazza. **USCA Case Number 15-15610**. (DKJ) (Entered: 03/31/2015) |
| 04/03/2015 | 244 | NOTICE to Court by Crystal L. Cox. (TR) (Entered: 04/06/2015) |
| 04/03/2015 | 245 | MOTION for Non-Jury Trial by Defendant Crystal L. Cox. Responses due by 4/20/2015. (TR) (Entered: 04/06/2015) |
| 04/06/2015 | 246 | MOTION for Court to Set Trial Date by Defendant Crystal L. Cox. (TR) (Entered: 04/08/2015) |
| 04/06/2015 | 247 | MOTION in Limine to Include Exhibit 6 by Defendant Crystal L. Cox. Responses due by 4/23/2015. (TR) (Entered: 04/08/2015) |
| 04/06/2015 | 248 | MOTION in Limine to Include Exhibit 2 WIPO Decision by Defendant Crystal L. Cox. Responses due by 4/23/2015. (TR) (Entered: 04/08/2015) |
| 04/06/2015 | 249 | MOTION in Limine to Include Exhibit 3,5,7,12, and 13 Attorney Blogs by Defendant Crystal L. Cox. Responses due by 4/23/2015. (TR) (Entered: 04/08/2015) |

| | | |
|---|---|---|
| 04/06/2015 | 250 | MOTION in Limine to Include Exhibit 4,8,10, and 11 Forbes, NPR, NY Times, Coenen by Defendant Crystal L. Cox. Responses due by 4/23/2015. (TR) (Entered: 04/08/2015) |
| 04/06/2015 | 251 | MOTION in Limine to Include Exhibit 14, 15, 16, and 7a Attorney Blogs about Cox by Defendant Crystal L. Cox. Responses due by 4/23/2015. (TR) (Entered: 04/08/2015) |
| 04/06/2015 | 252 | MOTION in Limine to Include Exhibit 9, Randazza's Answer to Counter Plaintiff Cox's interrogatories by Defendant Crystal L. Cox. Responses due by 4/23/2015. (TR) (Entered: 04/08/2015) |
| 04/08/2015 | 253 | MOTION for Pretrial Ruling, Judgment or Ruling by Defendant Crystal L. Cox. Responses due by 4/25/2015. (TR) (Entered: 04/08/2015) |
| 04/08/2015 | 254 | DECLARATION/Statement of Facts of Crystal Cox by Defendant Crystal L. Cox. (TR) (Entered: 04/08/2015) |
| 04/08/2015 | 255 | MOTION in Limine Exhibit List by Defendant Crystal L. Cox. Responses due by 4/25/2015. (TR) (Entered: 04/08/2015) |
| 04/08/2015 | 256 | MOTION to provide Insurance by Defendant Crystal L. Cox. Responses due by 4/25/2015. (TR) (Entered: 04/08/2015) |
| 04/08/2015 | 257 | MOTION in Limine to include Exhibit 21 by Defendant Crystal L. Cox. Responses due by 4/25/2015. (TR) (Entered: 04/08/2015) |
| 04/08/2015 | 258 | MOTION in Limine to Include Exhibit 20 by Defendant Crystal L. Cox. Responses due by 4/25/2015. (TR) (Entered: 04/08/2015) |
| 04/08/2015 | 259 | MOTION in Limine to Include Exhibit 19 by Defendant Crystal L. Cox. Responses due by 4/25/2015. (TR) (Entered: 04/08/2015) |
| 04/08/2015 | 260 | MOTION in Limine to Include Exhibit 18, 18a, 18b, 18c by Defendant Crystal L. Cox. Responses due by 4/25/2015. (TR) (Entered: 04/08/2015) |
| 04/08/2015 | 261 | MOTION in Limine to Include Randazza's Emails to Cox by Defendant Crystal L. Cox. Responses due by 4/25/2015. (TR) (Entered: 04/08/2015) |
| 04/08/2015 | 262 | NOTICE Regarding Joint Pretrial by Crystal L. Cox. (TR) (Entered: 04/08/2015) |
| 04/08/2015 | 263 | MOTION in Limine by Defendant Crystal L. Cox. Responses due by 4/25/2015. (TR) (Entered: 04/08/2015) |
| 04/08/2015 | 264 | Submission of PROPOSED Pretrial ORDER filed by Defendant Crystal L. Cox. (TR) (Entered: 04/08/2015) |
| 04/08/2015 | 265 | ORDER that all of Cox's recently filed 245 - 253 , 255 - 261 and 263 Motions are Denied without prejudice. This case is **STAYED** for all purposes pending resolution of Randazza's appeal in Case No. 15-15610. No additional Motions or Requests for relief may be filed while this stay is in effect (see Order for exceptions). Signed by Judge Jennifer A. Dorsey on 4/8/2015. (Copies have been distributed pursuant to the NEF - SLD) (Entered: 04/08/2015) |
| 04/09/2015 | 266 | NOTICE to Court by Crystal L. Cox. (TR) (Entered: 04/10/2015) |

| 04/09/2015 | 267 | MOTION in Rule in Cox's Favor, Pretrial Summary Judgment by Defendant Crystal L. Cox. Responses due by 4/26/2015. (TR) (Entered: 04/10/2015) |
| 04/09/2015 | 268 | MOTION in Limine to Include Exhibit 24 by Defendant Crystal L. Cox. Responses due by 4/26/2015. (TR) (Entered: 04/10/2015) |
| 04/09/2015 | 269 | MOTION in Limine to include Exhibit 23 by Defendant Crystal L. Cox. Responses due by 4/26/2015. (TR) (Entered: 04/10/2015) |
| 04/09/2015 | 270 | MOTION in Limine to Include Exhibit 22 by Defendant Crystal L. Cox. Responses due by 4/26/2015. (TR) (Entered: 04/10/2015) |
| 04/09/2015 | 271 | MOTION in Limine to Include the Following Nevada Law Attorney Ethics by Defendant Crystal L. Cox. Responses due by 4/26/2015. (TR) (Entered: 04/10/2015) |
| 04/14/2015 | 272 | ORDER Denying Motions Without Prejudice. As the stay remains in effect, it is HEREBY ORDERED that Coxs Motions 267 , 268 , 269 , 270 , and 271 are DENIED without prejudice. Signed by Judge Jennifer A. Dorsey on 4/14/15. (Copies have been distributed pursuant to the NEF - TR) (Entered: 04/15/2015) |
| 05/15/2015 | 273 | MANDATE of USCA, Ninth Circuit, DISMISSING 242 Notice of Appeal, filed by Marc J Randazza, Jennifer Randazza, Randazza Legal Group, Natalia Randazza (TR) (Entered: 05/19/2015) |
| 05/19/2015 | 275 | ORDER on Mandate DISMISSING 242 Notice of Appeal, 273 USCA Mandate, filed by Marc J Randazza, Jennifer Randazza, Randazza Legal Group, Natalia Randazza. Signed by Judge Jennifer A. Dorsey on 5/19/15. (TR) (Entered: 05/19/2015) |
| 05/20/2015 | 276 | ORDER that the stay pending appeal is lifted. The parties have until June 22, 2015, to file their joint pretrial order. This matter is hereby referred to the magistrate judge to schedule a settlement conference. Signed by Judge Jennifer A. Dorsey on 5/20/15. (Copies have been distributed pursuant to the NEF - TR) (Entered: 05/20/2015) |
| 05/21/2015 | 277 | NOTICE of Intent to File Motion to Reinstate Appeal by Jennifer Randazza, Marc J Randazza, Natalia Randazza re 275 Order on Mandate. (Austin, F.) (Entered: 05/21/2015) |
| 05/22/2015 | 278 | NOTICE of change of attorneys filed by Jennifer Randazza, Marc J Randazza. (Brown, Peter) (Entered: 05/22/2015) |
| 05/22/2015 | 279 | NOTICE of Change of Attorney on behalf of Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Green, Ronald) (Entered: 05/22/2015) |
| 05/26/2015 | 280 | ORDER Scheduling Settlement Conference: Settlement Conference set for 9/3/2015 01:30 PM in LV Chambers before Magistrate Judge Peggy A. Leen. Signed by Magistrate Judge Peggy A. Leen on 5/26/15. (Copies have been distributed pursuant to the NEF - TR) (Entered: 05/26/2015) |
| 06/12/2015 | 281 | MOTION for Court Ruling by Defendant Crystal L. Cox. Responses due by 6/29/2015. (TR) (Entered: 06/15/2015) |
| 06/12/2015 | 282 | MOTION for Exception by Defendant Crystal L. Cox. Responses due by 6/29/2015. (TR) (Entered: 06/15/2015) |

| 06/12/2015 | 283 | Motion for Reconsideration re 272 Order on Motion and 265 Order on Motion by Defendant Crystal L. Cox. Responses due by 6/29/2015. (TR) (Entered: 06/15/2015) |
| 06/12/2015 | 284 | MOTION to Clarify re 276 Order by Defendant Crystal L. Cox. Responses due by 6/29/2015. (TR) (Entered: 06/15/2015) |
| 06/15/2015 | 285 | Notice of Non-Opposition and Concurrence to Transfer of Venue for Forum Non Conveniens re 281 and 282 Motions by Marc J Randazza . (Austin, F.) **Corrected image 287 added on 6/15/2015. (EDS).** (Entered: 06/15/2015) |
| 06/15/2015 | 286 | NOTICE of Corrected Image/Document re 285 Motion to Transfer by Counter Defendant Marc J Randazza, Plaintiff Marc J Randazza. (Service of corrected image is attached). (Austin, F.) (Entered: 06/15/2015) |
| 06/15/2015 | 287 | NOTICE of Corrected Image/Document re 286 Notice of Corrected Image/Document, 285 Motion to Transfer by Counter Defendants Marc J Randazza, Marc J Randazza, Plaintiff Marc J Randazza. (Service of corrected image is attached). (Austin, F.) (Entered: 06/15/2015) |
| 06/16/2015 | 288 | MOTION to Stay by Counter Defendant Marc J Randazza. (Attachments: # 1 Exhibit 1)(Austin, F.) (Entered: 06/16/2015) |
| 06/22/2015 | 289 | PROPOSED Pretrial Order by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza, Counter Defendants Jennifer Randazza, Marc J Randazza, Marc J Randazza, Natalia Randazza, Randazza Legal Group, Randazza Legal Group. (Austin, F.) (Entered: 06/22/2015) |
| 06/25/2015 | 290 | OBJECTION to 285 Motion to Transfer ; filed by Defendant Crystal L. Cox. (TR) (Entered: 06/26/2015) |
| 07/10/2015 | 291 | NOTICE re 290 Objection to Document, 281 Motion, 283 Objections re LR IB 3-1 or Motion for District Judge to Reconsider Order, 282 Motion; filed by Jennifer Randazza, Marc J Randazza, Natalia Randazza. (Austin, F.) (Entered: 07/10/2015) |
| 07/10/2015 | 292 | NOTICE of Non-Opposition re 288 Motion to Stay; filed by Marc J Randazza. (Attachments: # 1 Proposed Order)(Austin, F.) (Entered: 07/10/2015) |
| 07/20/2015 | 293 | ORDER that 282 Motion for Exception is DENIED as moot. FURTHER ORDERED that 288 Motion to Stay is GRANTED. This case is stayed until the Ninth Circuit decides whether Plaintiffs' appeal will be reinstated, the appeal closed by Court of Appeals and the order of mandate is filed. Plaintiffs' Motion to Transfer Venue (Dkt.#282) is DENIED. Cox's motion for appointment of counsel and request to appear at trial by communications equipment is DENIED without prejudice to refiling if and when this case is returned to this court. The settlement conference set for September 3, 2015, is VACATED. Any request for relief contained in the moving and responsive papers referred to in this order not specifically addressed is DENIED. Signed by Magistrate Judge Peggy A. Leen on 7/20/15. (Copies have been distributed pursuant to the NEF - MMM) (Entered: 07/20/2015) |
| 07/30/2015 | 294 | ORDER that Crystal Cox's Motions at 281 , 283 , and 284 are DENIED. Signed by Judge Jennifer A. Dorsey on 7/30/15. (Copies have been distributed pursuant to the NEF - MMM) (Entered: 07/30/2015) |

| 09/08/2015 | 295 | NOTICE OF BANKRUPTCY Upon the Record as to Marc J. Randazza by Plaintiff Marc J Randazza (Larson, Zachariah) (Entered: 09/08/2015) |
|---|---|---|
| 09/08/2015 | 296 | CERTIFICATE OF SERVICE for 295 Notice of Bankruptcy by Plaintiff Marc J Randazza. (Larson, Zachariah) (Entered: 09/08/2015) |
| 09/28/2015 | 297 | **STRICKEN per ORDER 294** ~~MOTION to Reconsider Adding Counter Defedants; filed by Defendant Crystal L. Cox. Responses due by 10/15/2015. (TR)~~ **Modified on 10/6/2015 (RFJ).** (Entered: 09/28/2015) |
| 09/28/2015 | 298 | **STRICKEN per ORDER 294** ~~MOTION Requesting Permission to File a Motion for Summary Judgment by Defendant Crystal L. Cox. (TR)~~ **Modified on 10/6/2015 (RFJ).** (Entered: 09/28/2015) |
| 12/09/2015 | 299 | ORDER of USCA, Ninth Circuit, DISMISSING 242 Notice of Appeal. (TR) (Entered: 12/11/2015) |
| 12/11/2015 | 301 | ORDER on Mandate DISMISSING 242 Notice of Appeal, 275 Order on Mandate, 299 USCA Order. Signed by Judge Jennifer A. Dorsey on 12/11/15. (TR) (Entered: 12/14/2015) |
| 03/14/2016 | 302 | ORDER. IT IS HEREBY ORDERED that the stay of this case pending appeal is LIFTED and the parties must file status reports by March 25, 2016, stating how they intend to proceed with their claims in this case. Signed by Judge Jennifer A. Dorsey on 3/14/16. (Copies have been distributed pursuant to the NEF - TR) (Entered: 03/15/2016) |
| 03/15/2016 | 303 | ORDER that the Order Lifting the stay of Case Pending Appeal, Providing Further Instruction, and Directing the Parties to File Status Reports [ECF 302 ] is VACATED and the stay of this case pending Mr. Randazza's appeal is REINSTATED. Signed by Judge Jennifer A. Dorsey on 3/15/16. (Copies have been distributed pursuant to the NEF - MMM) (Entered: 03/15/2016) |
| 05/26/2016 | 304 | Mail Returned as Undeliverable re 302 Order, addressed to Crystal Cox. No new address, did not resend. (TR) (Entered: 05/27/2016) |
| 05/26/2016 | 305 | Mail Returned as Undeliverable re 303 Order, addressed to Crystal Cox. No new address, did not resend. (TR) (Entered: 05/27/2016) |
| 10/19/2016 | 306 | MOTION to Lift Stay by Plaintiffs Jennifer Randazza, Marc J Randazza, Natalia Randazza, Counter Defendant Marc J Randazza. (Attachments: # 1 Exhibits 1 - 4)(Austin, F.) (Entered: 10/19/2016) |
| 12/02/2016 | 307 | ORDER. IT IS HEREBY ORDERED that 306 Marc Randazza's motion to lift the stay pending appeal and refer claims to the bankruptcy court is GRANTED in part: Crystal Cox's counterclaims against Marc for defamation and legal malpractice are REFERRED to the bankruptcy court and the stay pending appeal is temporarily LIFTED for the limited purpose of making that referral. Marc's motion is DENIED in all other respects. Signed by Judge Jennifer A. Dorsey on 12/2/16. (Copies have been distributed pursuant to the NEF - cc: Certified Copy of Order to Bankruptcy Court (placed in box) - ADR) (Entered: 12/02/2016) |

| 12/14/2016 | 308 | Mail Returned as Undeliverable re 307 Order on Motion to Lift Stay addressed to Crystal Cox. No New Address - Did Not Resend (JM) (Entered: 12/15/2016) |
| 04/10/2017 | 309 | ORDER of USCA, Ninth Circuit re 242 Notice of Appeal. **USCA Case Number 15-15610**. (MR) (Entered: 04/17/2017) |
| 12/15/2017 | 310 | NOTICE of filing Appeal with Bankruptcy Court by Crystal L. Cox re 307 Order on Motion to Lift Stay of Case. **Updated Address per Envelope: 2753 NW 34th St Boca Raton, FL** (JM) (Entered: 12/18/2017) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 02/19/2018 14:10:56 | | |
| **PACER Login:** | larsonzirzow | **Client Code:** | 9999-999 |
| **Description:** | Docket Report | **Search Criteria:** | 2:12-cv-02040-JAD-PAL |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

# EXHIBIT 2



Crystal L. Cox, Pro Se
406-624-9510
PO Box 2027
Port Townsend, WA 98368
SavvyBroker@yahoo.com
ReverendCrystalCox@Gmail.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
2:12-cv-02040-JAD-PAL

CRYSTAL L. COX,
Defendant, Counter Plaintiff

v.

MARC J. RANDAZZA, Individually and Professionally
Plaintiffs, Counter Defendant

Randazza Legal Group, Counter Defendant

**Counter Complaint**
**Demand for Jury Trial**

**Cause of Action**

1.) Defamation

2.) Harassment

3.) Abuse of Process

4.) Malpractice

5.) Tortious Interference / Interference with Business Advantage

6.) Civil Conspiracy

7.) Violation of First Amendment Rights

1

Counter Plaintiff appears in this action "In Propria Persona" and asks that her points and authorities relied upon herein, and issues raised herein, must be addressed "on the merits", Sanders v United States, 373 US 1, at 16, 17 (1963); and addressed with "clarity and particularity", McCleskey v Zant, 111 S. Ct. 1454, at 1470-71 (1991); and afforded " a full and fair" evidentiary hearing, Townsend v Sain, 372 U.S.293, at p.1 (1962). See also Pickering v Pennsylvania Railroad Co., 151 F.2d 240 (3d Cir. 1945).

Pleadings of the Counter Plaintiff shall not be dismissed for lack of form or failure of process. All the pleadings are as any reasonable man/woman would understand, and are written to the best of Counter Plaintiff's ability and knowledge.

For complaint against Counter Defendant MARC J. RANDAZZA ("Randazza"), and Counter Defendant Randazza Legal Group, Counter Plaintiff Crystal L. Cox Alleges as Follows, Under Knowledge and Belief;

## I. INTRODUCTION

**1.) On Nov. 29th, 2011** Cox had a one day trial in Portland OR for Obsidian V. Cox (CV 11-0057 HA). Cox was ruled to have no First Amendment Rights, ruled that the Shield Law, Retraction Laws and Anti-Slapp laws did not apply to Cox, the court ruled that this was due to her being a blogger and not a "journalist" associated with an established media network.  Cox lost at Trial, and Plaintiff was awarded a $2.5 million judgement against Cox.

**2.)  On Dec. 6th 2011**, UCLA Law Professor Eugene Volokh called Cox and asked if Cox was open to him representing her Pro Bono (no fee's at all), Cox said she was. Professor Volokh had to get approval from Mayer Brown in order to finalize a contract with Cox. Therefore it was not a 100% yet. Cox remained open to counsel and was, at that time researching Pro Se representation on her Ninth Circuit appeal.

**3.)  On Dec. 10th, 2011** one of Cox's anti-corruption bloggers on her blog network, Michael Spreadbury, contacted Cox and said that he had been in contact with an attorney named Marc Randazza. Spreadbury asked Cox if she was open to a conference call with Randazza, to discuss his possible Pro Bono representation of Cox in her Ninth Circuit Appeal. This was the first time Cox had ever heard of Marc Randazza in any way.

Out of respect for Spreadbury, Cox took the phone meeting. On this call Randazza discussed Cox's case, her strategy, the emails alleging Cox being an extortionist, her MT real estate license, and discussed whether Cox appealing was a good idea. Randazza told Cox that Pro Bono would cost her a min. of $5000 for his various fees.

Randazza told Cox that it may not be best for others if she appealed Obsidian v. Cox. Cox told Randazza that she wanted to do what was best for all but that she really wanted to appeal the verdict as she felt this was in the best interest of all anti-corruption bloggers, citizen journalists

2

and whistleblowers. On this First Call Randazza asked Cox to email him all of the files on the case, and all related documents of which Cox did. Randazza did not commit to representation and knew that time was of the essence. Randazza claimed he may have a conflict of interest with the Media Bloggers Association, and had to review the record to make sure that Cox had preserved the right legal arguments for appeal.

Also on this first Call, Randazza told Cox that those higher up in the Porn Industry had contacted him and asked him what he was going to do about the Crystal Cox Case? As Cox's First Amendment verdict affected the Porn Industry.

**4.)  On December 15th 2011,** Volokh contacted Cox via eMail stating that he had heard through channels, that Randazza was Cox's attorney, and he wanted to confirm this with Cox herself.

Cox told Volokh that Randazza had not confirmed to be Cox's attorney, and Cox had not signed an agreement with Randazza. Cox and Volokh then had a phone conversation regarding the representation issue. Volokh told Cox that attorneys of the First Amendment bar had told him that Randazza represented Cox. And that he, Volokh, had called Randazza to discuss / confirm this representation, as he thought he was still in the running to represent Cox, and he offered Randazza any support he could on this massively important constitutional rights issue. Randazza told Volokh that he was, indeed, representing Cox. And that he had put in effort, time and material into this representation. And was in fact working on negotiations with the Opposition ( David Aman, Tonkon Torp Law Firm and Obsidian Finance Group).

After Volokh got off the phone with Randazza he contacted Cox to confirm what had happened and that Randazza represented Cox and offered any support he could be in the case.

Cox was upset, and rightly so, as not only had Counter Defendant Randazza had been negotiating with Plaintiff (Obsidian) on a "deal" of which Counter Plaintiff Cox had never been told the details of, but he had no contract with Cox, had not committed to representation, and was recklessly, negligently interfering with the case against the wishes of what he knew Cox, the client, wanted. Randazza was negotiating a way in which Cox would not get to appeal, letting the clock run out on Cox's deadline to appeal, and chasing away other First Amendment Bar attorneys, all not in the best interest of the client nor what the client (Cox) wanted, as Randazza fully knew per the prior phone conference.

Randazza harmed Cox, acted unethically and violated the rights of Cox, acting as her attorney. Randazza's call lying to Volokh almost lost Cox the attorney she wanted, and the appeal that was in the best interest of Cox and bloggers like her, as well as in the best interest of society as a whole.

After Randazza and Volokh got off the phone. Randazza emailed Cox and said that he thought it over and would represent Cox. Randazza had already been acting as Cox's attorney and

3

negotiating against the best interest of Cox and what Cox wanted in her own case.

Cox, then knowing what Randazza had done to harm her, told Marc Randazza that he was fired and that she did not want his representation and to make sure that he knew he did not represent Cox on any further matters, and had no authority to act on her behalf. Cox included Volokh in these emails.

Randazza emailed Cox and claimed he had no issue, and said to let him know if he could help. He spoke in high regard of Cox and what she does online and all seemed well.

As seen in the media surrounding Cox's Ninth Ruling there is no case such as Obsidian v. Cox. This case is the first of it's kind in new media and Randazza really wanted to represent Cox and the media attention that went with it. There was no precedent that gave equal rights to all bloggers as to those of traditional journalist of institutional press such as the New York Times and Forbes. This is a groundbreaking case and Randazza was angry that he did not "get to" represent Cox, however he acted as if he was fine and spoke highly of Cox's online skills.

**5.)  January 16th, 2012,** Cox emailed Randazza to ask if he knows anyone that would hire her for marketing as she needed to make money. All Cox was doing was asking Randazza if he knew anyone that needed marketing, as he had previously praised her skills.

Cox told Randazza that she had purchased MarcRandazza.com when she thought he might represent her as she does PR for her own case and planned to promote the case on it, but that now that he would not be her attorney it could be used to market him if he was open to this. Cox had not written a word on a blog, nor used that domain name.

Cox, as a standard of practice, has, for over 10 years purchased domain names that have the keywords in them of the stories she is writing on or promoting, having learned this in massive study and application  of internet marketing and search engine optimization. The domain name was not purchased to extort Randazza, nor anyone else. The domain name was not bought to intimate Randazza or anyone else. Cox never made any money from the name nor used the domain name commercially in any way.

Cox would have gave Randazza the name, after he was not going to be a part of her case, had he not been so threatening, so over the top aggressive. This aggression,  on top of what he done to attempt to sabotage Cox's appeal, Cox decided to then use the domain name to review, parody, speak critical of and expose the unethical, aggressive actions of Marc Randazza and Randazza Legal Group in effort to warn the public at large.

Randazza demanded Cox turn over the domain, he threatened Cox in making an enemy of him, and he went into a rage. Cox then decided to buy more domain names, and start more blogs speaking critical of and reporting on Randazza.
After this Cox began to get tips from Porn Industry insiders, of which Cox also posted.

4

**6.)  Approx. March 1, 2012,** Cox was contacted by Porn Insider, Investigative Blogger Monica Foster aKa Alexandria Mayer (hereafter Foster). Foster was supportive of Cox's reporting on the Porn industry and told Cox of her blogs. From this point on Cox reposted information from Foster's blogs as well, in effort to support victims of organized crime in the porn industry, human trafficking and those seriously abused in the porn industry. Also around this time Cox was introduced to Desi Foxx aKa Diana Grandmason, a certified human traffic victim of the porn industry. Both had stalkers, threats and harassment from those at and connected to RLG. Foxx is also a Porn Industry insider, investigative blogger reporting on Randazza and porn industry connections to organized crime.

**7.)   On March 7th, 2012,** Randazza became so enraged at not representing Cox and Cox speaking critical of him that he contacted Obsidian ( the Opposition) and agreed to conspire with them to convince Judge Hernandez and the world that Cox was guilty of Extortion. Though no criminal complaint, no trial, no cause of action, no investigation and certainly no conviction had ever been given to Cox for the Felony crime of extortion, or any crime.

Randazza had contacted Tonkon Torp Law Firm, Opposition in Cox's case and offered to give testimony that would set Cox up for Extortion. Cox representing herself got a copy of a Subpoena given to Randazza for a deposition. Randazza never attended this deposition and later claimed that Cox had purchased domain names and intimidated him as a "witness".

Randazza violated attorney client privilege and sought extreme revenge, retaliation against Cox whom he had prev. acted as her attorney with these same parties.

After this Judge Hernandez, convinced Cox was guilty of extortion, without an investigation into any evidence, nor due process in the criminal justice system, only the word of 2 attorneys David Aman (Obsidian's Attorney) and Randazza (Cox's former attorney), Judge Hernandez denied Cox a new trial and even referred to Cox's extortion activities as if they were proven fact in a court of law which they were not. Extortion was simply an allegation from David Aman, Attorney and Marc Randazza attorney and had no factual evidence, no court process, no investigation and no due process of law of any kind within the criminal justice system.

After this, the New York Times article went into detail of how Cox was guilty of extortion. Big and small media world wide picked up the story as well. And Randazza continued to post and spread false and defamatory statements against Counter Plaintiff Cox, with actual malice as he had personal and professional knowledge of the facts.

**8.) On or around March 12th, 2012,** Cox purchased JenniferRandazza.com, as Cox had seen a blog post on Randazza's blog with a liquor drink and the words "where babies come from" under it, the post talked of knocking up Jennifer on a Drunken Tryst. Randazza, a self professed expert in domain names did not own the name and at that time Randazza was on Fox News and

5

CNN sticking up for Rush Limbaugh calling Sandra Fluke a Slut. Cox used the domain name along with others to expose Randazza for being hypocritical, and to make fun of Randazza and his wife.

Cox bought the domain name of their daughter to poke fun at Randazza, and prove that he was not what he claimed to be as a domain name expert attorney.  Cox never had a blog nor posted anything on the domain name, though it is legal to do so and Cox's free speech right. Cox simply bought the domain name to stand up to, and poke fun at Randazza.

Cox purchase MarcRandazza.me to further poke fun at the, over the top anger, Randazza was displaying even though he defends the rights of others to speack critical, call names, parod, poke fun and even defended the owner of GlenBeckRapedandMurderedAyoungGirlin1990.com.

Currently Randazza is defending Kate Gosselin''s right to privacy in emails and personal records while at the same time publicly humiliated, defaming, and ruining the life of Counter Plaintiff Cox with her private emails and using false subpoenas to get Cox's private information.

Cox never offered to sell Marc Randazza a domain name, nor remove any content for a fee of any kind. Randazza claiming this to media, perjuring court documents stating Cox extorting him and stating in worldwide publications that Cox is an Extortionist has ruined Cox's life, put Cox under massive constant duress, lost Cox clients, income and the ability to even rent a home. Cox currently lives in church housing.

Counter Plaintiff Cox simply stood up to Randazza and he has used his power and influence over the media, law bloggers and the courts to paint Cox out as evil, a criminal, a liar, someone who attacks a 3 year old and continues to lie and torment Cox to this day.

**9. ) Approx. March 30th, 2012,** Counter Plaintiff Marc Randazza began publishing false and defamatory statements concerning Plaintiff Crystal Cox, attacking a 3 year old online and being guilty of extortion. Kashmir Hill of Forbes then interviewed, spoke with Counter Defendant Randazza and published these same  false and defamatory statements to a third party concerning Counter Plaintiff Crystal Cox.


**10.) On April 2nd 2012,** Kashmir Hill, Forbes began publishing false and defamatory statements to a third party concerning Plaintiff Crystal Cox, attacking a 3 year old, via the false and defamatory statements of Counter Defendant Randazza. Counter Plaintiff Cox had no blog about a 3 year old, made no statements online about this three year old, yet Kashmir Hill knowingly posted false and defamatory information regarding Cox.

Jordan Rushie, Mulvihill and Rushie LLC published false and defamatory statements to a third party concerning Cox, in an article on Philly Law Blow, by Jordan Rushie, Titled " The Evolution of Crystal Cox: Anatomy of a Scammer", dated, **April 3rd 2012**. Jordan Rushie posted false and

6

defamatory statements regarding Cox being guilty of extortion and attacking a three year old.

**On April 6th 2012,** Bob Garfield, NPR interviewed Counter Defendant Marc Randazza on New York Public Radio. The show was called "COMBATING "BAD" SPEECH WITH MORE SPEECH", Dated, April 06, 2012. Bob Garfield and Counter Defendant Randazza stated false and defamatory, slanderous statements to a third party concerning Counter Plaintiff Cox.

Bob Garfield and Defendant Marc Randazza, with actual malice and knowledge of the facts, accused Counter Plaintiff Cox of attacking a child online, of being guilty of extortion, and all manner of unethical and criminal activity. These false and defamatory statements to a third party concerning Counter Plaintiff Cox in this world wide medium of communication has caused Cox immeasurable, irreparable damage, and essential set Cox's life to ruin.

**PopeHat Article April 6th, 2012.** Randazza gets all his lawyer friends, to gang up on Cox and paint her in false light. Which continues to the day.

**11.)  4-14-2012** Randazza files Protective Order Against Cox in Las Vegas Courts.

**12.)   Mid April 2012,** Cox gave MarcRandazza.com, Jennifer Randazza.com and NataliaRandazza.com to porn industry insider investigative blogger Monica Foster to further her efforts in protecting children, helping human trafficking victims, giving voice to those connected to Randazza that were being threatened stalked and harassed, and to report on organized crime in the porn industry.

After this Randazza, tried to set Foster up for Extortion. Randazza pressured her, bullied her. Randazza, through connections inside of Godaddy, stole JenniferRandazza.com out of Fosters account. Randazza posted extreme hate online against Foster, her Christian belief, and wished her death. He also dove into personal information, got the name and make of her car and posted this in threats. Thereafter, Foster was in fear of her life and told Cox she needed to get rid of the domain names left. Cox took the names back, Cox immediately deleted NataliaRandazza.com and began posting on MarcRandazza.com.

**13.)  4-27-2012** - Randazza works with Tonkon Torp to help them attempt to seize domain names, Randazza recommends receiver Lara Pearson, as he had previously used her in the Righthaven case.  Randazza advised attorney David Aman to use Lara Pearson as a receiver to come for Cox's assets' as Randazza had worked with her before in the Righthaven case

**14.)  On Jun 18th 2012,** Defendant Marc Randazza filed a Czech court complaint against Cox and Eliot Bernstein, to initiate a domain name dispute. In this case, Counter Defendant Randazza stated false and defamatory statements to a third party concerning Cox and Eliot Bernstein.  Randazza used Kashmir Hill of Forbes, Lawyer Jordan Rushie and New York Tiems David Carr's false and defamatory statements as his evidence to steal the intellectual property of Plaintiff Cox.

7

**15.)  On July 27th 2012,** Defendant Marc Randazza filed a WIPO complaint against Plaintiff Cox and Eliot Bernstein, to initiate a domain name dispute, and with no filing fee. In this case, Counter Defendant Randazza stated false and defamatory statements to a third party concerning Cox and Bernstein and accused them both of the felony crime of extortion, without filing criminal charges, simply uses his power and influence as an attorney to state the allegations as fact.

Counter Defendant Marc Randazza used Kashmir Hill, Jordan Rushie and David Carr's false and defamatory statements as his evidence to steal the intellectual property of Cox and Bernstein, and with no First Amendment Adjudication.

**16. )  On November, 28, 2012**  Counter Defendant Marc Randazza filed a legal action, a vengeful, defamatory SLAPP suit,  against Counter Plaintiff Cox in the District of Nevada.  In this legal action Randazza, Cox's former attorney, stated that Plaintiff Cox had extorted him and gave the false and defamatory statements of Defendants as his evidence.

Randazza did not file criminal charges with the "authorities. Nor did Counter Defendant Randazza file charges with the attorney general or any other body of authority, regarding his allegations that Cox and Bernstein had extorted him, was guilty of extortion or had been in a prior case where Cox was found guilty of extortion, or even under investigation for extortion.

Randazza lied to the District of Nevada stating that he had a Trademark at that time, which he did not. Randazza used a TRO to take massive amounts of intellectual property and shut down speech with no first amendment adjudication or due process.

The domain names in the suit were seized and given to Randazza, which is not standard of practice, usually domains in a case such as this are frozen in the account they are in, until the dispute is over. Randazza used Cox's proprietary search engine skills against her own reputation and business by redirecting Cox's intellectual property to a blog post on his law blog that posted false and defamatory statements against Cox.

This has caused Cox irreparable harm, suffering, and loss of business, family, friends, and quality of life for 16 months and counting.

**17.)  On Nov. 30th 2011,** Attorney, INTA colleague of Counter Defendant Randazza; Peter L. Michaelson, Sole WIPO Panelist, published false and defamatory statements to a third party concerning Counter Plaintiff Cox and Eliot Bernstein in a WIPO publication, which has a widespread, international reader base.

Peter L. Michaelson quoted New York Time's David Carr's defamatory and false statements made to a third party concerning Counter Plaintiff Cox and used Carr and Hill's false and defamatory statement as evidence against Cox in seizing domain names belonging to Cox and

8

to Eliot Bernstein, iViewit Inventor.

Peter L. Michaelson took the stated word of Counter Defendant Marc Randazza with no adjudication for the crime of extortion or due process and published these false and defamatory statements to a third party.

After Peter L. Michaelson's false and defamatory statements to a third party concerning Counter Plaintiff Cox and Eliot Bernstein were published in an International WIPO publication, Counter Defendant Marc Randazza via his attorney Ronald D. Green of Randazza Legal Group used these false and defamatory statements to a third party concerning Cox and Bernstein to further harm, harass, defame and retaliate against Counter Plaintiff Cox and Bernstein.

Randazza used the WIPO decision as evidence in his District of Nevada case against Cox and Bernstein that they were guilty of extortion, when in fact Randazza has stated those words to WIPO and they were taken falsely as facts, or evidence of law.

This WIPO publication then became official evidence and alleged proof in Counter Defendant Randazza's case against Plaintiff Cox and Eliot Bernstein (District of Nevada Case 2:12-cv-02040-GMN-PAL).

Judge Gloria Navarro used the "evidence", "legal commentary" and slough of false and defamatory statements from Randazza, as justification to give massive domain names and intellectual property to Randazza in a preliminary injunction. This wiped out thousands of links, wiped out the search engine ranking of Plaintiff Cox, deleted massive amounts of content that Cox had created online, and damaged Cox's intellectual property, business, reputation and online media. As well as used Cox's hard work for Randazza to commercial gain, get new clients, keep clients and steal Cox's traffic and direct to his commercial business, his law firm.

This action also removed blogs that reported on organized crime in the porn industry, blogs speaking critical of Randazza and the porn industry and blogs exposing the porn industry's unlicensed use of Eliot Bernstein's video coding technology, iViewit.

The preliminary injunction and redirecting Cox's blogs to Randazza caused a backlash of defamation, harassment, retaliation and loss of reputation, clients, friends and family, and caused serious, irreparable harm to Counter Plaintiff Cox.

**18.) November 30-2012** Randazza v. Cox WIPO Arbitration Decision Post on Randazza Blog, Attacking Cox and accusing Cox of Extortion, yet again.

**19.) December 2012,** Upon knowledge and belief, Randazza advised Tonkon Torp Lawyer David Aman, counsel for Obsidian Finance Group on how to STOP Cox from appealing to the Ninth Circuit. Cox had no counsel in the area of her assets, and the execution of her 2.5 Million dollar judgement. Counter Defendant Randazza and attorney David Aman conspired to file

9



documents with the Multnomah County Sheriff's Office (Portland, OR) to seize and auction off Cox's right to appeal Obsidian v. Cox. The documents stated that Cox's right to appeal her Ninth Circuit case would be SOLD to the highest bidder to pay off her $2.5 Million Dollar Judgement owed to Obsidian. Cox's appeal was already well under way. Cox contacted her appeal attorney Eugene Volokh and he got approval to represent Cox on the matter. (As seen in document numbers 144 and 145 of Obsidian v. Cox, Dist. of Oregon)

**20.)  All of 2013,** Randazza filed motions in courts harassing Cox, participated in hate and defamation campaigns, interviewed in big and small media and stated false and defamatory information, threatened and intimidated Cox, harassed Cox's sources inside the porn industry, emailed many individuals and business attempting to get others to accuse Cox of extortion and join his hate and defamation campaign against Cox.

Cox received threatening texts, online hate, taunting, and constant duress for those connected to Randazza.

**21.)  On January 27th 2014,** Randazza Legal Group (RLG) issued a subpoena to Godaddy, the Notice of Subpoena was District of Nevada, and signed by "Law Clerk" at RLG, signature cannot be made out, and no printed name. The actual subpoena to Godaddy said "District of Arizona" on the documents, and stated that a C. DeRose at 5131 N. 40th St, A310, Phoenix AZ would examine all financial data, electronically stored information, billing data, IP data, server data, all phone numbers, and contact of anyone associated with accounts or to the specified people that Randazza wanted personal, financial and intellectual property information on; to be examined on Feb. 7th, 2014. The Exhibit to this subpoena was a District of Nevada document stating further persona, private, and financial data that RLG was commanding that Godaddy turn over to them in regard to Crystal Cox.

This Subpoena gave RLG access to the private and financial information of porn industry insiders, whistleblowers such as Monica Foster and Diana Grandmason, both exposing RLG and their connections to Organized Crime in the Porn Industry, prostitution forced on porn actors, pedophiles connected to RLG and the activities of the Free Speech Coalition and RLG to move the porn industry to Las Vegas.

This Subpoena also gave RLG access to the private data and financial information of iViewit inventor Eliot Bernstein, of which is an inventor Cox has been reporting on for over 4 years.

Over a Decade ago iViewit Technology invented a video coding technology that changed pixelated video to clear crisp video. Counter defendant Randazza's clients make billions a year off of this technology, in which they infringe on.

10

**22.)  On January 27th 2014,** Randazza Legal Group (RLG) issued a District of Nevada subpoena to Verizon Wireless, the actual Subpoena is District of Northern Texas, this subpoena commands Verizon, though Klemchuk Kubasta LLP 8150 N. Central Expressway, 10th Floor Dallas, TX to be allowed to inspect documents requested on February 10th, 2014.

The Exhibit to the subpoena, a District of Nevada document COMMANDING that Verizon give Counter Defendant Randazza, Cox's personal private information, phone numbers, personal calls, business calls, billing and payment information, data that breaches the privacy of countless individuals and companies, lawyers, media, clients, customer, and friends of Cox.

This subpoena also gave Randazza access to phone numbers and data of sources whom had told Cox of issues of organized crime, prostitution and more in which Cox was reporting on connected to RLG, the Free Speech Coalition and the Organized Crime in Porn. Including delicate and private information, texts, phone numbers, contacts of those who have been threatened by RLG and connections. The Subpoena also requested all other numbers on the account thereby unjustly data mining Cox's family, friend, business partners, and personal relationships.

The Subpoena also allowed RLG to access who may help Cox pay her bills, or help her to have a phone. As Cox has no money, no home and is penniless due to the relentless actions of Cox. This compromises the private information of those helping Cox to have a lifeline, a phone. This could also give RLG access to where Cox is located at all times and as Counter Plaintiff Cox has stated many times in this case, Cox's life is in danger, under constant duress and threats by those in the porn industry connected to Randazza and this is potentially life or death to Cox and her sources.

Cox claims Randazza issued a false instrument, impersonated a Subpoena and has caused Cox and those connected to her irreparable harm.


**23.)  On Feb. 2, 2014** Counter Defendant Randazza filed an Amicus Brief in the Ninth Circuit Court of appeals to attempt to convince the Ninth Circuit panel in a civil trial defamation case, (Obsidian v. Cox) that Counter Plaintiff Cox is a criminal.

Randazza flat out lied stating "Cox is an Extortionist" in sworn documents to the Ninth Circuit.

Randazza states that Cox extorted him, yet Randazza never filed a criminal complaint in a proper jurisdiction and venue, instead, abusing his power and privilege as an attorney Randazza uses civil courts, WIPO, and mass media to frame Cox, paint Cox in false light, and make Cox look guilty of the crime of extortion without allowing Cox due process of law within the Criminal Justice System, or Cox having a Criminal attorney appointed to her.

In this 9th Circuit Amicus Randazza used his ruling, via his own words, in this court ( District of

11

Nevada, Randazza v. Cox and Bernstein) regarding an unconstitutional TRO, and his words in a WIPO complaint both against Cox and Eliot Bernstein, stating this was evidence that Cox had been adjudicated and found guilty of the crime of extortion.

Cox has never been on trial for extortion, under investigation for extortion, adjudicated for extortion or convicted of extortion.

Randazza also used as his alleged evidence in his Ninth Circuit amicus stating Cox is an Extortionist, a MT real estate board hearing proposal regarding a complaint against Cox regarding MT agency law ( real estate representation laws ) and having nothing to do with extortion.  The proposal was dated July 5th 2013, and was a preliminary hearing document.

The Hearing in this Matter, as the record shows was Nov. 21st, 2013, Randazza did not include updated documentation as that did not support his false allegations. Randazza deliberately used a preliminary TRO, a WIPO Decision and an unadjudicated ruling to cause Cox further irreparable damage, and with actual malice and knowledge of the facts.

January 15th, 2014 was the Adjudication Hearing in this matter, Cox could not attend any hearing on the matter out of lack of money, transportation and fear for her life.

Cox was not a licensed Real Estate Broker in the State of Montana as of October 2013 due to loss of her home, and extreme duress. Cox now has a real estate firm in the State of Washington as of April 2013.

On Feb. 4th, Don Harris, Special Assistant Attorney General,Department of Labor and Industry for the State of Montana, emailed Cox and affirmed that Cox was not under review or disciplined in any way for "committing the criminal offense of extortion".

On Feb. 8th, 2014 the Final Order was issued in this Montana Real Estate agency, non criminal matter and Cox was fined $1000, given 6 months suspension and 8 hours of ethics classes as her disciplinary action. This case was not criminal and NOTHING to do with extortion.

**24.)  On February 13th** RLG Admitted to Cox the following:

Feb 13 at 6:23 PM

Upon further review of the subpoenas issued to GoDaddy, we realize that they were not properly issued.  Pursuant to December 2013 changes to the Federal Rules of Civil Procedure, the subpoenas should have been issued from the United States District Court for the District of Nevada and not the District of Arizona.  (*See* Fed. R. Civ. P. 45(a)(2).)  Accordingly, we withdraw the subpoenas.

_____

Ronald D. Green, Jr.
**Randazza Legal Group**

12

Thereby admitting that Randazza Legal Group, licensed in Arizona as well as Nevada, and having Superior Knowledge of the Law, had used a false instrument, a forged document per say that was not properly issued in order to gain private information of Cox, Monica Foster, Diana Grandmason, Eliot Bernstein and other contacts, friends, clients and business associates of Counter Plaintiff Cox.

**25.) On Feb. 13th, 2014** Randazza is in communication with Stephen Lamont, a man who is involved in the iViewit Technology patent thefts, Stephen Lamont has previously threatened Cox that she had better get her affairs in order while she still can. And is involved in ongoing FBI, DOJ, USPTO and SEC investigations regarding the stolen iViewit Technology. As well as named in federal RICO and Racketeering cases regarding the iViewit Technology and inventor Eliot Bernstein.

It appears that Randazza has been in communication with Lamont since Feb. 23rd of 2013.

Randazza clearly attempted to get Lamont to claim that Cox extorted him, asked for money from him. Randazza offers to represent Lamont for FREE if he will go after Cox in a cybersquatting lawsuit.

Lamont admits to helping Randazza to bankruptcy Eliot Bernstein.

Lamont has no acting authority in iViewit, yet continues to act against iViewit shareholders. Randazza is conspiring with Lamont to retaliate and harass Counter Plaintiff Cox and Eliot Bernstein.

In Randazza's communications with Lamont he digs into private family matters, trusts, iViewit technology financial information, and the private life and businesses of Eliot Bernstein.
All of which are under investigation with the Palm Beach County Sheriff's Office, under the Financial Crimes Unit, Special Investigations Division, Detective Ryan Miller, for fraud, forgery and possible murder in the Simon Bernstein and Shirley Bernstein Estate case which involves shares of iViewit.

## THE PARTIES

26.) Counterclaim involves Co-Conspirators, but is limited to Marc J. Randazza and Randazza Legal Group as per Order Granting Cox permission to counter claim against Marc Randazza Only. Cox has NO Claims regarding any other Randazza family member other than Marc J. Randazza.

13

## ALLEGATIONS COMMON TO ALL COUNTS

27.)   Counter Plaintiff Cox is an Investigative Blogger having over 1200 blogs and has been reporting on corruption for approx. 9 years. Cox has dedicated her life to giving voice to victims of corruption who have no other way to be heard. Cox is a nationally noted anti-corruption blogger and whistle blower.

28.) Cox has owned her own real estate firm since 2000 in multiple states. And has been a successful internet marketing for nutritional supplements for over 8 years.

29.) Marc Randazza has harassed, defamed, taunted threatened and violated the rights of Cox since Dec. 10th 2011, just after Cox's trial Obsidian v. Cox.

30.) Counter Plaintiff Cox has never posted any blog post reporting on corruption to seek a payment to remove such post. Cox has never built a blog nor posted on a blog at any time to later ask Randazza or anyone else she reports on for money, at any time.

Cox has never sought to gain commercially nor make a profit of any kind for any domain name, facebook page, news release, blog or web post regarding Randazza or anyone else.

Cox has never posted anything online or bought a domain name, ever to intimidate anyone from not testifying or for any other reason.

Randazza has lied about Cox, painted Cox in false light, ganged up with others to paint Cox out as an extortionist and has never filed a criminal complaint and gave Cox due process, though Randazza has superior knowledge of the law and knows that if he felt Cox was guilty of the felony crime of extortion that Randazza should contact the police, the FBI or other authorities. Instead Randazza used his power and influence over the media, the INTA, WIPO, law bloggers, Forbes, NPR and this court to paint Cox out to be a criminal guilty of the felony crime of extortion.

31.) Counter Defendant Randazza has a history of shakedowns to get litigants to do what he wishes. Randazza sues litigants to shut down blogs, has been called a copyright troll, sues and then forces his legal fees to be paid and has a history of using media and legal bloggers to create the picture that his target (litigant he sues) is guilty and therefore force them into settling and forces his outrageous attorney fees to be paid via court order. Which, notably has happened in several cases whereby Judge Gloria Navarro was the presiding Judge. ( Note: Respectfully, Cox has named Navorro in legal action and has been denied. Cox intends to file a lien against Navarro's bond in this court for the harm she has knowingly caused Cox in favor of Randazza Legal Group)

32.) Counter Plaintiff Cox has dozens of blogs, facebook pages, online reports and outlets to report on Counter Defendant Randazza and RLG in order to warn the public at large of their scams, connections to known pedophiles such as Kurt Brackob / Treptow, work with the Free

14

Speech Coalition to silence whistleblowers and porn insiders regarding moving the porn industry to Las Vegas and encouraging violations of Cal OSHA.

33.) Counter Defendant Randazza has targeted Eliot Bernstein, iViewit inventor, a victim of court and attorney corruption of whom Cox has reported on for over 4 years.

34.) Counter Defendant Randazza has targeted Monica Foster aKa Alexandrian Mayer, who is a porn industry insider, a whistle blower, an investigative blogger and has been stalked, threatened, and under extreme duress by Randazza and those connected to Randazza for years.

35.) Counter Defendant Randazza has targeted Desi Foxx aKa Diana Grandmason who is a porn industry insider, a whistle blower, an investigative blogger, a certified human trafficking victims and has been stalked, threatened, and under extreme duress by Randazza and those connected to Randazza for years.

36.) Counter Defendant Randazza has been out to sabotage Cox's ninth circuit appeal since Dec. 2011

37.) Counter Defendant Randazza has sought revenge constantly for Cox choosing UCLA Law Professor Eugene Volokh over Randazza in her Ninth Circuit appeal,

38.) Cox has been unable to obtain counsel in this matter, unable to receive protective orders, unable to enjoin the attorney general and has lost all rights to electronic filing which has caused a great hardship in defending in this matter.


## Cause of Action

All is written upon knowledge and belief of Counter Plaintiff Crystal Cox;

### First Cause of Action
#### U.S. Code › Title 28 § 4101 / 28:1332 Diversity-Libel, Assault, Slander 320 Assault, Libel, and Slander

39.) Counter Plaintiff Cox re-alleges all of the proceeding paragraphs, and fully incorporates the allegations above and incorporates all exhibits, motions, and pleadings she has previously entered into this case.

40.) Counter Defendant Randazza has knowingly, with actual malice, published false and defamatory statements to third parties regarding Cox.

15

41.) Counter Plaintiff Cox has suffered irreparable damage regarding these maliciously false and defamatory statements to multiple third parties over 2 years.

42.) Counter Defendant Randazza should be permanently enjoined from publishing further false and defamatory statements regarding Counter Plaintiff Cox.

43.) Counter Defendant Randazza used privileged information against Cox to Defame and Slander Cox, as well as attempt to Sabotage Cox's ninth circuit appeal and paint Cox out as a Criminal in regarding to proceedings of a civil trial.

44.) Randazza has used Forbes, NPR, Legal Bloggers, his Law Firms Blogs, WIPO Publications, Amicus Briefs, Court Filings, and more to Defame, Slander, harass and intimidate Cox.

45.) Randazza has relentlessly conspired to get others to join him in painting his former client, Cox, out to be a criminal guilty of extortion without filing a criminal complaint.

46.) Randazza's threats, actions and and ganging up on Cox with various others has kept Cox in constant duress, in fear of her life, unable to hire counsel, unable to rent a home and under constant attack for over 2 years. Cox has suffered irreparable damage.

## Second Cause of Action
### Harassment / 18 U.S. Code § 1514 / 18 U.S.C. § 2261A/
### 18 U.S.C. section 2425

47.) Counter Plaintiff Cox re-alleges all of the proceeding paragraphs, and fully incorporates the allegations above and incorporates all exhibits, motions, and pleadings she has previously

48.) Randazza has conspired to commit interstate stalking and conspiracy to use a telecommunications device to abuse, threaten, stalk and harass Counter Plaintiff Cox. 918 U.S.C. § 2261A (stalking) and 47 U.S.C. §223(a)(1)(c) (telecommunications abuse/threat/harass)

49.) Randazza has engaged in Cyberbullying, Threats, connected to text threats to Cox, blogs promoting hate against Cox, and constantly bullying, threatening and harassing Cox.
(18 U.S.C. section 2425)

50.) Randazza's harassment of Counter Plaintiff Cox has caused Cox irreparable harm of which Cox is entitled to compensation.

## Third Cause of Action

16

**All related Abuse of Process Laws / 28 U.S. Code § 268 0/**

51.) Counter Plaintiff Cox re-alleges all of the proceeding paragraphs

52.) Randazza abused his power and privilege as an attorney, as an officer of the court to stalk, harass, subpoena, intimidate, conspire with others, gang stalk, threaten, bully, and coerce Counter Plaintiff Cox.

53.) Randazza maliciously and deliberately misused his power and perversion of regularly issued court process, to cause irreparable harm to Cox

54.) Randazza filed court documents, used subpoenas, contacted private parties, used confidential information, used false instruments and subpoenas for ulterior purpose for which it was not designed for, in order to cause deliberate and malicious harm to Cox.

55.) Randazza committed a purposeful, malicious and willful act in the use of process which was not proper in the regular conduct of the proceeding.

56.) Randazza used the judicial process to extort or coerce counter Plaintiff Cox and force her to shut down her online speech which spoke critical of him, exposed organized crime in the porn industry, made fun of him and reviewed his law firm.

57.) Randazza contemplated, plotted, and orchestrated these actions for ulterior motives and misused his power of the court and judicial process.

58.) Randazza has used the judicial process for illegitimate purposes of shutting down Cox's speech, parody blogs, review blogs, anti-corruption blogs, all before First Amendment adjudication and having SUPERIOR knowledge of Free Speech laws and First Amendment Rights.

59.) Counter Defendant Randazza's used the court process for his own personal gain of shutting down speech, taking intellectual property that competed with him in the search engines and intimidating Cox, as well as painting Cox out to be a Criminal, has caused Cox irreparable damage. Cox is allowed all Relief allowed by law.

## Fourth Cause of Action
### Attorney / Legal Malpractice, Negligence / 38 U.S. Code § 7316 / 10 U.S. Code § 1054

Note: Pro Se Cox is unsure which U.S. Code is involved in Attorney / Legal  Malpractice, and hereby enacts any and all laws related to attorney client privilege, attorney abuse, neglect and malpractice.

60.)  Counter Plaintiff Cox re-alleges all of the proceeding paragraphs, and fully incorporates the

17

allegations above

61.) Counter Defendant Randazza used privileged information he gained from Cox acting as her attorney, to conspire with the opposition and harm Cox, to paint Cox in false light and to cause Cox irreparable damage.

62.) Randazza deceived Cox into thinking he was trustworthy, when in fact Randazza was trying to sabotage Cox's ninth circuit appeal, help opposition to steal Cox's appeal, defame and discredit Cox and and use his attorney / client privilege directly against Cox in multiple ways, thereby causing Cox irreparable damage of which Cox is is entitled relief.

63.) Randazza has refused, and this court has ruled that Cox is not entitled to know the name of Randazza's liability carrier for him personally as an attorney and his law firm Randazza Legal Group.

64.) Randazza used his attorney connections with Cox to attempt to chase off other lawyers, stall time for Cox to file her ninth circuit appeal, lie to other attorneys of his representation of Cox and to violate the rights of Cox.

65.) Randazza sued Cox in the District of Nevada to shut down Cox's blogs that spoke critical of him, though Randazza is a huge supporter of those who have blogs speaking critical of others. Randazza gave false information to this court in which resulting in an unconstitutional TRO in which shut down Cox's intellectual property and online speech with no First Amendment adjudication, this has caused caused Cox irreparable harm.

66.) Cox has no way to defend herself against her former attorney Counter Defendant Marc Randazza, and has thus been under massive and constant duress for 2 years and counting.

### Fifth Cause of Action
### Tortious Interference / Interference with Business Advantage

67.) Counter Plaintiff Cox re-alleges all of the proceeding paragraphs, and fully incorporates the allegations above and incorporates all exhibits, motions, and pleadings she has previously

68.) Counter Defendant Randazza has deliberately, directly and maliciously interfered with Cox getting clients, keeping clients, doing business as Randazza has called, emailed, and contacted individuals in various ways as well as has painted Cox out to be a felony extortionist in big and small media internationally and in sworn court documents. This has made it so Cox has lost her business, lost all revenue, is unable to rent a home, is unable to secure a job and is under constant hate, attack and duress.

69.) Counter Defendant Randazza has maliciously lied about Cox, painted Cox in false light, defamed Cox, mobbed Cox, threatened Cox, had others threaten and defame Cox on his behalf

18

and has attacked Cox in massive amounts of false public accusations, with actual malice, with knowledge that these allegations were false..

70.) Counter Plaintiff Crystal L, Cox has suffered irreparable damage personally and professionally. Therefore, Counter Plaintiff Cox is entitled to all allowable relief by law.


### Sixth Cause of Action
### Civil Conspiracy

71.)    Counter Plaintiff Cox re-alleges all of the proceeding paragraphs, and fully incorporates the allegations above

72.)  Defendant Marc Randazza conspired, confederated, and colluded to violate the rights of Counter Plaintiff Cox to the direct benefit of Counter Defendant Randazza and to Counter Plaintiff Cox's detriment.

 73.) Randazza conspired with many lawyers, law firms, WIPO, Forbes, NPR, and other large and small media. Cox has not named co-conspirators in this counter complaint as Cox was Granted court approval to file a counterclaim against Marc J. Randazza only, as this is how Cox understands Motion Granting this filing. ( Document number 162)


### Seventh Cause of Action
### Violation of First Amendment Rights

74.)  Counter Plaintiff Cox re-alleges all of the proceeding paragraphs, and fully incorporates the allegations above and incorporates all exhibits, motions, and pleadings she has previously

75.) Counter Defendant Randazza, having superior knowledge that what he was doing was unconstitutional, as he himself has previously stated in **Case No. 3D12-3189, Irina Chevaldina Appellant vs. R.K./FI Management Inc.;et.al** ;

"If a court issues an injunction prior to adjudicating the First Amendment Protection of the speech at issue, the injunction cannot pass constitutional muster."

"A Judicial Order that prevents free speech from occurring is unlawful. (Erwin Chemerinsky, Constitutional Law; Principles and Policies 918 (2002) ("The Clearest definition of prior restraint is.. a judicial order that prevents speech from occurring:"

"Prior Restraints are "the most serious and least tolerable infringement on First Amendment Rights." Neb. Press Ass'n v. Stewart, 427 U.S. 539, 559 (1976). There is a "deep-seated

19

American hostility to prior restraint" Id at 589 (Brennan, J. concurring).

Injunctive relief to prevent actual or threatened damage is heavily disfavored because it interferes with the First Amendment and amounts to censorship prior to a judicial determination of the lawlessness of speech. See Moore v. City Dry Cleaners & Laundry, 41So. 2d 865, 872 (Fla. 1949). "The special vice of prior restraint," the Supreme Court held, "is that communication will be suppressed... before an adequate determination that it is unprotected by the First Amendment". Pittsburgh Press Co v. Pittsburg Comm'n on Human Relations, 413 U.S. 376, 390 (1973). Also se Fort Wayn Books Inc. v Indiana, 489 U.S. 46, 66 (1989); M.I.C., Ltd v Bedford Township, 463 U.S. 1341, 11343 (1983.)"

""RKA sought extraordinary relief in the form of prior restraint to enjoin .. . This relief is not recognized in this State, nor anywhere else in the Country. In addition to ignoring the First Amendment Rights and almost a century's worth of common law, the .. court ignored virtually all procedural requirements for the issue of a preliminary injunction." Page 5 Paragraph ii of Opening Brief Appellate Case No. 3D12-3189, Irina Chevaldina Appellant vs. R.K./FI Management Inc.;et.al., Appellees. Attorney for Appellant Marc J. Randazza Florida Bar No. 325566, Randazza Legal Group Miami Florida. "

This case is now hereby referenced herein, in it's entirety.

Randazza knowingly used an unconstitutional TRO to shut down blogs of Cox, suppress speech, remove online speech that spoke critical of him, and it has been 16 months.

Not only did Randazza have this court shut down sites, he was given blogs and domain names and Cox's online speech and intellectual property was redirected in the search engines to a blog post on Counter Defendant Randazza's legal blog which incited hate against Counter Plaintiff Cox, maliciously and knowingly defamed and slandered Cox and linked to others in conspiracy against Cox.

76.) Randazza used his superior First Amendment knowledge to violated the First Amendment rights of Counter Plaintiff Cox with total disregard of her constitutional right, due process and the laws of the United states of America.

77.) Counter Plaintiff Cox asks this court to apply any and all Causes of Action deemed appropriate and lawful on Cox's behalf, in which Cox may have left out this counter complaint, as her limited knowledge of the law as a pro se litigant.

# **Request for Relief**

78)   Counter Plaintiff pray for judgment against counter Defendant Marc J. Randazza, individually, professionally and personally  in the amount of $10 Million Dollars

79.)   Counter Plaintiff pray for judgment against counter Defendant Randazza Legal Group (Law Firm)  in the amount of $10 Million Dollars

80.) Cox asks this court to enjoin Randazza from inciting hate against Cox, painting Cox out to be guilty of the felony crime of Extortion, knowing that it is false and deliberately causing Cox harm in retaliation for Cox's online speech regarding Randazza and RGL, and seeking retaliation / revenge for Cox choosing to appeal Obsidian v. Cox to the Ninth Circuit. An appeal that affects the Porn Industry, and retaliation for Cox choosing Eugene Volokh, UCLA Law Professor to represent her over Counter Defendant Marc Randazza and Counter Defendant Randazza Legal Group.

81.) Cox asks this court to apply any and all relief allowable to Cox in this matters, as well as any actual damages, punitive damage or any relief whatsoever allowable by law.


**Note to Court:**

Counter Plaintiff Crystal Cox cannot get legal counsel in these matters as suing, or defending herself when an attorney is the Plaintiff / Counter Defendant has become impossible as all law firms and attorneys Cox has approached refuse or state it is office policy to not represent a client against an attorney. Also Cox is in fear of her life and is in fear of direct communications and phone calls with Randazza's attorney, his own law firm RLG. Cox requests that this court rule that Randazza and RLG seek outside counsel in this matter, and grant Cox a court appointed, non-conflicted attorney.

Cox has asked this court to appoint her an attorney in "Motion Requesting Court Appointed Counsel" and has been denied. Therefore Cox once again asks this court to appoint her non-conflicted counsel as Cox has done the best she can to fight back against these powerful attorneys and law firms who are putting her life, her business, her clients, her family, and her friends under constant duress for over 16 months now.

Counter Plaintiff Cox also asks that this court understand that Cox has no legal training, is penniless, living in church housing and is doing the best she can to defend herself against Marc Randazza, and to please advise Cox where she falls short in these proceedings, as much as possible within the limit of the law.

21



Cox has had her electronic service revoked and has to borrow money to print and mail any documents as Randazza and Co-Conspirators have ruined Cox's business, reputation and put her in constant fear of her life and the life of her sources.


By _(signature)_____

Crystal L. Cox, Pro Se
406-624-9510
SavvyBroker@Yahoo.com
PO Box 2027
Port Townsend, WA 98368


## Certification of Service

Note: This Court removed Counter Plaintiff Cox's access to Electronic Filing and Cox can only receive and mail court documents via U.S. mail at this time.

On February 19th, 2014, Counter Plaintiff Crystal Cox certifies mailing a copy of this counter complaint to:


Attention: **Judge Jennifer A. Dorsey**
Las Vegas Courts
333 Las Vegas Blvd. S.
Room 3071
Las Vegas , NV 89101


and emailing a copy to Counter Defendant at
RDG@randazza.com and mjr@randazza.com

The Current Address for Cox is

Crystal Cox
PO BOX 2027
Port Townsend, WA  98368

SavvyBroker@Yahoo.com

X-RAYED U.S. MARSHALS SERVICE

7013 2250 0000 3646 0067

Attention: Judge Jennifer Dorsey
Las Vegas Courts
333 Las Vegas Blvd S.
Room 3071
Las Vegas, NV  89101

Cox
PO Box 2027
Port Townsend WA
98368

# EXHIBIT 3

1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF NEVADA**

8

9    MARC J. RANDAZZA, an individual,
     JENNIFER RANDAZZA, an individual, and        Case No.: 2:12-cv-2040-JAD-PAL
10   NATALIA RANDAZZA, an individual,

11              Plaintiffs,
                                                   **Order Granting in Part and Denying in**
12        v.                                       **Part Plaintiffs' Motion to Dismiss and**
                                                   **Denying Plaintiff's Motion to Strike**
13   CRYSTAL COX, an individual, et al.            **[Docs. 179, 180]**

14              Defendants.

15

16        This case arises out of the alleged targeting of Plaintiffs Marc Randazza, his wife Jennifer,

17   and their young daughter Natalia, by Defendant Crystal Cox, a self-proclaimed "investigative

18   blogger." Cox allegedly registered thirty-two internet domain names that incorporate Plaintiffs' first,

19   middle, and last name, or combinations of the three. Cox allegedly used the domain names intending

20   to capitalize on the use of the Randazza surname by offering services to rehabilitate Plaintiffs'

21   reputation caused by Cox's actions.

22        After this Court granted Cox leave to file permissible counterclaims against Marc Randazza

23   only,[1] Cox promptly filed a 22-page, single-spaced "Counter Complaint" against Plaintiff Marc

24   Randazza and (non-party) the Randazza Legal Group ("the RLG").[2] Plaintiffs now move to dismiss

25   _____

26        [1] Doc. 162.

27        [2] Doc. 164.

28                                   Page 1 of 17

the counterclaim in its entirety[3] or, alternatively, to strike the counterclaim[4] for exceeding the scope of the Court's leave order. The Court finds these motions appropriate for disposition without oral argument under Local Rule 78-2. The Court dismisses all of Cox's unauthorized third-party claims against the RLG. As to the claims against Mr. Randazza, the Court dismisses Cox's libel, defamation, and slander claim only to the extent it challenges statements made in a litigation context and thus protected by privilege; dismisses Cox's claims for harassment and First Amendment violation with prejudice, and Cox's claims for abuse of process, tortious interference with business advantage, and conspiracy without prejudice and with leave to amend only the abuse of process and tortious interference claims to cure deficiencies; and denies the motion to strike. The net effect of this order is that Cox's counterclaim remains only against Mr. Randazza and it consists of: a portion of claim 1 (libel, defamation, and slander only arising from statements made outside of litigation) and claim 4 (legal malpractice); all other counterclaims are dismissed, but Cox may file a motion asking for leave to amend her counterclaim to allege supplemental facts to support claims 3 (abuse of process) and 5 (tortious interference with business advantage) if she believes she can cure the deficiencies outlined below.

## Discussion

**I.     Motion to Dismiss**

Federal Rule of Civil Procedure 8(a) instructs, "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."[5] A district court may dismiss a claim under Rules 8(a) or 12(b)(6) for failing to state a claim upon which relief can be granted.[6] "To survive a motion to dismiss, a [claim] must contain

---

[3] Doc. 179.

[4] Doc. 180.

[5] Fed. R. Civ. P. 8(a).

[6] Fed. R. Civ. P. 12(b)(6).

Page 2 of 17

1    sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[7]

2    "[A claimant's] obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more

3    than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

4    do.  Factual allegations must be enough to raise a right to relief above the speculative level."[8]  The

5    Court is also "not bound to accept as true a legal conclusion couched as a factual allegation."[9]  To

6    state a "plausible" claim for relief, the claimant must "plead[ ] factual content that allows the court to

7    draw a reasonable inference that the defendant is liable for the misconduct alleged."[10]  This requires a

8    claimant to state "enough facts to raise a reasonable expectation that discovery will reveal evidence"

9    of the allegations charged.[11]  A pro se litigant's filings are to be judged by their function, with liberal

10   construction of "inartful pleading[s]."[12]

11        **A.      Claims against the Randazza Legal Group**

12        Cox's claims against the RLG are dismissed because they exceed the scope of the Court's

13   leave order and amount to an unauthorized third-party complaint.  The Court allowed Cox to state

14   claims against Plaintiff Marc Randazza **only**.[13]  Thus, Cox's inclusion of claims against the RLG

15   exceeded the scope of leave granted by this Court when allowing Cox to file an amended

16   counterclaim.

17        Moreover, Rule 14(a) of the Federal Rules of Civil Procedure limits any civil defendant's

18

19

20        [7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

21        [8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

22        [9] *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Sprewell v. Golden State*
23   *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

24        [10] *Iqbal*, 556 U.S. at 678–79.

25        [11] *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir.
     2011) (quoting *Twombly*, 550 U.S. at 556).

26        [12] *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).

27        [13] Doc. 162.

28                                   Page 3 of 17

ability to assert claims against parties that were not originally named in the underlying complaint.[14] It provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."[15] Cox's claims against the RLG are based solely on allegations unrelated to the underlying cybersquatting claims in Plaintiffs' original complaint and the RLG is not a party to this litigation.  Therefore, all claims against the RLG are unauthorized by rule or order and are therefore dismissed.

**B.    Cox's Counterclaims against Marc Randazza**

      **1.    Claim 1 - Libel, Assault, Slander**

Cox's first counterclaim is entitled "U.S. Code > Title 28 § 4101/28:1332 Diversity-Libel, Assault, Slander 320 Assault, Libel, and Slander."[16]  She begins this claim by realleging her prior 14 pages of single-spaced factual allegations and ads that Randazza "has knowingly, with actual malice, published false and defamatory statements to third parties regarding" her.[17]  She further alleges that he "used privileged information" against her to defame and slander her and to "attempt to [s]abotage Cox's [N]inth [C]ircuit appeal and paint Cox out as a [c]riminal in regarding to proceedings of a civil trial."  She concludes that Randazza "has used Forbes, NPR, Legal Bloggers, his law Firm[']s Blogs, WIPO Publications, Amicus Briefs, Court Filings, and more to [d]efame, [s]lander, harass and intimidate Cox," and "has relentlessly conspired to get others to join him in painting" Cox—"his former client"— "out to be a criminal guilty of extortion without filing a criminal complaint."[18] Based on these allegations, the Court liberally construes this claim as one for defamation.[19]

---

[14] Fed. R. Civ. P. 14(a).

[15] Fed. R. Civ. P. 14(a)(1).

[16] Doc. 15.

[17] *Id*. at ¶ 40.

[18] *Id*. at ¶¶ 41-45.

[19] *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) (acknowledging that courts must construe pro se motions and pleadings liberally).

In Nevada, a defamation claim requires a plaintiff to show: "(1) a false and defamatory statement of fact by the defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages."[20] Certain classes of defamatory statements, like "false statement[s] involving the imputation of a crime [have] historically been designated as defamatory per se," and are actionable without proof of damages.[21]

Randazza moves to dismiss this claim arguing that Cox "does not specify what any of these allegedly false and defamatory statements are." Despite this, he goes on to argue that the statement "Cox is an extortionist" was made during the course of litigation and is entitled to absolute privilege. Thus, despite Randazza's suggestions to the contrary, (and a review of her allegations reveals that) Cox has specified and refers to the defamatory statement that "Cox is an extortionist" in several places throughout her counterclaim.[22] However, as some of the statements were made during the course of litigation, the Court turns its analysis to Randazza's secondary argument that the communications on which Cox's claim is based are immune from suit based on the judicial privilege.

Nevada recognizes "the long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged."[23] Although the scope of the absolute privilege for communications during judicial proceedings is "quite broad" and only need be "in some way pertinent to the subject of controversy," it extends only to attorneys advocating for their clients and parties to the litigation.[24] This privilege is based on the policy that as officers of the court, attorneys ought to have "the utmost freedom in their efforts to obtain justice for their

---

[20] *Pope v. Motel 6*, 114 P.3d 277, 282 (Nev. 2005).

[21] *Id.* (citations omitted).

[22] Doc. 164, ¶ 7, 8, 10, 15, 16, 17, 20, 23, 30.

[23] *Fink v. Oshins*, 49 P.3d 640, 643 (Nev. 2002) (quoting *Circus Circus Hotels v. Witherspoon*, 657 P.2d 101, 104 (Nev. 1983)).

[24] *Id.* at 644.

Page 5 of 17

1    clients,"[25] and it affords parties the same protections as attorneys for defamatory statements made

2    during or in anticipation of judicial proceedings.[26]   Whether the absolute privilege applies is a

3    question of law for the court.[27]

4            Cox has alleged some communications that fall within the scope of absolute privilege and are

5    thus immune from suit and others that are not protected by the privilege and thus, actionable.  Within

6    the privilege are any statements made by Randazza during the course of, or in anticipation of,

7    judicial proceedings. This includes any statements made by Randazza in court documents filed in

8    this case or as an *amicus curiae* participant in the *Obsidian Finance Group, LLC v. Cox*[28] Ninth

9    Circuit appeal.  Therefore, to the extent that Cox's defamation claim is based on those litigation-

10   related statements, it is barred by the litigation privilege and must be dismissed.

11           Randazza urges the Court to find that any statement by an attorney, regardless of whether it

12   was made in the context of litigation would be absolutely privileged so long as the statement was

13   tangentially related to some ongoing litigation.  Randazza's interpretation is overly broad and

14   unsupported by legal authority.  Although the Nevada Supreme Court directs that the privilege be

15   construed "quite broadly," there are specific limitations on that broad reading: the statements must

16   be made by an attorney attempting "to obtain justice for their clients" or non-lawyer parties to the

17   litigation.  Cox has also alleges that Randazza made the subject comments to Obsidian Finance

18   Group, LLC's attorney David Aman,[29] Journalist Kashmir Hill,[30] and NPR host Bob Garfield[31]

19

20                    [25]  *Fink*, 49 P.3d at 643 (quotation omitted).

21
                      [26]  *Clark County School Dist. v. Virtual Educ. Software, Inc.*, 213 P.3d 496, 502 (Nev.
22   2009)(citing Restatement (Second) of Torts § 587 cmt. d (1977)).

23                    [27]  *Fink*, 49 P.3d at 643.

24                    [28]  *Obsidian Finance Group, LLC v. Cox*, 740 F.3d 1284 (9th Cir. 2014).

25                    [29]  Doc. 164 at ¶ 7.

26                    [30]  *Id.* at ¶ 9.

27                    [31]  *Id.* at ¶ 10.

28                                    Page 6 of 17

outside of litigation when he was a stranger to the *Obsidian Finance Group, LLC v. Cox* litigation and months before this lawsuit began. Randazza has not demonstrated that his statements in this regard and to these audiences are protected by the litigation privilege. Therefore, Cox's first cause of action for defamation shall proceed on the allegations in her counterclaim **except** those related to statements made in anticipation of or during the course of this litigation or Randazza's participation as an amicus party in the *Obsidian* appeal.

## 2. Claim 2 – Harassment

Cox's second claim for relief is entitled "Harassment," and alleges that Marc Randazza "has conspired to commit interstate stalking and conspiracy to use a telecommunications device to abuse, threaten, stalk and harass" Cox, has "engaged in [c]yberbullying, [t]hreats, connected to text threats to Cox, blogs promoting hate against Cox, and constantly bullying threatening and harassing Cox."[32] Cox cites to a number of federal statutes as the purported legal bases for this claim, but none affords her a private right of action for harassment. Cox first cites to 18 U.S.C. § 1514, which is entitled "civil action to restrain harassment of a victim or witness." But this statute only gives the court the authority to issue "a temporary restraining order prohibiting harassment of a victim or witness in a Federal criminal case" "upon application of the attorney for the Government." 18 U.S.C. § 1514 (a)(1). This is not a Federal *criminal* case, and Cox is not the attorney for the Government, so this statute has no application here.

Cox next references 18 U.S.C. §§ 2261A, which criminalizes stalking, and 18 U.S.C. § 2425, which criminalizes the use of interstate facilities to transmit information about a minor. These are criminal statutes, and Cox does not identify how they provide any private right of action. To the extent that Cox intended to state a claim for harassment based on Nevada law, her claim similarly fails because Nevada recognizes only the *crime* of harassment, not a civil action for harassment.[33] Cox's second claim for relief states no cognizable cause of action, and it is dismissed with prejudice.

---

[32] Doc. 164 at ¶¶ 48-49.

[33] *See* Nev. Rev. Stat. § 200.571(1).

Page 7 of 17

### 3.     Claim 3 — Abuse of Process

"Abuse of process is a tort recognized to provide a remedy for cases in which legal procedure has been set in motion in proper form, with probable cause, but nevertheless has been perverted to accomplish an ulterior purpose for which it was not designed."[34]  To successfully allege a tort claim for abuse of process under Nevada law, a plaintiff must establish two elements: (1) the defendant had an ulterior purpose in the underlying lawsuit other than resolving a legal dispute, and (2) the defendant willfully and improperly used the legal process to accomplish that purpose.[35]  The mere filing of a complaint with malicious intent is insufficient to state an abuse of process claim; there must also be some subsequent act to filing which abuses the process.[36]  Absolute privilege is a defense to abuse of process.[37]  "However, even when the privilege is considered 'absolute,' the following conditions must be met before it can apply: (1) the publication was made in a judicial proceeding; (2) had some connection or logical relation to the action; (3) was made to achieve the objects of the litigation; and (4) involved litigants or other participants authorized by law."[38]

For her third claim, Cox alleges that Randazza "filed court documents, used subpoenas, contacted private parties, used confidential information, used false instruments and subpoenas" for "his own personal gain of shutting down speech, taking intellectual property that competed with him in search engines and intimidating Cox, as well as painting Cox out to be a Criminal."[39]  The only publications that relate to "process" are the filing of court documents and issuance of subpoenas.

---

[34] *Rashid v. Albright*, 818 F. Supp. 1354, 1358 (D. Nev. 1993) (citing Prosser & Keaton, *Law of Torts* 896 (1984)).

[35] *LaMantia v. Redisi*, 38 P.3d 877, 880 (Nev. 2002).

[36] *Laxalt v. McClatchy*, 622 F. Supp. 737, 752 (D. Nev. 1985).

[37] *Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 440 F.Supp.2d 1184, 1196 (D. Nev. 2006) (citing *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 791 P.2d 587 (Cal. 1990).

[38] *Umansky v. Urquhart*, 84 Cal.Rptr. 547, 549 (Cal. App. 1978).

[39] Doc. 164, at ¶ 54, 59.

Page 8 of 17

1    The remaining allegations relate to other causes of action discussed in this order, such as defamation

2    and legal malpractice.  Thus, to the extent that this claim is based on allegations that Randazza

3    "contacted private parties, used confidential information, [or] used false instruments," these

4    allegations do not state a claim for abuse of process and the claim is dismissed with prejudice.

5         Even taking Cox's allegations about Randazza's filing of court documents and issuance of

6    subpoenas as true, such actions are protected by the absolute privilege.  All the publications were

7    made in this judicial proceeding, had some connection or logical relation to Randazza's allegations

8    against Cox in this action, were made to achieve the Randazza's stated object of the litigation, and

9    involved Randazza, as a litigant, and his attorney, as a participant authorized by law.[40]  Therefore, as

10   the absolute privilege precludes Cox's claims based on these publications, as pled Cox's abuse of

11   process cause of action fails to state a cognizable claim for relief.

12        The Court is not convinced, however, that Cox cannot state a viable abuse of process claim.

13   If the court grants a motion to dismiss, it may consider whether to grant leave to amend.[41]  The court

14   should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on

15   the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

16   undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the

17   amendment."[42]  Generally, leave to amend is only denied when it is clear that the deficiencies of the

18   complaint cannot be cured by amendment.[43]  Additionally, leave to amend may be denied when

19   "allegation of other facts consistent with the challenged pleading could not possibly cure the

20   deficiency."[44]

21

22        [40] *Umansky*, 84 Cal.Rptr. at 549.

23        [41] *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)("a district court should grant leave
     to amend even if no request to amend the pleading was made, unless it determines that the pleading
24   could not possibly be cured by the allegation of other facts.")

25        [42] Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

26        [43] *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

27        [44] *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008)(emphasis added).

28                                          Page 9 of 17

If Cox is in possession of additional facts consistent with those already alleged that can give rise to a viable abuse of process claim, amendment would not be futile. For that reason, this third cause of action is dismissed without prejudice. If Cox believes that she has additional facts and events (not previously alleged) that may give rise to a claim within the parameters explained herein, Cox has 14 days from the execution of this order to file a motion for leave to amend identifying the additional factual allegations that she believes supports such a claim. Cox is cautioned that the motion must comply with Local Rule 15-1 which provides, among other things, that a party filing a motion for leave to amend a claim "shall attach the proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the" prior version. L.R 15-1(a). Cox must carry forward into the new draft counterclaim any information that she wants to continue to plead and that has not been dismissed with prejudice by this order; the Court cannot and will not simply refer back to a prior pleading for other information because an amended counterclaim supersedes all prior versions as if the prior versions never existed, and all allegations and claims not carried forward are deemed waived.[45]

### 4. Claim 4 - Attorney/Legal Malpractice and Negligence

For her third claim, Cox alleges that Randazza used privileged information he gained while acting as her attorney to harm her, paint her in a false light, sabotage her Ninth Circuit appeal, defame and discredit her, and cause her "massive and constant duress for 2 years and counting."[46] "In Nevada, legal malpractice is premised upon an attorney-client relationship, a duty owed to the client by the attorney, breach of that duty, and the breach as proximate cause of the client's damages."[47] However, even without an express contract, "[i]t is axiomatic that an attorney who undertakes representation of an individual owes duties to that individual, even if the individual never assented to the representation. Otherwise, an attorney could never face liability for unauthorized

---

[45] *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011).

[46] Doc. 164 at ¶ 60-66.

[47] *Semenza v. Nev. Med. Liability Ins. Co.*, 765 P.2d 184, 185 (Nev. 1988).

1    representation."[48]

2        Cox alleges that despite that fact that Marc Randazza "had no contract with Cox [and] had

3    not committed to representation," he attempted to negotiate a case on her behalf, discouraged other

4    attorneys from taking her case by representing that he was her attorney, and used information that he

5    obtained during her initial case consultation against her after she declined his representation.[49]

6    Randazza argues that Cox's allegations that there was no assent to representation dooms Cox's claim

7    because there is no attorney-client relationship upon which to base a malpractice claim.  This

8    argument ignores the allegations that Randazza actually represented Cox in various ways and did so

9    without her authorization.  Taking the allegations in Cox's counterclaim as true, even absent an

10   express contract, Randazza's actions could subject him to liability for unauthorized legal

11   representation.  Moreover, Cox's allegation that Randazza used attorney-client-privileged

12   information obtained during an initial-case consultation to harm Cox's reputation is sufficient to

13   state a legal malpractice claim.  Randazza's request to dismiss Cox's fourth claim for legal

14   malpractice is denied.

15              **5.    Claim 5 - Tortious Interference with Business Advantage**

16       To state a valid claim for tortious interference with business relations, a plaintiff must show:

17   (1) a valid contract existed between the plaintiff and a third party; (2) the defendant knew of the

18   contract, (3) the defendant committed intentional acts intended or designed to disrupt the contractual

19   relationship; (4) an actual disruption of the contract; and (5) the plaintiff sustained damages as a

20   result.[50]  Cox alleges that "Randazza has deliberately, directly and maliciously interfered with Cox

21   getting clients, keeping clients, doing business as Randazza has called, emailed, and contacted

22   individuals in various ways as well as has painted Cox out to be a felony extortionist in big and small

23   _____

24       [48]  *NNN Siena Office Park I 2, LLC v. Wachovia Bank Nat. Ass'n*, No:
     2:12–cv–01524–MMD–PAL, 2013 WL 5970719, *3 (D. Nev. Nov. 8, 2013).

25       [49]  Doc. 164.

26       [50]  *J.J. Indus., LLC v. Bennett*, 71 P.3d 1264, 1267 (Nev. 2003) (citing *Sutherland v. Gross*, 772
27   P.2d 1287, 1290 (Nev. 1989)); *see also Hilton Hotels Corp., Butch Lewis Productions, Inc.*, 862 P.2d
     1207, 1210 (Nev. 1993) .

28                                Page 11 of 17

media internationally and in sworn court documents."[51]  These allegations fall short of stating a

cognizable tortious interference claim because Cox has not identified any valid, existing contract

between herself and any third party, if or how Marc Randazza knew about that valid existing

contract, how Marc Randazza's calls and emails were intended or designed to disrupt that contract of

which he had knowledge, how that contractual relationship was disrupted, or the nature of Cox's

personal and professional injury.  Without these factual predicates, Cox has failed to state "enough

facts to raise a reasonable expectation that discovery will reveal evidence" of the allegations

charged.[52]  Cox's claim for tortious interference with business advantage is dismissed without

prejudice.  If Cox has additional facts that satisfy these missing elements, she may include those

facts and a re-drafted version of this tortious interference claim in her motion for leave to amend and

proposed amended counterclaim.

### 6.    Claim 6 - Civil Conspiracy

Cox's sixth claim contains a formulaic recitation of elements insufficient to state a claim for

civil conspiracy.  However, based on the factual allegations pled other places in Cox's counterclaim,

it is apparent that her sixth claim is a permissive, rather than compulsory, counterclaim.  This claim

does not arise out of the same transaction or occurrence as those giving rise to Randazza's

complaint; rather it relates to Randazza's interactions with "many lawyers, law firms, WIPO, Forbes,

NPR, and other large and small media."[53]

The Court declines to allow this claim to proceed in this litigation for two reasons: (1)

allowing this claim would expand the scope of this straightforward cybersquatting litigation to

encompass every disagreement Cox has with Randazza.  Based on the course of the litigation thus

far, it is readily apparent that there is no limit to the bad blood between these parties, and judicial

economy demands this claim be tried separately; and (2) this claim is for conspiracy and necessarily

---

[51] Doc. 164, ¶ 68.

[52] *Cafasso*, 637 F.3d at 1055 (quoting *Twombly*, 550 U.S. at 556).

[53] Doc. 164, at ¶ 73.

implicates non-parties because "[a] civil conspiracy claim operates to extend, beyond the active wrongdoer, liability in tort to actors who have merely assisted, encouraged or planned the wrongdoer's acts."[54]  Based on the factual determinations that would need to be made to impose liability on Randazza for this claim, those same findings may have collateral effect on the non-parties at some later date.  That means those non-parties are likely necessary parties under Federal Rule of Civil Procedure 19.  To allow Cox to litigate this claim in this lawsuit may require those parties' presence in this lawsuit.  Thus, allowing this claim to proceed would allow an end-run around Federal Rule of Civil Procedure 14's prohibition against impermissible third-party complaints and defeat the rules of procedure this Court is bound to follow.  Thus, the Court dismisses this conspiracy claim without prejudice to Cox's ability to plead and litigate such a claim in a separate lawsuit.

### 7.    Claim 7 - Violation of First Amendment Rights

As her seventh cause of action, Cox alleges that Randazza violated her First Amendment Rights by obtaining a temporary restraining order against her in the course of this lawsuit.  She asks in her counterclaim for the court "to apply any and all causes of action deemed appropriate and lawful" on her behalf that she may have left out of her pleading.[55]

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes, such as First Amendment protections.[56]  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"[57]  To state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that

---

[54] *Flowers v. Carville*, 266 F. Supp. 2d 1245, 1249 (D. Nev. 2003) (quoting 16 Am.Jur. 2D Conspiracy § 57 (1998)).

[55] Doc. 164 at pp. 20-21.

[56] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[57] *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

Page 13 of 17

1   the alleged deprivation was committed by a person acting under color of law."[58]  Section 1983 is not

2   implicated by "merely private conduct, no matter how discriminatory or wrongful."[59]  Simply put,

3   private individuals—like Randazza—cannot be held liable for violating someone's First Amendment

4   rights unless they were acting in joint participation with a state official.[60]

5       Cox has not alleged (and no facts even suggest) that Randazza was acting under color of law

6   in violating her First Amendment rights.  And as this is simply not the type of case that gives rise to

7   such a constitutional claim and the Court does not believe that Cox can cure this fatal defect with

8   amendment, Cox's seventh claim for First Amendment violation is dismissed with prejudice.

9   **II.    Motion to Strike**

10      Under Rule 12(f) a "court may strike from a pleading . . . any redundant, immaterial,

11  impertinent, or scandalous matter."  Matter is "immaterial" if it has no bearing on the controversy

12  before the court.[61]  Allegations are "impertinent" if they are not responsive to the issues that arise in

13  the action and that are admissible as evidence.[62]  The district court also has inherent authority to

14  strike improper filings "to regulate the conduct of attorneys who appear before it [and] to promulgate

15  and enforce rules for the management of litigation . . . ."[63]

16      Plaintiffs move to strike Cox's counterclaim in its entirety, arguing that it violates the Court's

17  order by naming the RLG as an unauthorized third-party defendant,[64] Cox's pro-se status is

18  _____

19      [58] *West v. Atkins*, 487 U.S. 42, 48–49 (1988).

20      [59] *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

21      [60] *See, e.g., Kuba v. Sea World, Inc.,* 428 Fed. Appx. 728, 731 (9th Cir. 2011) (citing *Franklin*
    *v. Fox*, 312 F.3d 423, 444–45 (9th Cir. 2002)); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826,
22  835 (9th Cir. 1999) (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 119 S.Ct. 977, 985,
    (1999))("§1983 excludes from its reach merely private conduct, no matter how discriminatory or
23  wrong.").

24      [61] *In re 2TheMart.com, Inc Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

25      [62] *Id.*

26      [63] *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (citations omitted).

27      [64] Doc. 180, at 2-5.

28                          Page 14 of 17

"overstated,"[65] and that striking Cox's counterclaim would result in "no possible prejudice" because she has "failed essentially the same complaint in eight other courts."[66]  Alternatively, without giving any explanation or legal justification for the request, Plaintiffs seek to strike just paragraph 25 of the counterclaim.[67]

Much of the relief sought by this motion has already been granted in the dismissal order above.  Cox's claims against the RLG have been dismissed rather than stricken, and claims 2, 3, 5, 6, and 7 have been dismissed with only claims 3 and 5 having even a possibility of revival by amendment.  The Court is unpersuaded by Randazza's argument that the rest of the claims should be stricken due to Cox's overstated *pro se* status.  Even if Cox has publicly proclaimed her own skill as a *pro se* litigant, Plaintiffs' assertions that "Cox knows the Court's rules" and that "Cox also knows the law" are belied by Cox's inexpert filings and conduct in this litigation.  And the unpublished Connecticut, New York, and Vermont district court cases[68] that Plaintiffs offer in support of their argument ignores binding Supreme Court and Ninth Circuit precedent that requires this Court to construe Cox's pleadings liberally.  Plaintiffs have offered no reason whatsoever to drive this Court to the conclusion that "this case is not the proper vehicle for adjudicating Cox's compulsory and permissive counterclaims,"[69] so it declines to strike Cox's remaining claims on such grounds.  Finally, Plaintiffs request to strike paragraph 25 is denied because Plaintiffs have failed to identify what is redundant, immaterial, impertinent, or scandalous about that paragraph such that it should be stricken.  In sum, the motion to strike is denied in its entirety.

---

[65] *Id.* at 5.

[66] *Id.* at 6.

[67] *Id.* at 7.

[68] *Id.* at 5.

[69] *Id.* at 3.

**Conclusion**

Accordingly, based on the foregoing reasons and with good cause appearing,

It is HEREBY ORDERED that Plaintiff's Motion to Dismiss **[Doc. 179] is GRANTED in part and DENIED in part** as follows:

- All claims against the RLG are dismissed;
- As to Plaintiff/Counterdefendant Marc Randazza:
  - Claim 1 is dismissed only to the extent that it is based on statements made by Randazza in furtherance of or in the course of litigation;
  - Claim 2 is dismissed with prejudice;
  - Claim 3 is dismissed without prejudice;
  - Claim 4 is NOT dismissed;
  - Claim 5 is dismissed without prejudice;
  - Claim 6 is dismissed without prejudice to its reassertion in a separate lawsuit, but it cannot be reasserted in this action;
  - Claim 7 is dismissed with prejudice.
- If Cox believes that she has additional facts and events (not previously alleged) that may give rise to a claim for abuse of process or tortious interference with business relations, curing the defects identified in this order, Cox has 14 days from the execution of this order to file a motion for leave to amend her counterclaim identifying the additional factual allegations that she believes supports such claims. Cox is cautioned that the motion must comply with Local Rule 15-1 which provides, among other things, that a party filing a motion for leave to amend a claim "shall attach the proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the" prior version. L.R 15-1(a). Cox must carry forward into the new draft counterclaim any information that she wants to continue to plead and that has not been dismissed with prejudice by this order; the Court cannot

Page 16 of 17

and will not simply refer back to a prior pleading for other information because an amended counterclaim supersedes all prior versions as if the prior versions never existed, and all allegations and claims not carried forward are deemed waived.[70] Cox must delete from the new version that she attaches to the motion for leave to amend any claims or portions of claims that have been dismissed with prejudice by this order or that have been dismissed without the opportunity to ask for leave to amend them in this case.

It is FURTHER ORDERED that Plaintiff's Motion to Strike **[Doc. 180] is DENIED**.

Dated: May 21, 2014.

_____
Jennifer A. Dorsey
United States District Judge

---

[70] *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011).

Page 17 of 17

# EXHIBIT 4

1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF NEVADA**

8

9    MARC J. RANDAZZA, an individual,
     JENNIFER RANDAZZA, an individual, and
10   NATALIA RANDAZZA, an individual,          Case No.: 2:12-cv-2040-JAD-PAL

11                    Plaintiffs,

12             v.                              **Order Denying Defendant's Motion to**
                                              **Amend/Correct Complaint**
13   CRYSTAL COX, an individual, et al.              **[Doc. 209]**

14                    Defendants.

15

16          This case arises out of the alleged targeting of Plaintiffs Marc Randazza, his wife Jennifer,

17   and their young daughter Natalia by Defendant Crystal Cox, a self-proclaimed "investigative

18   blogger."  After this Court granted Cox's Motion for Reconsideration allowing Cox to file

19   permissible counterclaims against Plaintiff Marc Randazza only,[1] Cox filed an amended "Counter

20   Complaint" against Plaintiff Marc Randazza and Randazza Legal Group.[2]  On Plaintiffs' motion,[3]

21   the Court dismissed with prejudice Cox's harassment and First Amendment violation claims,[4] let

22   Cox's defamation and legal malpractice claims stand, and gave Cox 14 days to file a motion for

23   ───────────────

24          [1] Doc. 162.

25          [2] Doc. 164.

26          [3] Doc. 179.

27          [4] Doc. 208.

28                                  Page 1 of 5

leave to amend to assert "additional facts and events (not previously alleged)" to cure the deficiencies in her claims for tortious interference and abuse of process.[5]

Cox timely filed a Motion to Amend/Correct Complaint that complies with Local Rule 15-1.[6] In the proposed amended complaint, she carries forward her defamation and legal malpractice claims but attempts to add supplemental facts to those claims; she then attempts to reallage her abuse of process claim with new and additional facts but abandons her tortious interference claim.[7] The Court finds this motion appropriate for disposition without oral argument under Local Rule 78-2 and denies Cox's motion to amend because her effort again exceeds the scope of the Court's order by attempting to amend the defamation and legal malpractice claims, and the supplemental facts do not give rise to a viable claim for abuse of process.

## Discussion

After the time for amendment as a matter of course has expired, a party may amend its pleading only by leave of the court or by the adverse party's written consent.[8] The court has discretion to grant leave and should freely do so "when justice so requires."[9] "In exercising its discretion[,] . . . a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. . . . Thus, Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality."[10] "Generally, this determination should be performed with all inferences in favor of granting the motion."[11] Nonetheless, "leave to

---

[5] *Id.*

[6] Doc. 209.

[7] Doc. 210.

[8] Fed. R. Civ. P. 15(a)(2).

[9] *Id.*; *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

[10] *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (quotations removed).

[11] *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

1  amend is not to be granted automatically."[12] Courts may deny leave to amend if it will cause: (1)

2  undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the

3  party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile.[13]

4        A proposed amendment is futile if no set of facts can be proved under the amendment that

5  would constitute a valid claim or defense.[14] The standard of review is akin to that employed to

6  determine the sufficiency of a pleading challenged in a Rule 12(b)(6) motion to dismiss:[15] the court

7  must accept as true all well-pled factual allegations; however, legal conclusions are not entitled to

8  the assumption of truth.[16]

9        Cox's proposed amended counterclaim adds allegations relating to the defamation and legal

10 malpractice claims. The Court did not dismiss those claims or invite Cox to seek leave to amend

11 those claims. Therefore, any addition of those allegations was unauthorized. Moreover, Cox knew or

12 should have known the facts and theories she adds in the proposed amended counterclaim at the time

13 of her original filing.[17] Thus, amendment to include those allegations is denied based on undue delay.

14       Relatedly, Plaintiffs' opposition makes arguments to disallow Claim 1 for defamation and

15 Claim 4 for legal malpractice to go forward. Instead of attacking the sufficiency of the allegations in

16 the proposed amended complaint, Plaintiffs attack the proof, attaching numerous affidavits, emails,

17 WIPO administrative decisions, and website print outs to argue the merits of the defamation and

18

19

20     [12] *Jackson v. Bank of Haw.*, 902 F.2d 1385 1387 (9th Cir. 1990).

21     [13] *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

22     [14] *Farina v. Compuware Corp.*, 256 F.Supp.2d 1033, 1061 (9th Cir. 2003) (quoting *Miller v.*
23 *Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).

    [15] *Id.* (quoting *Miller*, 845 F.2d at 214).
24

    [16] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).
25

26     [17] *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (citing
*Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990))(holding "In evaluating undue delay, the
27 court also inquires 'whether the moving party knew or should have known the facts and theories raised
by the amendment in the original pleading.'")

28

legal malpractice claims.[18] This is procedurally improper. If the Court considered this evidence, it would *sua sponte* convert this opposition to a motion for leave to amend into a summary judgment motion[19] — one that the Court already denied, largely due to authentication issues.[20] The dispositive motion deadline has passed, and the Court will not permit Plaintiffs to use their opposition to Cox's motion for leave to amend as an opportunity to cure the authentication deficiencies in their summary-judgment papers and take a second bite at that dispositive-motion apple.[21]

The Court does find, however, that Cox has failed to allege additional facts and events (not previously alleged) that may give rise to a claim for abuse of process and denies her attempt to bolster that claim with the proposed amendment. The new allegations relating to abuse of process are that Randazza "issued subpoenas, sued Cox, emailed Cox, and attempted to get information from Cox,"[22] "abused his power of the court to get information" from various individuals,[23] "got subpoenas to get personal information of Diana Grandmason,"[24] "used this case in an abuse of process,"[25] called people to get Cox's personal information,[26] intimidated "private parties to give him Cox's 1099's,"[27] and hired "a Private Investigator to follow [Cox], and watch [her] every move."[28] Cox asserts that this was all unrelated to the trademark dispute and rather used to "set [Cox] up for a

---

[18] Doc. 210.

[19] Fed. R. Civ. P. 12(d).

[20] Doc. 200.

[21] Doc. 140.

[22] Doc. 209-1 at 21.

[23] *Id.*

[24] *Id.*

[25] *Id.* at 22.

[26] *Id.*

[27] *Id.* at 23.

[28] *Id.*

Page 4 of 5

crime." None of these allegations is new; each one has been previously alleged in one of Cox's many iterations[29] of her counterclaim.

As the Court has already held, the only publications that relate to "process" are the filing of court documents and issuance of subpoenas. The Court has already dismissed, with prejudice, this claim to the extent that is based on allegations that Randazza "contacted private parties, used confidential information, [or] used false instruments," because these allegations relate to the defamation and legal malpractice causes of action. Moreover, Plaintiffs are entitled to absolute privilege for the filing of court documents and issuance of subpoenas because "[a]ll the publications were made in this judicial proceeding, had some connection or logical relation to Randazza's allegations against Cox in this action, were made to achieve the Randazza's stated object of the litigation, and involved Randazza, as a litigant, and his attorney, as a participant authorized by law."[30] Thus, as Cox has failed to allege any new facts that may give rise to a claim for abuse of process, allowing this amendment is futile. Cox's abuse of process claim is now dismissed with prejudice due to her repeated inability to cure the deficiencies and because allowing further amendment at this point in these protracted proceedings would result in undue prejudice to Plaintiffs.

### Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Amend/Correct the Complaint [# 209] is DENIED. Cox's counterclaim for abuse of process is dismissed with prejudice; Cox is left with two counterclaims: (1) legal malpractice as pled in her Counter Complaint (Doc. 164), and (2) defamation as pled in her Counter Complaint and limited by the Court's May 21, 2014, Order (Doc. 208).

Dated: July 8, 2014.

_____
Jennifer A. Dorsey
United States District Judge

---

[29] Doc. 24, 46, 164,

[30] Doc. 208 at 9; *Umansky*, 84 Cal.Rptr. at 549.

Page 5 of 5